FILED
VANESSA L. ARMSTRONG, CLERK

MAR 07 2017

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

**CHEROSCO BREWER**

INDICTMENT

NO. 3:17-CR-37-DJH

18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(a)(2)
18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 924(d)
18 U.S.C. § 924(e)(1)
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 841(b)(1)(D)
21 U.S.C. § 853
28 U.S.C. § 2461

The Grand Jury charges:

## COUNT 1

On or about November 11, 2015, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **CHEROSCO BREWER**, being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is:

On or about January 25, 2007, **CHEROSCO BREWER**, was convicted in Jefferson County Circuit Court, Louisville, Kentucky, in Case Number 05-CR-0611, of trafficking in a controlled substance first degree (cocaine) and tampering with physical evidence;

On or about January 25, 2007, **CHEROSCO BREWER**, was convicted in Jefferson County Circuit Court, Louisville, Kentucky, in Case Number 04-CR-2823, of trafficking in a controlled substance first degree (cocaine);

On or about January 25, 2007, **CHEROSCO BREWER**, was convicted in Jefferson County Circuit Court, Louisville, Kentucky, in Case Number 04-CR-2267, of flagrant non-support;

On or about April 27, 2006, **CHEROSCO BREWER**, was convicted in Jefferson County Circuit Court, Louisville, Kentucky, in Case Number 04-CR-2141, of possession of a handgun by a convicted felon and tampering with physical evidence; and

On or about January 15, 1998, **CHEROSCO BREWER**, was convicted in Jefferson County Circuit Court, Louisville, Kentucky, in Case Number 97-CR-2549, of trafficking in a controlled substance, illegal possession of drug paraphernalia with a firearm, and receiving stolen property over $300,

did knowingly possess, in and affecting commerce, a firearm, that is, a Glock 22, .40 caliber semiautomatic pistol, bearing serial number HVP337, and ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e)(1).

The Grand Jury further charges:

### COUNT 2

On or about November 11, 2015, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **CHEROSCO BREWER**, knowingly and intentionally possessed with intent to distribute marijuana, a Schedule I controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

The Grand Jury further charges:

### COUNT 3

On or about November 11, 2015, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **CHEROSCO BREWER**, knowingly possessed a firearm, specifically, a Glock 22, .40 caliber semiautomatic pistol, bearing serial number HVP337, in furtherance of a drug trafficking crime, for which he may be prosecuted in a court of the United States, that is, possession of marijuana with the intent to distribute, as alleged in Count 2 of this indictment.

In violation of 18, United States Code, Section 924(c)(1)(A).

The Grand Jury further charges:

## COUNT 4

On or about November 12, 2015, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **CHEROSCO BREWER**, knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## NOTICE OF FORFEITURE

As a result of committing an offense in violation of Title 18, United States Code, Section 922(g)(1), as alleged in Count 1 of this Indictment, a felony punishable for more than one year, the defendant, **CHEROSCO BREWER**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, all firearms and ammunition involved in the commission of the offense, including, but not limited to: a Glock 22, .40 caliber semiautomatic pistol, bearing serial number HVP337, and .40 caliber ammunition with magazine.

Further, upon conviction of one or more of the controlled substance offenses alleged in Counts 2 and 4 of this Indictment, the defendant, **CHEROSCO BREWER**, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any

property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

A TRUE BILL.

FOREPERSON

*Laura Attall*
JOHN E. KUHN, JR.
UNITED STATES ATTORNEY

JEK:EGM

UNITED STATES OF AMERICA v. **CHEROSCO BREWER**

## PENALTIES

Count 1:  NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
          (with three prior qualifying convictions: NL 15 yrs./NM Life/$250,000/NM 5 yrs. Supervised Release)
Count 2:  NM 5 yrs./$250,000/both/NL 2 yrs. Supervised Release
          (with prior qualifying conviction: NM 10 yrs./$500,000/both/NL 4 yrs. Supervised Release)
Count 3:  NL 5 yrs./NM Life/$250,000/both/NM 5 yrs. Supervised Release
Count 4:  NM 20 yrs./$1,000,000/both/NM 3 yrs. Supervised Release
          (with prior qualifying conviction: NM 30 yrs./$2,000,000/both/NM 6 yrs. Supervised Release)
Forfeiture

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

    Misdemeanor:    $ 25 per count/individual    Felony:    $100 per count/individual
                              $125 per count/other                                 $400 per count/other

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

    1.    **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

          <u>For offenses occurring after December 12, 1987:</u>

          No **INTEREST** will accrue on fines under $2,500.00.

          **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

          **PENALTIES** of:

          10% of fine balance if payment more than 30 days late.

          15% of fine balance if payment more than 90 days late.

    2.    Recordation of a **LIEN** shall have the same force and effect as a tax lien.

    3.    Continuous **GARNISHMENT** may apply until your fine is paid.

    18 U.S.C. §§ 3612, 3613

          If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

LOUISVILLE:
Clerk, U.S. District Court
106 Gene Snyder U.S. Courthouse
601 West Broadway
Louisville, KY 40202
502/625-3500

BOWLING GREEN:
Clerk, U.S. District Court
120 Federal Building
241 East Main Street
Bowling Green, KY 42101
270/393-2500

OWENSBORO:
Clerk, U.S. District Court
126 Federal Building
423 Frederica
Owensboro, KY 42301
270/689-4400

PADUCAH:
Clerk, U.S. District Court
127 Federal Building
501 Broadway
Paducah, KY 42001
270/415-6400

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No. _____

# UNITED STATES DISTRICT COURT
Western District of Kentucky
Louisville Division

THE UNITED STATES OF AMERICA

vs.

CHEROSCO BREWER

## INDICTMENT

**Title 18 U.S.C. §§ 922(g)(1); 924(a)(2); 924(e)(1); 924(c)(1)(A)**
**Title 21 U.S.C. §§ 841(a)(1); 841(b)(1)(D); 841(b)(1)(C):**
**Felon in Possession of a Firearm and Ammunition; Possession with Intent to Distribute Marijuana and Cocaine; Possession of a Firearm in Furtherance of a Drug Trafficking Crime.**

A

_____ *oreperson*

*Filed in open court this 7th day, of March, 2017.*

_____ *Clerk*

*Bail, $*



**FILED**
VANESSA L. ARMSTRONG, CLERK

MAR - 7 2017

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY