UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                      Plaintiff,

v.                                  Criminal Action No. 3:17-cr-37-DJH

CHEROSCO BREWER,                                           Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant Cherosco Brewer is charged with various drug-trafficking and firearm offenses arising out of traffic stops on November 11 and 12, 2015, during which drugs and a gun were found in rental cars Brewer was driving. (*See* Docket No. 1) The United States has filed a motion in limine to allow use of Brewer's prior felony convictions for impeachment purposes if Brewer testifies at his impending trial. (D.N. 62) The government also seeks to introduce evidence of Brewer's prior convictions under Federal Rule of Evidence 404(b). (D.N. 67) Brewer maintains that such evidence should be excluded. (D.N. 65; D.N. 69) For the reasons discussed below, the Court will grant the motion to permit use of Brewer's prior felony convictions for impeachment but deny the motion to admit evidence regarding those convictions under Rule 404(b).[1]

**I.**     **Motion in Limine to Permit Use of Brewer's Prior Felony Convictions for Impeachment**

The United States seeks to use Brewer's prior convictions for impeachment pursuant to Rule 609(a), which requires admission of evidence of a testifying defendant's prior felony conviction to attack his "character for truthfulness" provided that "the probative value of the

---

[1] In a third motion, the government seeks to preclude Brewer from offering evidence or argument concerning any punishment he might face if convicted. (D.N. 63) That motion is unopposed and will be granted. (*See* D.N. 64)

1

evidence outweighs its prejudicial effect to th[e] defendant." Fed. R. Evid. 609(a). Brewer does not oppose the government's motion to the extent the United States "merely intends to ask [him] if he has ever been convicted of a felony and will not go into the nature of the felonies." (D.N. 65, PageID # 502) He "strongly objects," however, "[i]f the Government intends to go through each and every one of the indictments [and] identify the offenses for which he was convicted." (*Id.*)

In the Sixth Circuit, "impeachment under Rule 609 is generally limited to the fact of conviction and should not include the details and circumstances surrounding the conviction" unless the defendant's testimony "opens the door" to such evidence. *United States v. Villanueva*, 249 F. App'x 413, 418 (6th Cir. 2007) (citing *United States v. Bender*, 265 F.3d 464, 470-71 (6th Cir. 2001); *United States v. Turner*, 995 F.2d 1357, 1363-64 (6th Cir. 1993)). In light of this rule and Brewer's willingness to admit to the fact of his prior felony convictions, the Court will grant the government's motion in limine.

## II. Motion to Admit Evidence of Other Acts Under Rule 404(b)

Rule 404(b) permits admission of evidence concerning a defendant's "crime, wrong, or other act" to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). The United States contends that Brewer's prior drug-trafficking convictions are admissible to prove his intent to distribute cocaine and marijuana (D.N. 67, PageID # 521), as well as his knowledge and absence of mistake.[2] (*Id.*, PageID # 523) It notes that the nature and circumstances of those earlier offenses were similar to the facts presented here and that although "several years lapsed between the prior acts and the

---

[2] The government seeks to introduce the following evidence pertaining to Brewer's prior drug-trafficking convictions: "(1) certified copies of the judgments; (2) certified copies of the plea agreements (where applicable); and (3) certified copies of the arrest citations (where applicable)." (D.N. 67, PageID # 522)

2

charged conduct, [Brewer] spent much of that time either in custody or on supervision." (*Id.*, PageID # 525) Brewer strenuously opposes the government's 404(b) notice, arguing that his prior drug-trafficking convictions "occurred under circumstances substantially different than the offenses set forth in the [current] Indictment" and are "simply to[o] old to b[ear] any relevance to the offenses" now charged. (D.N. 69, PageID # 552)

The Sixth Circuit has adopted a three-step test for courts deciding whether to admit evidence under Rule 404(b):

> First, the trial court must make a preliminary determination as to whether sufficient evidence exists that the prior act occurred. Second, the district court must make a determination as to whether the "other act" is admissible for a proper purpose under Rule 404(b). Third, the district court must determine whether the "other acts" evidence is more prejudicial than probative under Rule 403.

*United States v. Rios*, 830 F.3d 403, 426 (6th Cir. 2016) (quoting *United States v. Mack*, 258 F.3d 548, 553 (6th Cir. 2001)). There is no dispute that Brewer committed the offenses in question; indeed, as noted above, he admits his prior felony convictions. (*See* D.N. 65, PageID # 502) In addition, the United States has provided documentation of those convictions. (D.N. 67-1) Thus, only the second and third prongs of the test are at issue here. *See Rios*, 830 F.3d at 426.

