IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal Action No.: 3:17-cr-37-DJH |
| | ) | |
| CHEROSCO BREWER, | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS INDICTMENT

*Electronically Filed*

The Defendant, Cherosco Brewer, by his attorney, David S. Mejia, moves for an Order of this Court, pursuant to Rule 12(b)(3)(A)(iv) and the Due Process Clause of the Fifth Amendment; *United States v. Robison*, 644 F. 2d 1270, 1272-73 (9th Cir. 1982) (citing, among other authorities, *Black Ledge v. Perry*, 417 U.S. 21, 94 S. Ct. 2098, 40 L. Ed. 2d 628 (1974)), dismissing the indictment on the basis of selective or vindictive prosecution, due to the Defendant having exercised his rights under the Fourteenth, Sixth, Fifth, and Fourth Amendments as well as the Civil Rights Act, 42 U.S.C.A. 1983. In support, the following is said:

1.      Cherosco Brewer is presently charged in this Court with being a convicted felon in possession of a firearm; possessing marijuana and cocaine with intent to distribute them; and possessing the same firearm in furtherance of a drug-trafficking offense arising out of two successive traffic stops and subsequent arrests of the Defendant by officers of the Louisville Police Department on November 11, 2015 and November 12, 2015 [Doc. 1].

2.      Prior to the above dates, and after, Louisville Metro Police Department officers engaged in an illegal pattern of traffic stops of Defendant's vehicle, as he was lawfully driving in Louisville, Kentucky. On the following times, places, and dates he was singled-out by Louisville

police due to his race as an African-American, and as such a member of a "Protected Class" (*Vaughn v. Watkins Motor Lines Inc.,* 291 F.3d 900 2002 U.S. App. LEXIS 10177 (6th Cir. 2002)) as follows:

3-1.    On November 4, 2015, at 12:40AM he was stopped, and he and his vehicle were searched for "**excessive window tint**," and on allegations of "no seatbelt and no signal" (Citation N. 253580) (*Commonwealth v. Brewer* 15T562260);

3-2.    On November 11, 2015, at 10:13PM he was stopped, and he and his vehicle were searched for "**excessive window tint**," and on allegations of possession of marijuana and a handgun (Citation N.351099) (*Commonwealth v. Brewer* 15F011948);

3-3.    On November 12, 2015, at 11:56PM he was stopped, and he and his vehicle were searched for "**excessive window tint**," and on allegations of possession of a controlled substance (Citation N.259000) (*Commonwealth v. Brewer* 15F12023);

3-4.    On November 24, 2015, at 2:30AM he was stopped, and he and his vehicle were searched for "**excessive window tint**," (Citation N.359409) (*Commonwealth v. Brewer* 15T59196);

3-5.    On April 21, 2016, at 12:27AM he was stopped, and he and his vehicle were searched for "**excessive window tint**," and no turn signal (Citation N.455144) (*Commonwealth v. Brewer* 16T19043);

3-6.    On June 18, 2016, at 2:32AM he was stopped, and he and his vehicle were searched for "**no seatbelt and no turn signal**" (Citation CC25475) (*Commonwealth v. Brewer* 16T26856).

4.    Exercising his rights as a motorist and citizen, on November 9, 2015, Cherosco Brewer filed a Video System Request with the Louisville Metro Police Department seeking the police-video recording of the November 4, 2015 traffic stop (Paragraph 3-1 above), alleging it was

unreasonable and that he was taken from his vehicle, and searched, without cause or proper legal authority. (**Attachment A**).

5.        On January 5, 2016, Cherosco Brewer was indicted in the Jefferson Circuit Court, Criminal Division (*Commonwealth of Kentucky v. Cherosco L. Brewer*, 16-CR-0008) wherein he was charged in connection with the above November 11 and 12, 2015 traffic stops for excessive tinted windows (Paragraphs 3-2 and 3-3). That state court indictment is summarized, listed chronologically by date and Count Number, below:

Mr. Brewer was alleged to have committed the following offenses,
carrying the following punishments, on November 11, 2015:

