IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal Action No.: 3:17-cr-37-DJH |
| | ) | |
| CHEROSCO BREWER, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION *IN LIMINE***

*Electronically Filed*

The Defendant, Cherosco Brewer, by his attorney David S. Mejia, moves for an Order of this Court, pursuant to Federal Rules of Evidence (FRE) 701-703; Rule 16(a)(1)(G) of the Federal Rules of Criminal Practice and Procedure; *United States v Robinson*, 144 F.3d 104, 108 (1st Cir. 1998); *Griffin v. Spratt,* 969 F.2d 16, 18 (3rd Cir. 1992); and *United States v. Walters*, 904 F.2d 765, 770 (1st Cir. 1990), barring introduction into evidence at Defendant's trial, incompetent opinion testimony of any unqualified patrolman or unlearned police officer, or other lay witness(es) from giving opinion testimony. In support, the following is said:

1.   Cherosco Brewer is charged with in this Court with being a convicted felon in possession of a firearm; possessing marijuana and cocaine with the intent to distribute them and possessing the same firearm in furtherance of a drug-trafficking offense arising out of two successive traffic stops and subsequent arrests of the Defendant by officers of the Louisville Police Department on November 11, 2016 and November 12, 2015. [Doc. 1]

2.   On the foregoing days, Louisville Metro Police officers, following two routine traffic stops of the Defendant, searched a vehicle he occupied, and thereafter seized suspect controlled substances – marijuana and cocaine. From the above dates, to the present, the defense

is unaware of any scientific laboratory analysis of said substances. Anticipating the prosecution may offer the opinion or conclusion of a common police officer that said objects were actually controlled substances, has triggered this Motion.

3. Rule 701 (FRE) provides that a witness who is not an expert is limited in giving testimony by what is rationally based on his/her perception; helpful to understanding the witness's testimony or to determine a fact or issue; and not based on scientific, technical or other specialized knowledge. In tandem with the foregoing rule, FRE 702 provides that a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion if such scientific or factual knowledge will help the trier of fact understand such knowledge or determine a fact in issue; (b) the testimony is based on sufficient facts; (c) the testimony is the product of reliable principles and methods; (d) the expert has reliably applied the principles and methods to the facts of the case.

4. FRE 703, <u>Bases of an Expert Opinion</u>, provides that an expert may base an opinion in the case if he/she has been made aware of or personally observed such evidence. This Rule requires that such experts, when providing an opinion, do so upon facts that an expert in the field would reasonably rely. But if the facts or data are not normally relied upon by such testimony, opinion evidence is otherwise inadmissible.

5. In the present case, anticipating that the government may offer the testimony of a police officer, lacking experience, training, knowledge or expertise in identifying a suspected controlled substance (marijuana and/or cocaine) the defense, upon the above authority, moves to bar any such opinion testimony. To the present time, the defense has neither received Notice of Expert nor has the defense received Qualifications of an Expert.

DEFENDANT'S DEMAND FOR NOTICE

6. Contrary to Rule 16(a)(1)(G), the Government has not provided notification of any expert opinion it proposes to offer at trial, nor qualifications of any expert, nor basis of knowledge or underlying facts to support such opinion into evidence.

7. By this Motion *in Limine*, the Defendant demands identification and disclosure of such purported "Expert(s)" prior to trial. Further, the Defendant demands identification and disclosure of the qualifications, experience, training, and knowledge of such purported expert. Finally, the Defendant demands disclosure of the identifying facts, data, information or other bases for the purported experts' opinion that suspect controlled substances are in fact marijuana and cocaine.

WHEREFORE, prior to trial, and no later than commencement of trial, the defense moves for an Order barring such incompetent opinion evidence from being both offered and admitted in open court in the presence of the jury.

Respectfully submitted,

/s/ David S. Mejia
David S. Mejia

**CERTIFICATE OF FILING**

It is hereby certified that the foregoing Motion *in Limine* was electronically filed with the Court on August 6, 2018; and served upon all counsel of record by ECF electronic filing system.

/s/ David S. Mejia
David S. Mejia
Attorney at Law
*Attorney for Cheroso Brewer*
624 West Main Street, Fourth Floor
Louisville, KY  40202
(502) 584-8991
david@dmejialaw.com