UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,     Plaintiff,

v.     Criminal Action No. 3:17-cr-37-DJH

CHEROSCO BREWER,     Defendant.

\* \* \* \* \*

## ORDER

Defendant Cherosco Brewer has filed a motion in limine seeking exclusion of "incompetent opinion testimony of any unqualified patrolman or unlearned police officer[] or other lay witness(es)" concerning the identity of alleged controlled substances that were seized from him. (Docket No. 100, PageID # 678; *see id.*, PageID # 678-79) He further asserts that exclusion is warranted on the ground that the United States failed to give notice of any anticipated expert testimony. (*Id.*, PageID # 680) The latter argument is moot: the United States explains in response that it disclosed its expert witnesses to defense counsel by letter dated April 24, 2017 (D.N. 111-1), and again after Brewer filed his motion in limine. (D.N. 111, PageID # 731-32) According to the disclosure, "[t]he United States intends to offer expert testimony from chemist Tom Frisby[,] who examined the controlled substances obtained during the investigation," as well as from FBI Task Force Officer Kevin McKinney or another "qualified law enforcement officer regarding the trafficking of controlled substances." (D.N. 111-1, PageID # 735) The disclosure states that "[a]ll expert testimony will be based upon the training and experience of the witness as well as personal observations relating to this case." (*Id.*, PageID # 736) Also attached is McKinney's curriculum vitae, which shows that McKinney has extensive experience and training in drug-trafficking investigations. (D.N. 111-3)

Nothing in the government's disclosure suggests that the United States seeks to "offer the testimony of a police officer[] lacking experience, training, knowledge[,] or expertise in identifying a suspected controlled substance," as Brewer anticipates. (D.N. 100, PageID # 679) Moreover, it is well established that neither scientific evidence nor expert testimony is necessary to identify a controlled substance. *See United States v. Wright*, 16 F.3d 1429, 1439 (6th Cir. 1994); *United States v. Schrock*, 855 F.2d 327, 334 (6th Cir. 1988); *see also United States v. Swift*, 276 F. App'x 439, 442 (6th Cir. 2008) (citing *United States v. Sanapaw*, 366 F.3d 492, 496 (7th Cir. 2004); *United States v. Covington*, 133 F.3d 639, 644 (8th Cir. 1998); *Schrock*, 855 F.2d at 334). Brewer cites no authority to the contrary, nor does he present any other basis for exclusion.[1] Accordingly, and the Court being otherwise sufficiently advised, it is hereby

    **ORDERED** that Brewer's motion in limine (D.N. 100) is **DENIED**.

November 27, 2018

                                                        **David J. Hale, Judge**
                                                  **United States District Court**

---

[1] Indeed, the cases cited by Brewer undermine his motion. *See United States v. Robinson*, 144 F.3d 104, 108 (1st Cir. 1998) ("[P]roof based upon scientific analysis or expert testimony is not required to prove the illicit nature of a substance." (quoting *United States v. Valencia-Lucena*, 925 F.2d 506, 512 (1st Cir. 1991))); *Griffin v. Spratt*, 969 F.2d 16, 22 & n.2 (3d Cir. 1992) ("[N]on-scientific evidence indicating that certain substances were illegal drugs [] is sufficient to prove guilt beyond a reasonable doubt in a criminal trial." (citing *Schrock*, 855 F.2d at 334)); *United States v. Walters*, 904 F.2d 765, 770 (1st Cir. 1990) ("Proof based on scientific analysis or expert testimony is not required to prove the illicit nature of a substance, and identification of a substance as a drug may be based on the opinion of a knowledgeable lay person." (citing *United States v. Paiva*, 892 F.2d 148, 156-57 (1st Cir. 1989))).