# INSTRUCTION NO. 40

Members of the jury:

Normally, your service would be complete at this point. In this case, however, there is one more task for you to complete. Earlier, in Instruction 12, I directed you to ignore the fact that Count 1 was not at issue. For reasons that do not concern you and about which you should not speculate, Count 1 of the indictment was separated from Counts 2 through 4 for purposes of trial. However, now that you have reached a decision as to Counts 2 through 4, you must go on to consider Count 1.

Count 1 of the indictment charges the defendant with being a convicted felon in possession of a firearm. To prove that the defendant possessed a firearm as a convicted felon, the United States must prove beyond a reasonable doubt:

First, that he has been convicted of a crime punishable by imprisonment for more than one year.

Second, that following his conviction, he knowingly possessed the firearm specified in the indictment.

And third, that the specified firearm crossed a state line prior to the alleged possession.

# INSTRUCTION NO. 41

## Possession of a Firearm by a Convicted Felon

Count 1 of the indictment charges the defendant with being a convicted felon in possession of a firearm.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: That the defendant has been convicted of a crime punishable by imprisonment for more than one year. The government and the defendant have agreed that the defendant has previously been convicted of a crime punishable by imprisonment for more than one year. Therefore, you must accept that fact as proved.

Second: That the defendant, following his conviction, knowingly possessed the firearm specified in the indictment.

Third: That the specified firearm crossed a state line prior to the alleged possession. It is sufficient for this element to show that the firearm was manufactured in a state other than Kentucky. The government and the defendant have agreed that the Glock 22, .40 caliber, semi-automatic pistol, serial number HVP337, introduced as Government's Exhibit 4 did cross state lines prior to November 11, 2015, in that it was manufactured outside the Commonwealth of Kentucky. You must therefore accept that fact as proved.

Now I will give you more detailed instructions on some of these elements.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The government and the defendant have agreed that the Glock 22, .40 caliber, semi-automatic pistol, serial number HVP337,

introduced as Government's Exhibit 4 is a "firearm" for purposes of this element in that it expels a projectile by the action of an explosive. You must therefore accept this fact as proved.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

# INSTRUCTION NO. 42

In considering Count 1, please recall the evidence you have already seen and the instructions I gave you approximately _____ ago before you deliberated as to Counts 2, 3, and 4. Those prior instructions apply to Count 1 as well. Because I just read them to you, it is not necessary to repeat them now. You will receive a copy of the prior instructions along with these new instructions. You will record your verdict as to Count 1 on the verdict form attached at the end of these instructions.

# INSTRUCTION NO. 43

In Instruction 25, I instructed you that the defendant has an absolute right not to testify and that you were not to consider the fact that he did not testify.

You have now heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.