UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Plaintiff, |
| v. | Criminal Action No. 3:17-cr-37-DJH |
| CHEROSCO BREWER, | Defendant. |

\* \* \* \* \*

## ORDER

Following a four-day trial, a jury found Cherosco Brewer guilty of possessing marijuana and cocaine with the intent to distribute them, possessing a firearm in furtherance of a drug-trafficking crime, and being a convicted felon in possession of a firearm. (Docket Nos. 1, 143, 147) Brewer has moved for a new trial, arguing that the prosecutor made improper comments and that the evidence was insufficient to support the verdict. (D.N. 152) For the reasons explained below, the Court will deny Brewer's motion.

**I.**

Brewer's conviction arises from traffic stops on two consecutive nights in November 2015. On November 11, 2015, Brewer was stopped for excessive window-tinting and was found to have a firearm and marijuana hidden in the vehicle, which was a long-term rental in Brewer's name. He was arrested and released on bond. The following night, Brewer was stopped while driving his fiancée's car, again for excessive window-tinting. This time, police found cocaine in the vehicle. On both nights, the drugs appeared to be packaged for sale.

In his motion for new trial, Brewer maintains, as he has throughout this case, that (1) he was not actually stopped for excessive window-tinting and (2) the federal charges were brought in retaliation for a civil lawsuit he filed against the Louisville Metro Police Department officers

1

involved in the stops. (D.N. 152, PageID # 930-31) He asks the Court to reconsider his pretrial motions to dismiss and motions to suppress on these grounds. (*Id.*, PageID # 931, 933) He further contends that the evidence was insufficient to establish that he knowingly possessed the drugs or the gun or intended to distribute the marijuana or cocaine (*id.*, PageID # 931-32) and that the verdict should be set aside because of a comment made by the prosecutor during the government's opening statement (*id.*, PageID # 932-33).

The Court declines to reconsider Brewer's pretrial motions, as it has already addressed the vindictive-/selective-prosecution and suppression arguments at length. (*See* D.N. 114; D.N. 66) The analysis below will therefore be limited to Brewer's post-trial arguments, i.e., the remark by the Assistant United States Attorney and the sufficiency of the evidence.

## II.

Brewer's motion invokes Federal Rules of Criminal Procedure 29 and 33. (*See* D.N. 152, PageID # 930) Pursuant to Rule 33, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Meanwhile, Rule 29 requires entry of a judgment of acquittal with respect to "any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).

Under either of these rules, Brewer's motion is untimely. Rule 29 provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). Likewise, under Rule 33, "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). The verdicts in this case were returned on January 10, 2019 (D.N. 143; D.N. 147); Brewer's motion was filed twenty days later, with no explanation for the

delay.[1] (D.N. 152) In the absence of a showing of "excusable neglect," the Court will deny Brewer's motion as untimely. *United States v. Munoz*, 605 F.3d 359, 367-68 (6th Cir. 2010). Even assuming that the untimely filing resulted from excusable neglect, however, the Court concludes that a new trial is not warranted here.

**A.     Prosecutor's Comment**

The prosecutor remarked during her opening statement that "the defendant probably wants you to believe that he is simply the unluckiest man that you have ever heard [of]." Brewer objected, citing *Doyle v. Ohio*, 426 U.S. 610 (1976), for the proposition that the government may not comment on the defendant's testimony or failure to testify. Following a bench conference during which the Court cautioned the prosecutor to refer to arguments of "the defense" as opposed to "the defendant," the prosecutor outlined the anticipated evidence tending to show that the presence of the drugs and firearm in the vehicles was not mere happenstance. According to Brewer, the prosecutor improperly injected her "personal opinion of [Brewer's] reply to the charges," and the comment "constituted 'burden shifting' in violation of [Brewer's] rights to silence, the presumption of innocence, and the obligation of the prosecution to prove guilt [beyond] a reasonable doubt." (D.N. 152, PageID # 932)

In the Sixth Circuit, a prosecutor's comments must be "both improper and flagrant" to justify reversal. *United States v. Davis*, 514 F.3d 596, 613 (6th Cir. 2008) (citing *Broom v. Mitchell*, 441 F.3d 392, 412 (6th Cir. 2006)). The factors used to determine flagrancy are

> (1) the likelihood that the remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) the total strength of the evidence against the defendant.

---

[1] At the close of trial, defense counsel requested twenty-one days to file post-trial motions. The Court advised counsel that the period allowed by the federal rules would apply.

*Id.* (quoting *Broom*, 441 F.3d at 412).

