IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                          PLAINTIFF

vs.                                     CRIMINAL ACTION NO. 3:17-CR-00037-DJH

CHEROSCO BREWER                                                   DEFENDANT

RESPONSE TO MOTION TO RECONSIDER [DN 176]
*Electronically Filed*

The United States opposes the defendant's Motion to Reconsider. On January 8, 2019, a jury convicted the defendant of 18 U.S.C. § 922(g)(1)[COUNT 1]; 18 U.S.C. § 841(a)(1) and (b)(1)(D)[COUNT 2]; 18 U.S.C. § 924(c)[COUNT 3]; and 18 U.S.C. § 841(a)(1) and (b)(1)(C)[COUNT 4]. Rule 33 provides that "[u]pon the defendant's motion, [the] court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The defendant raises three arguments in support of his Motion to Reconsider. Each argument is without merit, and the Court should deny the motion.

The Jury Verdict

First, the defendant asks the Court to set aside the jury's verdict because of an alleged failure of proof at trial using language similar to the initial Motion for a New Trial [DN 152, Page ID # 932-33]. The United States incorporates by reference its Response to Defendant's Motion for a New Trial [DN 158]. The United States

submits that the defendant's motion was properly denied for the reasons set forth in the Court's order [DN 171].

Denial of Defendant's Motion to Suppress

Next, the defendant asks the Court to reverse its earlier Order denying a Motion to Suppress [DN 66]. Defendant uses similar arguments to those advanced in both the initial Motion to Suppress [DN 26], the Brief in Support [DN 57], as well as his Motion to Reconsider [DN 91]. The United States incorporates by reference its Response in Objection to Defendant's Motion to Suppress Evidence [DN 27] as well as its Supplemental Response [DN 56]. The United States submits that the defendant's motion was properly denied for the reasons set forth in the Court's orders [DN 66, DN 114].

Claim of New Evidence

Finally, the defendant asks the court to grant a new trial based on 2 pieces of supposed new evidence [DN 176, Page ID # 1066]. Motions for a new trial are generally not favored. *United States v. Garner*, 529 F.2d 962, 969 (6th Cir. 1976). A defendant's new evidence must meet the following four elements to succeed: "(1) the new evidence was discovered after trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal." *United States v. Frost*, 125 F.3d 346, 382 (6th Cir. 1997).

It is difficult to see how the defendant's "newly discovered evidence" could meet the high burden set for it by the courts. Attachment A [DN 176 Page ID# 1068] is a picture of a link to a video that no longer appears at the listed URL address. According to the defendant's motion, the video depicted "proceedings during trial" and was "secretly" recorded. There is no description of the contents of the video, nor any allegation that the video was posted prior to the jury's verdict, nor any allegation that any member of the jury saw it or would even have had access to it. Even if a video of some part of the defendant's public trial was recorded and posted online, there is no reason to conclude that such a video would have deprived him of his right to a fair trial. Without more, the supposed video does not appear to be material to the charges of which defendant was convicted, it does not seem like it could produce an acquittal, and it is difficult to determine if it could even be considered "evidence."

The defendant further complains that a "Right Wing Blog" posted on January 12, 2019, after his conviction, somehow deprived him of a fair trial. Attachment B [*Id.* Page ID# 1069] is a screen shot of part of a news article very obviously written about the trial after the jury reached their verdict. Indeed, a visit to the "Right Wing Tribune" website from the screen shot in Attachment B shows that the article in question (found at https://rightwingtribune.com/2019/01/12/kentucky-good/ and attached hereto as Exhibit 1) actually bears the same title as the alleged secret video, i.e. "BREAKING News Out Of Kentucky… THEY GOT HIM FOR GOOD!" However, despite an exclamatory title, the contents of the article are far from

3

controversial. The text appears to be directly lifted from a Department of Justice press release about Brewer's conviction and, indeed, a Department of Justice press website is cited and linked as the source of information. This "evidence" again does not appear to be factually material to the charges of which the defendant was convicted and does not seem like it could produce an acquittal. Neither piece of alleged new evidence meets the standards required for the court to grant a new trial.

## Conclusion

Defendant's Motion for a New Trial is based on three unsupported claims. First, the defendant claims the jury's verdict should be set aside. Second, the defendant claims the court erred in not suppressing almost all of the evidence against him. Third, the defendant claims there is new evidence indicating he was deprived of his right to a fair trial. Because the defendant has not met the high burdens associated with setting aside a jury's verdict, suppressing the evidence from a legal stop, and showing that a new trial is necessary, the interests of justice require that the defendant's Motion [DN 176] should be DENIED.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney


s/
Erin McKenzie
Corinne E. Keel
Assistant U.S. Attorneys
717 West Broadway

Louisville, Kentucky 40202
PH: (502) 582-5911
Email: erin.mckenzie@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

On June 4, 2019, I electronically filed this document through the ECF system, which will send a notice of electronic filing to the attorneys of record.

s/_____
Erin McKenzie
Corinne E. Keel
Assistant U.S. Attorneys