**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:17-CR-37-DJH**

**UNITED STATES OF AMERICA,**

                        **Plaintiff,**

**v.**

**CHEROSCO BREWER,**                        **Defendant.**

**REPORT AND RECOMMENDATION**

Before the Court is the Motion to Withdraw (DN 178) filed by counsel of record for Defendant, Cherosco Brewer ("Brewer"), David S. Mejia ("Mejia"). District Judge David J. Hale referred the Motion the undersigned for a report and recommendation. (DN 180.) The undersigned held an *ex parte* hearing on the Motion on June 12, 2019. (DN 184.) Assistant United States Attorney Erin G. McKenzie appeared for the United States to present the United States' objection to the Motion and was heard before the *ex parte* portion of the hearing commenced. Mejia, retained counsel for Brewer, and Brewer himself also appeared. The hearing having concluded, this matter is ripe for review.

**I.    FINDINGS OF FACT**

On May 24, 2019, Brewer sent a letter to the Court in which he detailed his dissatisfaction with counsel and asked that the Court withdraw Mejia as his counsel. (DN 177.) In the letter, Brewer called his counsel "untrustworthy," indicated he believed his counsel had lied to him, and stated that his counsel did not listen to his thoughts about the case. (*Id.*) He stated that he believed his lawyer to be an "ineffective assistant." (*Id.*) On May 28, 2019, Mejia filed a Motion to Withdraw stating that based on the content of Brewer's letter, "mutual trust, belief, and respect between client and attorney in this matter no longer exist." (DN 178.) At the hearing, Mejia

largely reiterated the content of his Motion, but confirmed there had been a breakdown of trust and communication. He also indicated that where his client has asked him to withdraw, he is left with no choice but to honor his client's wishes.

At the hearing and prior to an *ex parte* discussion with Brewer and Mejia, the United States indicated that it objected to the Motion to Withdraw because of the delay it would inject into these proceedings and because it believed Mejia had not shown good cause under Local Criminal Rule 57.6  Specifically, the United States argued that the situation in this case does not constitute the type of breakdown in communication between attorney and client that constitutes good cause under Rule 57.6. The United States cited *United States v. Marrero*, 651 F.3d 453 (6th Cir. 2011); *United States v. Reynolds*, 534 Fed. App'x 347 (6th Cir. 2013); and *United States v. Vasquez*, 560 F.3d 461 (6th Cir. 2009) in support of its position. The United States also stated that it believes the public interest in prompt disposition of this case would be violated if the Motion were granted because it believed that Brewer would again have difficulty finding counsel,[1] further delaying proceedings.

Brewer requested that the Court appoint him counsel in the event that Meija is permitted to withdraw.  Because Meija and his predecessors in this case were retained counsel, the undersigned examined Brewer regarding his finances to determine whether Brewer would qualify for appointed counsel in the event his motion were granted.  Brewer stated that he had been in custody approximately twenty-eight to twenty-nine months and had been earning no income during that period. He owns no real estate and no motor vehicle. He does not have a bank account. He does not have any other sources of funds with which to hire an attorney.

---

[1] Brewer was previously represented by attorneys Scott James Barton and Keith E. Kamenish; however, the Court granted them leave to withdraw prior to the trial of this matter. (DN 79.)  There was a delay of approximately sixty days between the withdrawal of prior counsel and Meija's appearance for Brewer. (DN 84.)

## II.     CONCLUSIONS OF LAW

Pursuant to Local Criminal Rule 57.6, an attorney is not permitted to withdraw within twenty-one days of trial. Local Crim. Rule 57.6. Under any other circumstances, an attorney may only withdraw upon satisfaction of the requirements in the Rule. Here, it appears that Mejia attempted to meet Local Crim. Rule 57.6(b), which requires the attorney to file a motion, certify that it was served on his client, and make a showing of good cause. It also requires that "the Court consent[ ] to the withdrawal on whatever terms the Court chooses to impose."

Here, Mejia did not certify that the Motion was served on his client, but the undersigned recommends the Court excuse compliance with this portion of the Rule given Brewer's independent request for Mejia's withdrawal and the fact that Brewer was undoubtedly aware of the Motion as it was discussed at the *ex parte* hearing. The undersigned also finds based on the content of Brewer's letter and Mejia's Motion, as well as the discussion at the hearing, that there has been a total breakdown in communication and trust between Brewer and Mejia that prevents Mejia from adequately defending Brewer. Therefore, the undersigned finds that Mejia has shown good cause for his withdrawal and will recommend the Court grant his Motion.

Though the undersigned reviewed the authority supplied by the United States, the undersigned finds *Marrero*, *Vasquez*, and *Reynolds* all distinguishable from the instant case because all three either involved an indigent defendant, appointed counsel, and the indigent defendant's request to substitute another appointed counsel, or involved a defendant with a more extended pattern of dissatisfaction with counsel. . *Marrero*, 651 F.3d at 461, 464; *Reynolds*, 534 Fed. App'x at 354-56; *Vasquez*, 560 F.3d at 461. Here, Mejia was retained counsel for Brewer. Given Brewer's representations regarding his financial status, the undersigned finds that he qualifies for appointed counsel despite the fact that he has utilized retained counsel since the

3

inception of this case. As Brewer now wishes to invoke his right to the same, the undersigned **RECOMMENDS** that the Court **GRANT** the Motion to Withdraw (DN 178) and appoint the Federal Defender's office to represent Brewer.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Motion to Withdraw (DN 178) be **GRANTED**. The undersigned further **RECOMMENDS** that the Court appoint the Federal Defender's Office to represent Brewer.

Colin H Lindsay, Magistrate Judge
United States District Court

CC: Counsel of Record

June 18, 2019

:20

### Notice

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations. Fed. R. Crim. P. 59(b)(2). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *Id.; United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985).