UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                                      Plaintiff,

v.                                                                              Criminal Action No. 3:17-cr-37-DJH

CHEROSCO BREWER,                                                                              Defendant.

\* \* \* \* \*

### ORDER

Defendant Cherosco Brewer has moved for reconsideration of the Court's May 7, 2019 Order denying his motion for a new trial. (Docket No. 176; *see* D.N. 171) Brewer seeks a new trial on the basis of insufficient evidence; he also urges the Court to reverse its previous rulings denying his motions to suppress. (D.N. 176, PageID # 1065-66) Finally, he offers "newly discovered evidence" that he believes warrants a new trial. (*Id.*, PageID # 1066) For the reasons explained below, the Court will deny Brewer's motion to reconsider.

### I.

Brewer first argues that the verdict should be set aside on the basis of insufficient evidence. (D.N. 176, PageID # 1065-66) Specifically, Brewer asserts that the United States failed to prove guilt beyond a reasonable doubt; failed to prove that the substances at issue "were actually marijuana and cocaine as alleged in the indictment"; and failed to prove that he knowingly possessed the firearm and controlled substances. (*Id.*)

"[A] motion to reconsider generally is not a vehicle to reargue a case; it may not be used to raise arguments that could have been raised on initial consideration." *United States v. Ladeau*, 734 F.3d 561, 572 (6th Cir. 2013) (citing *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Each

of the issues listed in Brewer's present motion either was or could have been raised previously. (*See* D.N. 171, PageID # 1045-48) The Court therefore declines to reconsider its previous post-trial ruling as to the sufficiency of the evidence.

## II.

Likewise, having already entertained one motion to reconsider its suppression ruling (*see* D.N. 114, PageID # 755-57), the Court finds nothing in Brewer's present motion to warrant further consideration. (*See* D.N. 176, PageID # 1066 (urging the Court to reverse its previous orders "due to (a) the absence of probable cause; (b) the lack of proof that [Brewer] violated the excessive window tint provision under Kentucky law; (c) the violation of [Brewer's] right to a speedy trial under Due Process; [and] (d) . . . the failure of the Commonwealth to prosecute and convict [Brewer] of excessive window tint"))

## III.

Nor does the "newly discovered evidence" require a new trial. Motions for new trial based on newly discovered evidence are "generally disfavored" in the Sixth Circuit. *United States v. Groenendal*, Nos. 16-2178/2608, 2017 U.S. App. LEXIS 21164, at *8 (6th Cir. Oct. 23, 2017) (citing *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991)). "To obtain a new trial based on newly discovered evidence," Brewer "must show that 'the new evidence (1) was discovered after the trial, (2) could not have been discovered earlier with due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal.'" *United States v. Vujovic*, 635 F. App'x 265, 271 (6th Cir. 2015) (quoting *United States v. Hanna*, 661 F.3d 271, 297-98 (6th Cir. 2011)). If any one of these elements is not met, then no new trial is warranted. *See id.*

Brewer points to two pieces of "newly discovered evidence": a YouTube video purportedly recorded during the trial and a post from "a Right Wing Blog" that "gloated" about Brewer's conviction. (D.N. 176, PageID # 1066, 1068-69)  According to Brewer, the video and the blog post deprived him of a fair trial.  (*Id.*, PageID # 1066)  Yet as the United States observes, the substance of the blog post was taken directly from a Department of Justice press release announcing the verdict.[1]  *See* Department of Justice, *Five-Time Convicted Felon Found Guilty on Gun & Drug Charges* (Jan. 11, 2019), https://www.justice.gov/usao-wdky/pr/five-time-convicted-felon-found-guilty-gun-drug-charges.   And the video, which is no longer available on YouTube, bore the same title as the blog post: "BREAKING News Out Of Kentucky… THEY GOT HIM FOR GOOD!"  (*See* D.N. 176, PageID # 1068; D.N. 181-1, PageID # 1093)  Given this title, the video presumably did not appear on the Internet until after Brewer's trial was over; the blog post unquestionably did not.  (*See* D.N. 181-1, PageID # 1093 (dated January 12, 2019))

A video or blog post reporting the result of a trial is not evidence for purposes of that trial.  *See* Black's Law Dictionary (11th ed. 2019) (defining "evidence" in relevant part as "[s]omething . . . that tends to prove or disprove the existence of an alleged fact; anything presented to the senses and offered to prove the existence or nonexistence of a fact").  Furthermore, since the video and blog post were not published until after the trial was over, they could not have affected the verdict.[2]  Brewer thus is not entitled to a new trial on the basis of newly discovered evidence.  *See Vujovic*, 635 F. App'x at 271.

---

[1] The blog cited and linked to the DOJ website as its source.  (*See* D.N. 181-1, PageID # 1097)
[2] Even if the video contained improper footage of trial proceedings (a determination the Court cannot make), Brewer has not explained how the mere existence of such a video would have affected his right to a fair trial.  (*See* D.N. 176, PageID # 1066 (asserting Brewer's "belief that

**IV.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Brewer's motion to reconsider (D.N. 176) is **DENIED**. To the extent Brewer seeks leave to refile his pro se motions, that request is likewise **DENIED**.

August 22, 2019

*[signature]*

**David J. Hale, Judge
United States District Court**

---

this video recording, done during his trial secretly, interfered with his right to a fair trial[ and] a fair jury verdict, and constituted misconduct"))