

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
NO.: 3:17-CR-00037-DJH

UNITED STATES OF AMERICA											PLAINTIFF

vs

**REQUEST FOR LEAVE TO FILE UNTIMELY
POST-TRIAL and NEW TRIAL MOTION**

CHEROSCO BREWER											DEFENDANT

\*\*\*\*\*\*\*\*\*\*\*

Now comes the Defendant, Cherosco Brewer, Pro Se, under the umbrella of the Constitution, and hereby moves this Court, Pursuant to Federal Rules of Criminal Procedure Rule 45 (b)(1)(B) for a request for leave to file an Untimely Post-Trial and New Trial Motion. The Defendant provides the following in support:

1) Brewer is in request to file an untimely Motion under Rules 29 (c)(1), 33 (a)(b)(2) and 52(b) of the Federal Rules of Criminal Procedure.

2) In order to be successful in the granting, Brewer must show excusable neglect.

3) Brewer asserts his failure to act is supported by the following:

   a. Brewer's counsel failed to file timely motions, including,

   b. Motions with merit during pre-trial and post-trial, and

   c. Was the reason for the denial of motions;

   d. Counsel failed to thoroughly investigate the case and,

   e. The substantial rights of the defendant have been jeopardized by errors and omissions during trial;

    f. Counsel failed to act in Brewer's interest as in litigating the probable case effectively despite his explicit request to do so;

    g. Counsel ill-advised Brewer he was granted leave to file any new trial or post trial motions when he wasn't, and,

    h. Predicted the outcome of the Motions to be negative, and,

    i. Advised the untimely motions without merit, serves as documents that preserves Brewer's right to appeal on all the issues presented in the trial court before, after, and during trial;

    j. Counsel showed his neglect of the case by his advisement to Brewer "He had other clients that had lengthy prison sentences He had to tend to";

    k. Brewer cannot file motions nor talk to the Judge, and,

    l. Anything Brewer wanted to do had to go through counsel, which counsel refused;

    m. The actions of counsel was beyond Brewer's control;

    n. Brewer filed Pro-Se Motions during the sentence phase to show legal error has occurred that would require reversal, then,

    o. The Judge, asked counsel if he would sign on the motions filed by Brewer, but counsel declined;

4) As the Supreme Court noted in Fautenberry v Mitchell, 515 F 3d. 614, 640 (6th Circuit 2008) "We concluded that it would be unreasonable to expect counsel to raise an ineffective assistance claim against himself"

5) United States vs Bass, 460 F.3d 830, 838 (6th Circuit 2006) ("acknowledging that defendant may seek a new trial on the grounds that his counsel allegedly rendered ineffective assistance");

6) As cited in US v Munoz Case No.: 09-5357, (Under fundamental tenets of agency law, a principal is not charged with an agents actions or knowledge when the agent is acting adversely to the principle's interest. [Thus], when an attorney's actions extend beyond everyday mistakes into the realm of serious misconduct, in some circumstances such malfeasance may be far enough outside the range of behavior that reasonably could be expected by a client. [that it would be inappropriate to impute [such] attorney misconduct to [the] client.

7) Lastly, Brewer filed in good faith to avoid a miscarriage of justice, and,

8) The Government would not be prejudice by the granting of this Motion;

**WHEREFORE**, for the following reasons. The Defendant, Cherosco Brewer, asks this Court to grant his request for Leave to file untimely Post-Trial and New Trial Motions.

RESPECTFULLY SUBMITTED,

CHEROSCO L. BREWER, PRO SE
(Inmate #221575)
Grayson County Detention Center
320 Shaw Station Road
Leitchfield, Kentucky 47254