

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
NO.: 3:17-CR-00037-DJH

UNITED STATES OF AMERICA                                    PLAINTIFF

vs

## POST-TRIAL and NEW TRIAL MOTION

CHEROSCO BREWER                                              DEFENDANT

***********

Now comes the Defendant, Cherosco Brewer, Pro Se, under the umbrella of the U.S. Constitution and hereby moves this Court, pursuant to the 4th, 6th, and 14th Amendment of the U.S. Constitution, and Federal Rules of Criminal Procedure Rules 29 (c)(1), 33(a)(b)(2) and 52(b) in a Motion for Acquittal, New Trial, and Plain Error. The Defendant is in compliance with Fed. R. Crim. P. 45 (b) (1) (B) and provides the following in support:

The Defendant was convicted by a jury on January 10, 2019, of 18 U.S.C. § 922 (8) (1) [count 1]; 18 U.S.C. §841 (a) (1) and (b)(1)(D) [count 2]; 18 U.S.C. § 924 (c) [count 3]; and 18 U.S.C. § 841 (a) (1) and (b) (1) (c) [count 4]

The facts relied upon during this trial is "clearly erroneous" and blooms violations of the 4th, 6th, and 14th Amendment of the U.S. Constitution. The Defendant asks the court to review the evidence presented to assess the effects of error so there will not be a miscarriage of justice.

Brewer asserts that he didn't receive assistance of counsel guaranteed by the 6th Amendment of the Constitution and that his counsels' assistance was ineffective in that he failed (1) to investigate the probable cause of the stop, and (2) to exclude the inadmissible evidence before and during trial.

On November 15, 2015, as viewed in the PSI, Page #53, Brewer was charged by the State with 1) trafficking in controlled substance 2) complicity to convicted felon in possession of a handgun 3) enhanced trafficking in marijuana (Felonies) 4) complicity of possession of controlled substance (misdemeanor) 5) excessive window tint (traffic infraction) Docket No,: 16-CR-8. Subsequently, Brewer was indicted by the Federal Government on March 17, 2017, which the Government applied itself to an ominous exercise in demolition.

According to KRS 189.110 (9) A person who applies sunscreen material in violation of this section shall be guilty upon conviction of a Class B Misdemeanor.

KRS 500.050 (2) states, except otherwise expressly provided the prosecution of an offence other than a felony must be commenced within one (1) year after it is committed. KRS 500.050 (4) states, for purposes of this section, an offense is committed either when every element occurs, or if a legislative purpose to prohibit a continuing course of conduce plainly appears, at the time when the course of conduct or the defendant's complicity therein is terminated.

Mr. Brewer was charged by the state with the listed offenses above on November 11, 2015 and November 12, 2015, which means the prosecution of "excessive window tint" for the probable cause of the stop had to be commenced by November 12, 2016.

The Government relied on evidence throughout the course of action that the state voluntarily dismissed the charges based on unable to locate Mr. Brewer due to Federal Custody on May 31, 2017, and the U.S. Attorney persuaded the Jury and the Court with this information. The Defendants' counsel failed to refute and set forth the facts, thus, prejudice Defendant's defense. Actually, prior to the Defendant coming into Federal custody on April 17, 2017, he was free on bond and available to handle said charges by the state. However, the probable cause charge "excessive window tint" was barred in November of 2016 according to KRS 500.050 (2) (4).

The State Court prosecution was ultimately dismissed for excessive window tint, which was the basis for the officers probable cause and any subsequent search and seizure performed by the police was illegal and, any and all evidence found therein under the law deemed "fruit of the poisonous tree" and cannot be used as evidence to prosecute. "A Court of competent jurisdiction", any subsequent prosecution of the Defendant in this case would clearly violated Res Judicata Principles in violation of Constitutional Law.

If the Defendant's counsel would have thoroughly investigated the probable cause and suppressed the evidence and showed the search and seizure lacked probable cause based upon the charges being dismissed back in 2016 according to KRS 500.050 (2) (4), the illegally obtained evidence would have been inadmissible for trial and there wouldn't have been any other evidence to move forward with and the Defendant would have been acquitted on all charges.

Mr. Brewer's counsels' conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. For a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Brewer shows this by the counsel's failure to exclude and refute the evidence that

was obtained through a search and seizure that lacked warrant, consent, and probable cause, which ultimately caused the search and seizure to be unlawful and subjected him to an unfair trial. However, Brewer would have been acquitted on all charges based on insufficient evidence to sustain a conviction if his counsel wouldn't have made this error. Thus, Brewer's counsel's performance violated the 6th Amendment under the Strickland Ineffective Assistance Standard Test. Strickland v. Washington, 466 U.S. 668.

The Defendant's 4th, 6th, and 14th Amendment Guaranteed Right under the U.S. Constitution was violated in this course of action and the Defendant's counsels failure to argue the violations properly has put the Defendant in grave peril.

Probable cause is required to justify most government intrusions upon interest protected by the 4th Amendment. See Ornelas v U.S. 517 690, 695 (1996); a search or seizure unsupported by probable cause is generally unlawful;. See Carroll v U.S. 267 U.S. 132, 155-156 (1925); evidence seized by state law enforcement officer in violation of United States Constitution may not be used in a federal prosecution. U.S. v Andres, 775 F.2d 825 (1985); U.S. v Howard 621 F. 3d 433, 450 (6th Cir.. 2010) trial courts credibility assessments of a Motion to Suppress entitled to deference; U.S. v Brass, 460 F.3d 830, 838 (6th Cir. 2006) acknowledging that defendant may seek a new trial on the grounds that his counsel allegedly rendered ineffective assistance; also cited in U.S. v Munoz, No. 09-535 (6th Cir.2010).

**Wherefore**, the Defendant seeks relief through Fed. R. Crim. P. 29 (c)(1), 33 (a)(B)(2) or 52 (b) and based on the foregoing reasons, the Defendant's convictions should be vacated and/or be granted a new trial.

RESPECTFULLY SUBMITTED,

_____
CHEROSCO L. BREWER, Pro Se
(Inmate #221575)
Grayson County Detention Center
320 Shaw Station Road
Leitchfield, Kentucky 42754

## CERTIFICATE OF SERVICE

This is to certify that a true and exact copy of the foregoing document was hand-delivered, in open Court, on this the _____ day of _____, 2019 to:

Hon. Judge Hale
U.S. Federal Court
Western District of Kentucky
700 W. Broadway
Louisville, Kentucky 40202

Assistant U.S. Attorney
Corinne E. Keel
717 W. Broadway
Louisville, Kentucky 40202

Assistant U.S. Attorney
Erin G. McKenzie
717 W. Broadway
Louisville, Kentucky 40202

_____
CHEROSCO BREWER