## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                               PLAINTIFF

VS.                                               **Criminal Action No. 3:17-CR-37-DJH**

### MOTION FOR LEAVE TO FILE UNTIMELY MOTION FOR NEW TRIAL

CHEROSCO BREWER                                               DEFENDANT

\*   \*   \*   \*   \*

Comes the Defendant, CHEROSCO BREWER, by his appointed counsel, and moves this Court for Leave to File a Motion for a New Trial pursuant to Fed. R. Crim. P. 33(a), although out of time. As grounds, the Defendant states as follows:

The Defendant was found guilty by a jury on January 20, 2019, of the offenses of possessing marijuana and cocaine with the intent to distribute same, possessing a firearm in furtherance of a drug trafficking crime; and being a convicted felon in possession of a firearm [Docket Numbers 1, 143, 147]. The Defendant's trial counsel subsequently filed untimely post-trial motions for a Judgment of Acquittal and for a New Trial pursuant to Fed. R .Crim. P. 29 and 33, respectively. These Motions requested the Court to reconsider previously filed pretrial motions to dismiss and to suppress evidence from the traffic stops in his case and to set aside the jury verdicts based upon the insufficiency of evidence as well as comments made by the prosecutor during the government's opening statement [DN 152]. In addition to a finding that trial counsel failed to show "excusable neglect" in his late filing, this Court determined that a new trial was not warranted on the two grounds asserted by the Defendant's retained lawyer [DN 171].

Subsequently, Mr. Brewer's trial counsel moved to withdraw as counsel of record, which was sustained by the Court [DN 186]. The Office of the Federal Defender was then appointed;

however, following a ex parte hearing on September 10, 2019, Mr. Brewer's request for new counsel was sustained and the undersigned was appointed to represent the Defendant [DN 199 * SEALED].

Following his appointment, undersigned counsel met in person with his client and took other steps to become familiar with the record in this case. For the reasons previously stated in the Defendant's Motion for Extension of Time [DN 201], the undersigned was granted an extension to adopt, supplement or withdraw Mr. Brewer's *pro se* motions [Document Numbers 195, 196, 202].

Simultaneously with this Motion, the undersigned has filed a Motion to Withdraw the Defendant's *pro se* motions.

In their place the undersigned hereby files this request for the untimely filing of a Motion for a New Trial, pursuant to Fed. R. Crim. P. 33(a), which asserts an ineffective assistance of counsel argument pertaining to the suppression motion and hearing that was held in this Court in November, 2017 and January, 2018. The lawyers that represented Mr. Brewer during the filing of pleadings, the evidentiary hearing and post-hearing briefing regarding the Motion to Suppress were allowed to withdraw [DN 79] and were replaced by Mr. Brewer's trial counsel [DN 84].

This Circuit has determined that Rule 33 must be read in conjunction with Fed. R. Crim. P. 45, which provides that "[w]hen an act must or may be done within a specified period, the court … may extend the time … on a party's motion made … after the time expires if the party failed to act because of excusable neglect, U.S. v. Munoz, 605 F.3d 359 at 367 (6th Cir., 2010).

It is submitted that the balancing of factors considered by the Circuit Court in Munoz favor the granting of Mr. Brewer's motion to be allowed to file his new trial motion out of time.

The first factor is determining "the reason for the delay, including whether it was within the control of the [defendant]" (emphasis in the original), Pioneer Investment Services Co. v. Brunswick Associates, 507 U.S. 380 at 395, 113 S.Ct. 1489 (1993).  As indicated in the record of this case, Mr. Brewer's trial counsel filed his Rule 33 motion out of time "with no explanation of the delay" [DN 171; Page ID #1041-1042].  Additionally, Mr. Brewer has asserted in a *pro se* pleading [DN 195] that his trial counsel "failed to act in Brewer's interest as in litigating the probable case [sic] effectively despite his explicit request to do so" and told "Brewer he was granted leave to file any new trial or post trial motions when he wasn't…. [DN 195; Page ID # 1142].  It would appear from these statements that Mr. Brewer initially believed that his trial counsel had filed the New Trial Motion timely and advanced arguments that the Defendant endorsed.  It is submitted that the time period between the untimely filing of trial counsel's Rule 33 Motion and today (which included the necessity of appointing two successor counsel) was not within Mr. Brewer's control.

It is submitted that the government is not prejudiced by this out of time filing.  There are no co-defendants that are impacted by the delay.  Mr. Brewer remains in custody.

It is further submitted that the length of the delay between the untimely filing on January 30, 2019 and today is not attributable to either Mr. Brewer or undersigned counsel. This Court previously has found good cause to allow both trial counsel and the Federal Defender to withdraw. Other continuances have been approved by the Court.

Combined with the absence of any bad faith on the part of Mr. Brewer, the Defendant submits that his untimely motion for a new trial should be allowed.

        Respectfully submitted,

        /s/LARRY D. SIMON
        Larry D. Simon
        The Kentucky Home Life Building
        239 South 5th Street – Suite 1700
        Louisville, KY 40202
        (502)589-4566
        Larrysimonlawoffice@gmail.com

## **CERTIFICATION**

I certify that a copy of the foregoing was filed electronically on October 1, 2019. Notice of this filing will be sent to all registered parties by operation of Court's ECF system.

        /s/LARRY D. SIMON