UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

Criminal Action No. 3:17-cr-37-DJH

VS.                                            **MOTION FOR NEW TRIAL**

CHEROSCO BREWER                                                                                             DEFENDANT

\* \* \* \* \*

Comes the Defendant, Cherosco Brewer, by counsel, and respectfully moves that this Honorable Court enter the attached Order granting him a Motion for New Trial pursuant to Fed. R. Cr. P. 33 and *United States v. Muñoz*, 605 F.3d 359 (6th Cir. 2010). As grounds for the foregoing, Defendant states as follows:

   I.   **Defendant's first counsel provided ineffective assistance when they failed to raise and preserve the violation of Defendant's rights pursuant to the Equal Protection Clause of the Fourteenth Amendment in the context of Defendant's stops for "excessive tint" in his car windows.**

Defendant was initially represented by counsels Keith Kamenish and Scott Barton. On July 18, 2017, they filed a Motion to Suppress the warrantless search of the cars, based in part on the fact that on both occasions the pretext that the police used to stop Mr. Brewer were allegations of "excessive window tinting." *See, e.g.,* Motion to Suppress, 07/18/2018, DN 26, at 2-3 (PageID# 108-109). They also filed a Supplemental Motion to Suppress statements Mr. Brewer had made to the police (DN 33). After a suppression hearing spread over three sessions in Court, they filed a post-hearing Brief in Support of Motion to Suppress (DN 57). Specifically, they alleged

1

- Credibility issues with the police regarding the purpose of the stop negated a finding of probable cause or articulable suspicion;

- The violation of the Kentucky statute regarding excessive window tinting was not demonstrated by the arresting officers due to a lack of objective standards of measurement;

- Extended detention of Mr. Brewer during the traffic stop while waiting for a drug dog, in violation of *Rodriguez v. United States*, 135 S.Ct. 1609, 1615 (2015).

- That the conduct of the officers of the LMPD Ninth Mobile Division in pulling motorists over for excessive window tinting and holding them for a drug dog constituted an impermissible "roaming roadblock" used "to uncover evidence of ordinary criminal wrongdoing" in violation of the holding in *City of Indianapolis v. Edmond*, 531 U.S. 32, 41-42 (2000).

However, counsel failed to argue the most obvious and glaring reason that pretextual stops for excessive window tint are unconstitutional: that they are, by and large, directed at motorists of color and violate the Equal Protection Clause of the Fourteenth Amendment.

Counsel Kamenish and Barton were ineffective for failing to assert as grounds that LMPD's warrantless searches of the vehicles were racially motivated and thus violated his rights. The Equal Protection Clause prohibits officers from selectively enforcing laws based on race. *Whren v. United States,* 517 U.S. 806, 813 (1996); *see also Sow v. Fortville Police Dep't*, 636 F.3d 293, 303 (7th Cir.2011) ( "Racial profiling, or selective enforcement of the law, is a violation of the Equal Protection Clause[;]") *Marshall v. Columbia Lea Regional Hospital,* 345 F.3d 1157, 1166 (10th Cir. 2003); *see also United States v. Avery,* 137 F.3d 343, 352 (6th Cir. 1997) ("The

Equal Protection Clause of the Fourteenth Amendment provides citizens a degree of protection independent of the Fourth Amendment protection against unreasonable searches and seizures.")

It is incumbent on the defendant's counsel to establish that the police officers' actions "had a discriminatory effect and were motivated by a discriminatory purpose." *Marshall* at 1168. In other words, in order to effectively litigate the Motions to Suppress, counsel would need to demonstrate that the LMPD Ninth Mobile Division engaged in a form of bias that relied on the race of the defendant rather than his behavior or information that led the police to him.

The Louisville Metro Police Department has in fact finally acknowledged that its methods of conducting traffic stops have been deeply flawed. Following numerous complaints against LMPD during the last five years, culminating in the unjustified stop of an African-American student, Tae-Ahn Lea, by the Ninth Mobile Division, LMPD was forced to admit that its procedures were in error and enacted sweeping revision of its training and policies regarding traffic stops. Memorandum, Louisville Metro Police Department, Traffic Stop SOP Updates and YouTube Video—Revised General Order #19-007, May 9, 2019 (Exhibit A); *see also* 2014 Vehicle Stops Report, Deborah G. Keeling, Ph.D., Angela Schwendau, Department of Criminal Justice (University of Louisville 2014) (Exhibit B).

While LMPD finally made changes this year, this conduct has been commonly known in the Louisville community for years. *See, e.g.,* Ryan, "African American Drivers More Likely To Be Searched, Arrested by Louisville Metro Police," October 24, 2014, https://wfpl.org/african-american-drivers-more-likely-to-be-searched-arrested-by-louisville-metro-police/ .

Present counsel believes that previous counsel's failure to assert this ground was ineffective assistance of counsel pursuant to *Strickland v. Washington*, 466 U.S. 668, 694 (1984) justifying a new trial pursuant to F. R. Cr. P. 29, 33 and 45, and *United States v. Muñoz*, 605 F.3d

359 (6th Cir. 2010). However, in order to set forth fully his argument in this regard, Defendant will require an extension of time to supplement this Motion to prove the allegations herein.

> **II.      Counsel requires the opportunity to review the trial transcript to address any further instances of ineffective assistance of counsel.**

Counsel has interviewed the Defendant, Mr. Brewer, and reviewed the file. However, in order to complete his responsibilities pursuant to this Court's Order regarding Mr. Brewer's Motions for New Trial, counsel will need to review the transcript of the trial and have an opportunity to prepare pleadings in accordance with what that reveals. Counsel requests a minimum of ninety (90) days to complete the review of the case and file appropriate pleadings.

WHEREFORE, Defendant requests that this Court permit filing of this Motion for New Trial; that this Court permit supplementation of this Motion with such facts and legal arguments as may be justified by the record of the trial; and that this Court grant a period of ninety (90) days in which to do so.

                    Respectfully submitted,

                    **/s/ Larry D. Simon**
                    LARRY D. SIMON
                    Kentucky Home Life Building
                    239 South Fifth Street, Suite 1700
                    Louisville, Kentucky 40202
                    502-589-4566
                    Counsel for Defendant Cherosco Brewer

5

## **CERTIFICATE OF SERVICE**

It is hereby certified that this pleading was electronically filed through the ECF system, which will send electronic notice of filing to counsel of record, on this the 1st day of October, 2019.

**/s/ Larry D. Simon**
LARRY D. SIMON