**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CRIMINAL ACTION NO. 3:17-CR-37-DJH**

UNITED STATES OF AMERICA                                          PLAINTIFF

V.                                                      *Electronically Filed*

CHEROSCO BREWER                                                   DEFENDANT

\* \* \* \* \*

**DEFENDANT'S MOTION FOR ISSUANCE OF A SUBPOENA FOR THE**
**PRODUCTION OF DOCUMENTS AND DATA**

Comes the Defendant, CHEROSCO BREWER, by his appointed counsel, and pursuant to

Fed.R. of Crim. P.17(c), LCrR 17.2(c) and Joint General Order No. 2016-02, moves this Court to

authorize the issuance of a subpoena to the Louisville Metro Police Department for the Production

of Documents and Data pertinent to his Motion for New Trial [DN 205].  As grounds for this

Motion, the Defendant states as follows:

1.      The undersigned was appointed to represent the Defendant as successor counsel

from the Court's Criminal Justice Act attorney panel [DN 199 Sealed].

2.      Subsequently this Court granted the Defendant's request for additional time in order

to supplement his Motion for New Trial [DN 210].

3.      As stated in the Motion for New Trial, Defendant asserts that his previous counsel

of record were ineffective for "failing to assert as grounds that LMPD's warrantless searches of

the [Defendant's] vehicle were racially motivated and this violated his rights…" DN 205, Page ID

#169.

4.      In asserting a claim of selective enforcement, a defendant must establish that "a law

or regulation was enforced against him, but not against similarly situated individuals of other

races," *see United States v. Barlow*, 310 F.3d 1007, 1010 (7th Cir. 2002).

1

5.     The Defendant has alleged that the LMPD has a history and practice, that existed at the time of the dates of Mr. Brewer's arrests, of targeting African-American males for vehicle stops and intrusive searches. Thus, it is incumbent upon the Defendant to demonstrate an "invidious discriminatory purpose" that can be inferred from the totality of the relevant facts and show LMPD traffic stops "bear more heavily on one race than another," *see Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157 (10th Cir. 2003); *United States v. Avery*, 137 F.3d 343 (6th Cir. 1997).

6.     It is a matter of public record that LMPD commanders, such as First Division Commander Eric Johnson, have "given [LMPD] officers instructions to aggressively patrol neighborhoods and take as much enforcement action as possible while also treating people with dignity and respect..." but that this has often resulted in pretextual traffic stops of African-American people in Louisville. *See, e.g.,* Costello and Bailey,  "'Absolutely nothing' to racial profiling claim in Rev. Kevin Cosby stop," Louisville *Courier-Journal,* September 25, 2018, https://www.courier-journal.com/story/news/2018/09/25/louisville-police-commander-rejects-racial-profiling-claim-kevin-cosby-stop/1382916002/; Robert Bradfield, "LMPD traffic stop policies questioned after viral video shows teen pulled over, handcuffed," WHAS11.com, April 16, 2019,    https://www.whas11.com/article/news/local/lmpd-traffic-stop-policies-questioned-after-viral-video-shows-teen-pulled-over-handcuffed/417-b4f04c40-070f-4ea5-becc-24a1054e7873

7.     LMPD has in fact found it necessary within the past seven months to overhaul its standard operating procedures for "conducting field interviews, traffic stops, investigatory stops, Terry Stops, vehicle/dwelling searches, and pat down searches, including the use of a canine…violator contact, removing occupants from a vehicle, seating subjects on the ground, and

subject restraint…" LMPD Memorandum, "Traffic Stop SOP Updates and YouTube Video—Revised General Order #19-007," Chief Steve Conrad, May 9, 2019 (Exhibit 1).

6.     The Defendant requests this Court to authorize the issuance of a subpoena to the LMPD's Analytics Department for the production of documents and data that demonstrate the characteristics/qualitative information from vehicular traffic stops:

- Types of vehicular stops (compliance; courtesy; complaint/criminal; traffic violation);

- Nature of the traffic violation that prompted the vehicle stop;

- Ethnicity of driver;

- Ethnicity of driver by type of vehicle stop;

- Percentage of searches conducted during vehicle stops (and percentages of positive finding for each type of traffic stop as well as ethnicity of driver)

- Percentages of probable cause searches conducted by ethnicity of driver;

- Percentages of consent searched conducted by ethnicity of driver;

- Percentages of vehicle stops in which K-9 unit(s) assist, by ethnicity of driver;

- Searches with positive findings by ethnicity by type of vehicle stop

- Length of stop by ethnicity of driver

- Length of stop by ethnicity of driver by vehicle stop type

- Location of vehicular stops

7.     Since this same data would be subject to both statistical and evaluative analyses by LMPD and statewide policymakers, the Defendant requests the production of all internal and external studies, reports and recommendations regarding biased policing or racial profiling in traffic stops.

8.      The Defendant is aware that such studies have taken place and such data is gathered by both LMPD and the Commonwealth of Kentucky Justice Cabinet. *See, e.g.,* Keeling and Schwendau, "2014 Vehicle Stops Report," Department of Criminal Justice, University of Louisville (Exhibit 2); Kentucky Vehicle Stops Database 2001 Report, Kentucky Justice Cabinet, November 2002 (Exhibit 3).

9.      The Defendant submits that the most recent 7 years of data in these categories would be sufficient for the purposes of this motion.

**WHEREFORE,** the Defendant requests this Court to approve the issuance of a subpoena to LMPD for the production of the data, documents and applicable reports and that the responses received from the LMPD Analytics Division shall be served on counsel for the United States and undersigned counsel.

Respectfully submitted,


/s/LARRY D. SIMON
Larry D. Simon
The Kentucky Home Life Building
239 South 5th Street – Suite 1700
Louisville, KY 40202
(502)589-4566



**CERTIFICATION**

I certify that a copy of the foregoing was filed electronically on November 13, 2019.

Notice of this filing will be sent to all registered parties by operation of Court's ECF system.


/s/ LARRY D. SIMON