UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:17-CR-37-DJH

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.                                                               *Electronically Filed*

CHEROSCO BREWER                                                                              DEFENDANT

**DEFENDANT'S REPLY TO THE RESPONSE OF THE UNITED STATES
TO CHEROSCO BREWER'S MOTION FOR ISSUANCE
OF A SUBPOENA (DN 211)**

\* \* \* \* \*

Comes the Defendant, Cherosco Brewer, by his appointed counsel, and for his Reply to the Response of the United States (DN 213) to his Motion for Issuance of a Subpoena, states as follows:

1. Previously, this Court granted the Defendant's Motion for leave to file his untimely Motion for a New Trial (DN 207). Said Motion for a New Trial was filed October 1, 2019 (DN 205).

2. This Motion asserted that Mr. Brewer's previous counsel were ineffective for failing to assert as grounds that the Louisville Metro Police Department's (LMPD's) warrantless searches of Defendant's vehicles were racially motivated and thus violated his rights (DN 205, PageID #1169).

3. On October 21, 2019, this Court granted the Defendant's request for additional time in order to supplement his Motion for New Trial (DN 210).

4. In an effort to establish the claim that Mr. Brewer's traffic stops and resulting seizures were the result of racially selective law enforcement, undersigned counsel filed a Motion with the Court, pursuant to Fed. R. Crim. P. 17(c) and LCrR 17.2(c), and Joint General Order No.

1

2016-02, to authorize the issuance of a subpoena to the LMPD Analytics Department for the production of documents and data that demonstrate the characteristics/qualitative information of this law enforcement agency's officers' traffic stops for a statistically relevant period of time (DN 211). After the passage of nineteen (19) days, the Court ordered the government to respond to this request for the production of documents (DN 212).

5. The Response of the United States asserted its objection to the issuance of such a subpoena by characterizing the request as a "fishing expedition" (DN 213, PageID #1447) and stated that "[t]he Court unequivocally found that the traffic stops were supported by reasonable suspicion" and the resulting searches and seizures were justified (*Id*., PageID ##1447-1448). However, even if the searches were proper under the Fourth Amendment, selective **enforcement** based upon racial profiling is a violation of the Equal Protection Clause. "The Equal Protection Clause of the Fourteenth Amendment provides citizens a degree of protection independent of the Fourth Amendment protection against unreasonable searches and seizures." *United States v. Avery*, 137 F.3d 343, 584 (6th Cir. 2003).

6. The Response of the United States mistakenly states that previous counsel for Mr. Brewer, Mr. Mejia, asserted a claim of selective enforcement in his Motion to Dismiss the Indictment (DN 94). Contrary to the statement of the government, this Court denied the aforementioned Motion to Dismiss by finding that there was no vindictive or selective **prosecution** of Mr. Brewer (DN 114, PageID ##751-753). The claim advanced in the Motion for New Trial is one of selective enforcement of laws based upon race.

7. As such, a selective enforcement claim can only prevail upon a showing that a law was enforced against the Defendant, but not against similarly situated individuals of other races. Such a claim cannot be demonstrated by anecdotal or isolated incidents involving only Mr. Brewer.

The government's response accurately states that a "defendant challenging a criminal prosecution at…the law enforcement…inflection point[s] must provide 'clear evidence' of discriminatory effect and discriminatory intent (the latter is sometimes referred to as 'discriminatory purpose')" (DN 213; PageID #1449).

8. It is submitted that the documents and data that have been requested by Mr. Brewer are the exact kind of evidence that would be necessary to demonstrate whether "similarly situated individuals of a different race or classification were not…arrested or otherwise investigated." *United States v. Washington,* 869 F.3d 193, 214 (3d Cir. 2017), *cert. den.,* 138 S.Ct. 713, 199 L.Ed. 2d 582 (2018).

9. The requested data provides quantitative information over a sufficiently long period of time relative to the stops of Mr. Brewer. The targeted data should provide specific and essential information about the characteristics of LMPD traffic stops as they pertain to the race of the driver. Most significantly, the data is collected for the purpose of being analyzed so that a determination can be made whether LMPD has been engaged in biased policing and if so, supporting a modification of the Department's Standard Operating Procedures.

WHEREFORE, the Defendant respectfully requests the issuance of the subpoena to the LMPD Analytics Department.

Respectfully submitted,

/s/LARRY D. SIMON
Larry D. Simon
The Kentucky Home Life Building
239 South 5th Street – Suite 1700
Louisville, KY 40202
(502)589-4566

## **CERTIFICATION**

I certify that a copy of the foregoing was filed electronically on December 22, 2019.

Notice of this filing will be sent to all registered parties by operation of Court's ECF system.

/s/ LARRY D. SIMON