**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CRIMINAL ACTION NO. 3:17-CR-37-DJH**

UNITED STATES OF AMERICA                                                                                           PLAINTIFF

V.                                                                                *Electronically Filed*

CHEROSCO BREWER                                                                                                  DEFENDANT

\* \* \* \* \*

**DEFENDANT'S MOTION TO RETAIN EXPERT SERVICES**

Comes the Defendant, CHEROSCO BREWER, by his appointed counsel, and pursuant to 18 U.S.C. §3006A(c)(1), moves this Court to authorize counsel for the Defendant to retain expert services necessary for adequate representation. As grounds for this Motion, the Defendant states as follows:

1. That the undersigned was appointed as successor counsel for Mr. Brewer when the Office of the Federal Community Defender was allowed to withdraw (DN 199).

2. That Mr. Brewer was previously found to be indigent and as such is financially unable to obtain expert or other services necessary to support his pending Motion for New Trial.

3. Undersigned counsel has filed a motion requesting the approval of the Court to issue a subpoena to the Louisville Metro Police Analytics Department to provide data that it compiles in the normal operations of its law enforcement activities that demonstrate the characteristics and other qualitative information from vehicular traffic stops by its officers in Jefferson County. This data contains statistical percentages related to the ethnicity of the driver and the types of vehicular stops, the nature of the traffic violation that prompted the vehicle stop, whether probable cause or consent searches resulted from the stop, percentages of vehicle stops in which K-9 units assist, etc. This Motion, which has now been briefed by the parties, was filed in

support of Mr. Brewer's selective-enforcement claim in his new trial motion. It is submitted that this data is a necessary component of demonstrating a discriminatory effect, in that there is a clear pattern of racial disparities in whom LMPD officers choose to target. It is a necessary component of discriminatory intent, in that these racial disparities cannot be explained on grounds other than race.

4. However, the data itself would not likely be enough to demonstrate a substantive claim of selective enforcement/racial profiling by LMPD traffic stops in a time period relative to the Defendant's offense dates. The requested data and statistical breakdown of LMPD traffic stops must be analyzed by a qualified witness, an individual or group of individuals with the requisite training and experience to employ scientifically reliable methodology, subject to peer review and the other standards this Court and others employ to insure reliability. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

WHEREFORE, the Defendant respectfully requests that this Court grant his Motion to authorize undersigned counsel to retain expert services necessary for the proper representation of the Defendant in conjunction with his pending Motion for New Trial.

                      Respectfully submitted,

                      /s/LARRY D. SIMON
                      Larry D. Simon
                      The Kentucky Home Life Building
                      239 South 5th Street – Suite 1700
                      Louisville, KY 40202
                      (502)589-4566

3

## CERTIFICATION

I certify that a copy of the foregoing was filed electronically on December 22, 2019.

Notice of this filing will be sent to all registered parties by operation of Court's ECF system.

/s/ LARRY D. SIMON