IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                  PLAINTIFF

vs.                                         CRIMINAL ACTION NO. 3:17-CR-00037-DJH

CHEROSCO BREWER                                              DEFENDANT

### RESPONSE TO MOTION TO RETAIN EXPERT SERVICES [DN221]
*--Electronically Filed--*

The United States opposes the defendant's Motion to Retain Expert Services [DN221] because the defendant's motion is premature and because he has not met the statutory requirements for accessing Criminal Justice Act funds by failing to demonstrate necessity.

The defendant requests an expert witness in anticipation of the Court granting his Motion for the Issuance of a Subpoena *Duces Tecum* [DN211], which the United States has opposed [DN213] and on which the Court has not yet ruled. Title 18, United States Code, Section 3006A(e)(1) allows for CJA funds for investigative, expert, or other services necessary for adequate representation when a defendant is financially unable to obtain such services himself. The defendant claims that he requires an expert in order to assist him in analyzing "data" that he should not receive because he has offered nothing to support an inference that traffic laws were selectively enforced against him. *See* DN 213. Until the Court rules on the defendant's motion for the subpoena, his request for an expert is premature. If the Court denies the defendant's motion for the subpoena, his request is moot.

Even if the Court grants the defendant's motion for a subpoena, the defendant has not articulated with any specificity how an expert is necessary for adequate representation. His motion

merely concludes that an expert is necessary because, "the data itself would not likely be enough to demonstrate a substantive claim of selective enforcement/racial profiling by LMPD traffic stops in a time period relative to the defendant's offense dates." [DN 221]. "In requesting a court-appointed expert, the burden is on the defendant to show that 'such services are necessary to an adequate defense.'" *United States v. Nichols*, 21 F.3d 1016, 1018 (10th Cir. 1994)(quoting *United States v. Greschner*, 802 F.2d 373, 376 (10th Cir. 1986)). It is not sufficient to posit that because the defendant is seeking data from LMPD that he hopes will support his claim, a statistician is necessary. *See, e.g. United States v. Lancaster,* 64 F.3d 660 (4th Cir. 1995) ("vague, non-specific claims do not satisfy the statutory requirement of necessity").

Wherefore, the United States respectfully requests the Court deny the defendant's Motion to Retain Expert Services [DN 221].

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

*/s/ Erin McKenzie*

---

Erin G. McKenzie
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
Phone: (502) 582-5911
FAX:   (502) 582-5067
Email: Erin.McKenzie@usdoj.gov

CERTIFICATE OF SERVICE

On December 23, 2019, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel of record for the defendant.

2

*/s/ Erin G. McKenzie*
Erin G. McKenzie
Assistant United States Attorney

3

*/s/ Erin G. McKenzie*