### A. Purpose of Evidence

To determine whether the proper-purpose prong is met, the Court asks whether "(1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered." *United States v. Freeman*, 412 F. App'x 735, 744 (6th Cir. 2010) (quoting *United States v. Haywood*, 280 F.3d 715, 720 (6th Cir. 2002)). Here, the evidence is offered to prove intent, knowledge, and absence of mistake—all admissible purposes under Rule 404(b). *See* Fed. R. Evid. 404(b)(2). And Brewer's intent (or absence of mistake) is "in issue," as the drug-

3

trafficking offenses alleged in this case require specific intent. *See* Sixth Circuit Pattern Jury Instruction 14.01 (requiring proof beyond a reasonable doubt that the defendant (1) knowingly or intentionally possessed a controlled substance and (2) intended to distribute the substance). Likewise, Brewer's anticipated defense that he was unaware of the drugs in the vehicles puts his knowledge in issue.[3] *See Johnson*, 27 F.3d at 1194 ("Knowledge is a 'material issue' when the defendant claims he was unaware that he was committing a criminal act." (citation omitted)). Thus, Brewer's convictions satisfy the second prong of the Rule 404(b) analysis if they are probative of his intent, knowledge, or absence of mistake. *See Freeman*, 412 F. App'x at 744.

Other-acts evidence is probative of a defendant's intent if it "relates to conduct that is substantially similar and reasonably near in time to the specific intent offense at issue."[4] *Freeman*, 412 F. App'x at 745 (quoting *Haywood*, 280 F.3d at 721). Though Brewer asserts that the circumstances of his earlier drug-trafficking convictions were "substantially different" than those presented here, he offers nothing to support this assertion. (D.N. 69, PageID # 552; *see id.*, PageID # 551-52) By contrast, the United States points out—and offers proof—that "[a]ll of the prior acts involve[d] either marijuana or cocaine, as in the present case"; that "[i]n three of the [f]our prior instances of trafficking, [Brewer] was found to be trafficking or possessing with the

---

[3] Brewer does not dispute the government's assertion that his "intent or knowledge is likely to be a central, contested issue in this case." (D.N. 67, PageID # 526; *see* D.N. 69)

[4] Intent, knowledge, and absence of mistake may be analyzed together given the specific-intent requirements of the drug-trafficking charges and Brewer's expected defense. *See United States v. Fraser*, 448 F.3d 833, 842 (6th Cir. 2006) ("When a defendant argues that he was an innocent participant in a scheme, there can be little difference among putting his intent, plan, preparation, knowledge, or absence of mistake at issue." (citing *United States v. Conway*, 73 F.3d 975, 981 (10th Cir. 1995); *United States v. Rank*, 805 F.2d 1037, 1986 U.S. App. LEXIS 32279, at *9 n.5 (6th Cir. Oct. 14, 1986)); *see also United States v. English*, 785 F.3d 1052, 1055-56 (6th Cir. 2015) (finding no abuse of discretion in trial court's admission of other-acts evidence because "[e]vidence that [the defendant] had been involved in prior Medicare fraud schemes—and thus was aware of how such schemes operated—showed that he had knowingly and willfully defrauded Medicare and had not done so by mistake").

intent to distribute out of his vehicle"; and that "in several of the prior instances, [Brewer] was found to have a large amount of cash on his person and multiple phones." (D.N. 67, PageID # 525; *see* D.N. 67-1) The Court therefore finds that Brewer's prior drug-trafficking offenses were "substantially similar" to the ones presently at issue. *See Freeman*, 412 F. App'x at 745.

Brewer's prior offenses are also "reasonably near in time" to the drug-trafficking offenses charged in this case. While Brewer's prior drug-trafficking offenses are up to eighteen years old, the documents submitted by the United States show that he was likely incarcerated for much of that period. For example, Brewer was sentenced on January 24, 2007, to eleven years of imprisonment. (D.N. 67-1, PageID # 531-32; *see also id.*, PageID # 539-40 (imposing total sentence of 16 years and 6 months of imprisonment on January 14, 1998)) "There is no absolute maximum number of years that may separate a prior act and the offense charged," *United States v. Ismail*, 756 F.2d 1253, 1260 (6th Cir. 1985) (citations omitted), and the fact that Brewer was incarcerated (and thus prevented from committing further offenses) in the interim renders the eleven-to-eighteen-year gap largely insignificant. *See United States v. Finnell*, 276 F. App'x 450, 455 (6th Cir. 2008) (finding no abuse of discretion in trial court's conclusion that probative value of prior conviction outweighed prejudicial effect where "although slightly more than seven years separate[d] the 'other act' evidence from the date of the alleged instant offense, Defendant was imprisoned on separate state offenses for the majority of that time"); *United States v. Westine*, No. 14-10-GFVT, 2015 U.S. Dist. LEXIS 74, at *15 (E.D. Ky. Jan. 20, 2015) (finding that although "many years ha[d] passed since [the defendant's] last conviction," prior conviction was probative because defendant "was incarcerated for nearly the entire period between his past conviction and committing his most recent fraud"); *United States v. Johnson*, No. 1:11CR1, 2011 U.S. Dist. LEXIS 131856, at *13-*14 (N.D. Ohio Nov. 15, 2011) (finding, "upon consideration