- Count 2- Possession of a Handgun by a Convicted Felon (KRS 527.040)
  - Class C Felony, **5-10 years**, Fine of $1000-$10,000 (or double the defendant's gain, whichever is more)
- Count 3- Trafficking in Marijuana, Schedule I Hallucinogen >8ounces, while in possession of a firearm (KRS 218A.1421, KRS 218A.992)
  - Class D Felony, 1-5 years,  Fine of $1000-$10,000 (or double the defendant's gain, whichever is more)
- Count 5- Operating a Motor Vehicle With Excessive Window Tint (KRS 189.110(2)
  - Fine of $20-$100
- Count 7- Illegal Possession of a Controlled Substance, 3rd Degree (KRS 218A.1417)
  - Class A Misdemeanor, 12 Months OR
  - Fine of $500

Mr. Brewer was alleged to have committed the following offenses,
carrying the following punishments on November 12, 2015:

- Count 1- Trafficking in a Controlled Substance, Schedule II, Cocaine>4 grams, 1st Degree (KRS 218A.1412)
  - Class B Felony, **10-20 years**
  - Fine of $1000-$10,000 (or double the defendant's gain, whichever is more)
- Count 4- Illegal Possession of a Controlled Substance, Schedule I, Heroine, 1st Degree (KRS 218A.1415)
  - Class D Felony, 1-3 years
  - Fine of $1000-$10,000 (or double the defendant's gain, whichever is more)
- Count 6- Operating a Motor Vehicle With Excessive Window Tint (KRS 189.110(2)
  - Fine of $20-$100

6.        Exercising his rights as an American citizen, On January 7, 2016, Cherosco Brewer,

an African American male, filed a federal civil rights action in the United States District Court, Western District of Kentucky against the Louisville police officers, individually, who illegally stopped, arrested, and searched him and his vehicle (Paragraph 3-1 through 3-6). He alleged repeated violations of his civil rights as an American citizen under 42 U.S.C.A. 1983 as well as under the Fourteenth and Fourth Amendments of the United States Constitution (*Cherosco L. Brewer v. Holland*, et al (3:16-CV-14-CRS, Doc. 1, pageID#8-17).

7.       "To punish a person because he has done what the law plainly allows him to do is a Due Process violation 'of the most basic sort'" *United States v. Saltzman*, 537 F.3d 353, 359 (5th Cir. 2008) (quoting *United States v. Goodwin*, 457 U.S. 368, 372, 102 S. Ct. 2485, 73 L.Ed.2d 74 (1982)). It is thus axiomatic that the government deprives a citizen of Due Process in violation of the Fifth Amendment by charging him with a crime in retaliation for exercising a statutory, procedural or constitutional right. *United States v. Robison*, 644 F.2d 1270, 1272-73 (9th Cir. 1982) (citing *Blackledge v. Perry*, 417 U.S. 21, 94 S. Ct. 2098, 40 L.Ed.2d 628 (1974)).

8.       From November 4, 2015 to April 17, 2017 Cherosco Brewer exercised his Sixth Amendment right to counsel and Fifth Amendment right to Due Process of law, as well as his Sixth Amendment right to confrontation by pleading not-guilty to each and every one of the state charges arising out of his repeated arrests and illegal conduct by Louisville police officers (Paragraphs 3-1 through 3-6). To the present date, Cherosco Brewer enjoys the presumption of innocence to each and every allegation connected to those arrests and prosecutions, as he still awaits trial on those charges in the Jefferson County District Court.

9.       Since the filing of his 42 U.S.C.A. 1983 action in this court, against the individual Louisville police officers seeking relief from their illegality, as well as monetary damages, two Orders have issued from this federal court: first, on May 5, 2017, Judge Charles R. Simpson

granted Mr. Brewer's Motion that the Clerk of the Court issue Summonses to Defendants Louisville police officers, Holland, Steward, Casse, Adams, James, Hogan, and Beckett (Civil Action No. 3:16CV-14-CRS [Doc. 20]). Second, following the above Order, on January 26, 2017, Judge Charles R. Simpson issued a Memorandum Opinion and Order finding Cherosco Brewer's civil rights action sufficient in law to proceed against the individual Louisville police officers for violation of his Fourth and Fourteenth Amendment rights relating to the repeated traffic stops on November 4, 2015, November 11, 2015, November 12, 2015, and November 24, 2015. Thereupon, Judge Simpson further ordered, that each of the officers shall be served with Summonses to Answer to Cherosco Brewer's civil rights Complaint against them. (Civil Action No. 3:16CV-14-CRS [Doc. 13]).