A conviction is subject to reversal even for a non-flagrant statement if "1) the proof of the defendant's guilt is not overwhelming; 2) the defense counsel objected; and 3) the trial court failed to cure the impropriety by failing to admonish the jury." *Id.* at 614 (quoting *United States v. Tocco*, 200 F.3d 401, 420-21 (6th Cir. 2000)). However, the Sixth Circuit "will not overturn a verdict unless the prosecutorial misconduct is 'so pronounced and persistent that it permeate[d] the entire atmosphere of the trial, . . . or so gross as probably to prejudice the defendant.'" *Id.* (alteration and omission in original) (quoting *Tocco*, 200 F.3d at 421). "[A] criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial." *Id.* (alteration in original) (quoting *United States v. Young*, 470 U.S. 1, 11 (1985)). Ultimately, the question is "whether the prosecutor's statements 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *United States v. Cleveland*, 907 F.3d 423, 438 (6th Cir. 2018) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

Measured by this standard, the statement at issue here clearly does not warrant a new trial. The comment that Brewer probably wanted the jury to believe that he was simply unlucky did not shift the burden of proof to Brewer or inject the prosecutor's personal opinion. Rather, the AUSA merely noted Brewer's anticipated defense and then proceeded to outline the evidence that would rebut that defense. "[V]iewed in context," the comment did not "affect[] the fairness of the trial." *Davis*, 514 F.3d at 614 (quoting *Young*, 470 U.S. at 11).

4

Even if the comment were construed as an expression of skepticism regarding the strength of Brewer's defense, it would not require a new trial.[2] It was a single incident at the beginning of a four-day trial, and there is no evidence to suggest that it was deliberate. *See Galloway*, 316 F.3d at 633 (citing *United States v. Carroll*, 26 F.3d 1380, 1389-90 (6th Cir. 1994)). The Sixth Circuit has denied relief when presented with more egregious comments. For example, in *Moore v. Mitchell*, 708 F.3d 760, 800 (6th Cir. 2013), a case cited by Brewer, the prosecutor said of the defendant:

> He goes to Butler County. And during the guilt phase you heard in our closing that you could infer he went to Butler County because he wanted to choose his victim, someone who . . . wouldn't be missed for quite some time. If there is some [big] mystery why he went to Butler County besides that, why didn't he tell you that today in his unsworn statement?

*Id.* at 799 (alteration in original). The court concluded that this comment, while it "drew attention to Moore's choice not to testify under oath and may have encroached upon Moore's Fifth Amendment right not to testify against himself," "was isolated and did not tend to mislead the jury or prejudice" the defendant and thus was "improper" but "not flagrant." *Id.* at 800; *see also Galloway*, 316 F.3d at 632-33 (finding "not flagrant" prosecutor's attempt to bolster government witness's credibility by comparing the case to others he'd tried). More recently, the Sixth Circuit found "not flagrant" a prosecutor's comment during opening statements that the defendant had previously been "sent to jail for eight years" for similar offenses, noting: "If the comment was improper at all, it was because of its gratuitous nature and its arguable tendency to taint the jury's objectivity from the outset of the trial. Yet, it was clearly an isolated comment of minimal significance." *United States v. Donohue*, 726 F. App'x 333, 348 (6th Cir. 2018).

---

[2] Such a statement would be improper because "a prosecutor cannot express h[er] personal opinions before the jury." *United States v. Galloway*, 316 F.3d 624, 632-33 (6th Cir. 2003); *see also Gall v. Parker*, 231 F.3d 265, 312 (6th Cir. 2000) (citations omitted) (finding that prosecutor improperly expressed skepticism regarding defendant's insanity defense).

The same is true here. Like the comment in *Donohue*, the prosecutor's remark in this case was isolated and insignificant; it "was not flagrant and would only have been made *more* noticeable if counsel had . . . persuaded the court to give a limiting or cautionary instruction."[3] *Id.* The purported misconduct was not "so pronounced and persistent that it permeate[d] the entire atmosphere of the trial, . . . or so gross as probably to prejudice the defendant." *Davis*, 514 F.3d at 614 (alteration and omission in original) (quoting *Tocco*, 200 F.3d at 421). Because the comment cannot be said to have "so infected the trial with unfairness as to make the resulting conviction a denial of due process," *Cleveland*, 907 F.3d at 438 (citation omitted), the Court will not grant a new trial on the ground of prosecutorial misconduct.