5

of defendant's incarceration during much of the time between the 1994 robberies and the 2008 robbery," that "the time that ha[d] elapsed d[id] not eliminate the former's value as evidence" under Rule 404(b) (citing *Finnell*, 276 F. App'x at 455)); *see also United States v. Love*, 254 F. App'x 511, 517 (6th Cir. 2007) (noting with approval that "other courts have found no error in the admission of prior bad acts ranging from eight years old to eighteen years old (citing, *inter alia*, *United States v. Hernandez-Guevara*, 162 F.3d 863, 872 (5th Cir. 1998)). In sum, the Court finds that the other-acts evidence is offered for a proper purpose. *See Freeman*, 412 F. App'x at 744.

### B. Rule 403

Finally, the Court must conduct a Rule 403 analysis, weighing the probative value of the other-acts evidence against the danger of unfair prejudice it presents. *See Rios*, 830 F.3d at 426. As part of this analysis, the Court must consider the "availability of other means of proof." *United States v. Willoughby*, 742 F.3d 229, 238 (6th Cir. 2014) (quoting *United States v. Jenkins*, 593 F.3d 480, 485-86 (6th Cir. 2010)). The Sixth Circuit has observed that "[i]n prosecuting specific intent crimes [such as possession of drugs with intent to distribute], prior acts evidence may often be the only method of proving intent." *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994) (citing *United States v. Ring*, 513 F.2d 1001, 1007-08 (6th Cir. 1975)). Here, however, there is ample evidence indicating that Brewer intended to distribute the drugs. First, the cocaine and marijuana found in Brewer's rental vehicles were packaged for sale. (*See* D.N. 67, PageID # 521) In addition, Brewer had large amounts of cash and several cell phones in his possession—both indicia of drug-trafficking. *See United States v. Taylor*, 471 F. App'x 499, 516 (6th Cir. 2012) (citations omitted) (noting that "[p]ossession of a large amount of cash is an indication of illegal drug distribution" and that possession of multiple cell phones "is also a

telltale sign of drug dealing"). Officers involved in the stops testified that Brewer's heavily tinted windows, his reluctance to roll the window down, and the towel he had placed over the dash lights all suggested that he was attempting to conceal something—presumably something illegal. (*See* D.N. 43, PageID # 175-77, 223-24, 228, 244; D.N. 47, PageID # 306-07, 326) And the fact that Brewer was traveling with carefully concealed drugs and indicia of drug-trafficking on two consecutive nights tends to establish knowledge and absence of mistake. In light of these various alternative means of proof, the probative value of Brewer's prior drug-trafficking convictions is low. *Cf. Freeman*, 412 F. App'x at 746 (finding probative value of defendant's prior conviction to be minimal where "the sheer volume and street value of the drugs [at issue] suggest[ed] that whoever possessed them intended to distribute them" (citing *United States v. Bell*, 516 F.3d 432, 446 (6th Cir. 2008)).

On the other hand, "[w]hen jurors hear that a defendant has on earlier occasions committed essentially the same crime as that for which he is on trial, the information unquestionably has a powerful and prejudicial impact." *Johnson*, 27 F.3d at 1193. Under the circumstances presented here, a limiting instruction would not be enough to counteract such significant prejudice. *See Freeman*, 412 F. App'x at 746 (explaining that limiting instruction "was not a sure-fire panacea for the prejudice resulting from the needless admission of" 404(b) evidence whose probative value was substantially outweighed by its prejudicial impact (quoting *Haywood*, 280 F.3d at 724)). The Court therefore finds that Rule 403 requires exclusion of Brewer's prior drug-trafficking convictions. *See id.* at 747.

### III. Conclusion

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The motion in limine to permit use of Brewer's prior felony convictions if he testifies (D.N. 62) is **GRANTED**.

(2) The unopposed motion in limine to preclude evidence or argument concerning punishment (D.N. 63) is **GRANTED**.

(3) The motion to admit Rule 404(b) evidence (D.N. 67) is **DENIED**.

February 7, 2018

**David J. Hale, Judge**
**United States District Court**