10.    From the date of his 2015 and 2016 arrests, on the numerous, repeated Louisville police traffic stops, and the subsequent issuance of Citations and criminal prosecutions in the Jefferson County District Court and Jefferson County Circuit Court, Cherosco Brewer was at liberty on pre-trial release, as his cases were pending. In that same time period, he has pursued his civil rights action against the above-identified Louisville police officers.

11.    Because Cherosco Brewer defied the Louisville police officers who, by pleading not guilty and refusing to negotiate and settle his cases through plea agreements in state court, and further initiated and maintained his civil rights suit in this Court, in retaliation for his having exercised his rights the state criminal prosecution case was wrongly transferred to this court for federal prosecution. Such governmental conduct is both selective and vindictive.

12.    On April 17, 2017, Cherosco Brewer was arrested by federal officials following the return of an indictment in this courthouse on March 7, 2017, arising out of the self-same arrest by Louisville police officers on November 11 and 12, 2015.  A summary of this new indictment is

5

below:

Mr. Brewer was alleged to have committed the following offenses, carrying the following punishments, on November 11, 2015:

- Count 1- Felon in Possession of a Firearm and Ammunition, 18 USC Sec.922(g)(1)
  - NM 10 years/$250,000/both/NM 3 years, Supervised release
  - (with prior qualifying conviction) **NOT LESS THAN 15 years**/$250,000, NM Life/$250,000/NM 5 years, Supervised Release
- Count 2- Possession with Intent to Distribute Marijuana, 21 USC Sec. 841(a)(1) and 841(b)(1)(D)
  - NM 5 years/$250,000/both/NL 2 years, Supervised Release
  - (with prior qualifying conviction) NM 10 years/$500,000/both/NL 4 years, Supervised Release
- Count 3- Possession of Firearm in Furtherance of a Drug Trafficking Crime, 18 USC Sec. 924(c)(1)(A)
  - NL 5 years/NM Life/$250,000/both/NM 5 years, Supervised release
  - (with prior qualifying conviction) NM 10 years/$500,000/both/NL 4 years, Supervised Release

Mr. Brewer was alleged to have committed the following offenses, carrying the following punishments, on November 12, 2015:

- Count 4- Possession with Intent to Distribute Cocaine, 21 USC Sec. 841(a)(1) and 841(b)(1)(C)
  - NM 20 years/$1,000,000/both/NM 3 years, Supervised release
  - (with prior qualifying conviction) NM 30 years/$2,000,000/both/NM 6 years, Supervised Release [Doc. 1].

13.     The bringing of federally charges against Cherosco Brewer, nearly 18 months after his initial state arrest, carries three significantly cruel and harsh results: First, despite his being on bail pending state charges, enjoined his liberty, and exercising his constitutional rights, due to the federal indictment his state bail was effectively revoked; Second, from the date of his arrest upon the federal indictment, Cherosco Brewer has been detained awaiting trial as bail has been denied; Third, most significantly, while he faced a sentence of 5 to 20 years if convicted in state court, the indicted federal charges *for the identical acts,* carry a mandatory minimum sentence of 15 years to life.   Further, under the federal sentencing guidelines, Cherosco Brewer, if convicted, will be categorized a "Career Criminal Offender."

14.     Under the present circumstances, because Cherosco Brewer exercised his constitutional rights, and sued the police officers, he has been singled out for federal prosecution while others similarly situated and committing the same acts have not.  Such a discriminatory act on the part of the government, directly or through officers of the Louisville Metro Police Department, violate Cherosco Brewer's right to Due Process of law, warranting a dismissal of the indictment due to selective and vindictive prosecution.

CONCLUSION

Wherefore, upon the foregoing allegations, it is respectfully requested that a hearing be conducted on this motion and at its conclusion that this Court enter an order dismissing the indictment.

Respectfully submitted,


/s/ David S. Mejia
David S. Mejia


**CERTIFICATE OF FILING**

It is hereby certified that the foregoing was electronically filed with the Court on July 25, 2018; and served upon all counsel of record by ECF electronic filing system.

/s/ David S. Mejia
David S. Mejia
Attorney at Law
*Attorney for Cheroso Brewer*
624 West Main Street, Fourth Floor
Louisville, KY  40202
(502) 584-8991
david@dmejialaw.com

7