**B.     Sufficiency of the Evidence**

Brewer states that his motion for a new trial is made "pursuant to Federal Rules of Criminal Procedure Rule 29(d)(1) and Rule 33(a)(b)(2)." (D.N. 152, PageID # 930) As Rule 29(d)(1) applies where a court has "enter[ed] a judgment of acquittal after a guilty verdict," the Court presumes that Brewer intended to cite Rule 29(c)(1), which permits renewal of a motion for judgment of acquittal within fourteen days of a guilty verdict.[4] Because the motion's caption and conclusion request a new trial while the motion itself challenges the sufficiency of the evidence (referring to "absence of proof," "lack of evidence," "deficient" evidence, etc.), it is unclear whether Brewer seeks relief under Rule 33 or Rule 29. (D.N. 152, PageID # 932-33; *see id.*, PageID # 930) This is not a distinction without a difference:

---

[3] It nonetheless was made clear to the jury that the comment was not entitled to any evidentiary weight: both before the government's opening statement and at the close of the proof, the Court instructed the jury that statements and arguments by lawyers are not evidence; that the burden of proof remained on the United States at all times; and that Brewer had an absolute right not to testify. (*See* D.N. 142, PageID # 870-71, 896)

[4] Brewer moved for judgment of acquittal at the close of the government's case and again at the close of all evidence.

> Rule 33 permits a new trial if a verdict is against the "manifest weight" of the evidence. Such a motion calls on the trial judge to take on the role of a thirteenth juror, weighing evidence and making credibility determinations firsthand to ensure there is not a miscarriage of justice. This differs from a motion under Rule 29, which challenges the sufficiency of the evidence. Rule 29 asks whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"—not whether the *trial judge himself* believes the manifest weight of the evidence supports the verdict. So while Rule 29 requires the court to view the evidence in a light most favorable to the prosecution, Rule 33 does not.

*United States v. Mallory*, 902 F.3d 584, 596 (6th Cir. 2018) (internal citations omitted). Still, a motion for new trial under Rule 33 "should be granted only 'in the extraordinary circumstance where the evidence preponderates heavily against the verdict.'" *United States v. Lewis*, 660 F. App'x 396, 399 (6th Cir. 2016) (quoting *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007)). Brewer has not demonstrated that he is entitled to relief even under the more generous Rule 33 standard.

First, there was not, as Brewer contends, an "absence of proof" that he knew the drugs and firearm were present or that he intended to distribute the drugs. (D.N. 152, PageID # 932; *see id.*, PageID # 933) "[C]ircumstantial evidence alone can sustain a guilty verdict," *United States v. Osborne*, 886 F.3d 604, 613 (6th Cir. 2018) (citation omitted), and the circumstantial proof of Brewer's knowledge and intent was strong. It was established through credible police testimony as well as physical and video evidence that on two consecutive nights, drugs (and on the first night, a gun) were similarly hidden in secret compartments accessible from the driver's seat; that both cars had heavy window-tinting indicative of an intent to conceal something inside the vehicle; and that Brewer was hesitant to roll the window down. On November 11, Brewer also had a towel covering the dash lights, further concealing the car's interior. All of these facts suggest that Brewer was aware of the contraband's presence.

Moreover, in determining whether Brewer had the intent to distribute the drugs, the jury was permitted to consider

> all the facts and circumstances shown by the evidence, including the defendant's words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. [Jurors could] also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs.[5]

(D.N. 142, PageID # 881-82; *see also id.*, PageID # 886 (same instruction as to cocaine charge)) Several of these factors supported a finding that Brewer intended to distribute the drugs: the drugs were packaged as if for sale, and Brewer had a large amount of cash and multiple cell phones with him, as well as a gun on November 11.

Meanwhile, Brewer's proof consisted of testimony from his fiancée, Yvette Allen—who testified that Brewer never drove her car before November 12, 2015; that he often let other people drive his car; that she'd had work done on her car that required removal of the dashboard; and that Brewer frequently possessed large amounts of cash from working at an auto body shop, playing the lottery, or visiting the casino or racetrack—and Stephanie Sears, a former user of cocaine and marijuana, who testified regarding the quantity of drugs she would purchase for personal use.[6] The probative value of the latter testimony was minimal, for obvious reasons. And the Court did not find Allen to be a particularly credible witness given her relationship to Brewer and lack of specific information about his late-night activities, who else might have driven either of the vehicles, or where the money came from.

---

[5] This instruction mirrored Sixth Circuit Criminal Pattern Instruction No. 14.01.
[6] Sears, who testified first, claimed not to be acquainted with Brewer and described Yvette Allen as merely a friend she spoke to occasionally on the phone. Allen, however, testified that she and Sears are half-sisters and that Sears knows Brewer.

8

In sum, the verdict was not against the manifest weight of the evidence, and thus a new trial is not warranted on this ground. *See Mallory*, 902 F.3d at 596.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Brewer's motion for new trial (D.N. 152) is **DENIED**.

May 7, 2019

                                                **David J. Hale, Judge**
                                             **United States District Court**