UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:17-CR-37-DJH

UNITED STATES OF AMERICA                                          PLAINTIFF

V.                                          *Electronically Filed*

CHEROSCO BREWER                                                 DEFENDANT

* * * * *

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE (DN 222)**
**TO DEFENDANT'S MOTION TO RETAIN EXPERT SERVICES (DN 221)**

Comes the Defendant, CHEROSCO BREWER, by his appointed counsel, and for his Reply to the Government's Response (DN 222) to Defendant's Motion to Retain Expert Services (DN 221), states as follows:

Defendant requests funds pursuant to the Criminal Justice Act, 18 U.S.C. §3006A(c)(1), to retain expert services necessary for the proper presentation of documents and data that demonstrate the characteristics of, and provide qualitative information from, vehicular traffic stops in Louisville, Jefferson County, Kentucky. Defendant has previously requested that this Court enter an Order authorizing the issuance of a third-party subpoena to the Louisville Metro Police Department (LMPD) Analytics Department for this data.

Anticipating that the Government will object not only to the production of the data but to the presentation of the data once it is received, counsel has similarly moved that this Court enter an Order authorizing CJA funds for a statistical expert to present the data once it is received.

The Government objects on the ground that the Motion is premature. However, on October 18, 2019, this Court granted Defendant ninety (90) days to supplement his Motion for New Trial (DN 210). That deadline is thus January 17, 2020. Even though the underlying Motion

1

for a third-party subpoena has not yet been ruled upon, time is a significant factor that would enter into this Court's consideration of this Motion.

Moreover, should the Court grant both of the Defendant's pending motions, it is a certainty that an extension of time to fully supplement the claim of ineffective counsel would be needed for the necessary production of documents and anticipated expert testimony.

As was the situation in *United States v. Munoz,* 605 F.3d 359, 366 (6th Cir. 2010), Mr. Brewer's "ineffective-assistance claim in this case is presented in the atypical context of an overarching new-trial-motion determination…" Mr. Brewer's motion for leave to file an untimely motion for a new trial (DN 204) was granted along with his previous request for an additional ninety (90) days to supplement his motion (DN 207). Although this Court indicated in its Order that it did "not anticipate any further extensions or delays," undersigned counsel now believes that it is necessary to request an extension.

It is submitted that granting the Defendant such an extension would not prejudice the Government for the same reasons stated in *Munoz.* 605 F.3d at 371.

Furthermore, undersigned counsel "promptly moved to continue sentencing" after his appointment as successor counsel. *Id.,* n.7. Since Mr. Brewer has not yet been sentenced and no appeal has been taken, there will be "no waste of judicial resources as a result of" the additional time needed to supplement the Defendant's new-trial motion with the evidence sought in the pending motions. *Id.*

Notwithstanding this Court's preference to proceed to sentencing without any further delays, it is submitted that "the district judge is in the best position to know how long a diligent successor counsel would require to research and prepare a new-trial motion under the circumstances of a given case." *Id.* at 372.

2

The Government claims that the Defendant has not "articulated with any specificity" why an expert is necessary. Defendant responds that the Government would surely object to the relevance or admissibility of raw data. Moreover, Defendant has an obligation to handle the anticipated evidence in such a way as to maximize its clarity and admissibility before this Court.

Under *Ake v. Oklahoma,* 470 U.S. 68 (1985), an indigent defendant who demonstrates to the trial judge that his [or her] sanity at the time of the offense is to be a significant factor at trial…must [be given free] access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense. Although *Ake* itself only deals with psychiatric experts, the Court's reasoning applies to other kinds of expert assistance as well. The *Ake* decision is grounded on the State's obligation to afford an indigent defendant "access to the raw material integral to the building of an effective defense…" 470 U.S. at 77.

The same obligation exists whether the necessary "raw material" is a psychiatrist or some other type of expert. "Criminal cases will arise where the only reasonable and available defense strategy requires consultation with experts or introduction of expert evidence." *Hinton v. Alabama,* 134 S. Ct. 1081, 1088 (2014) (per curiam)(citations omitted).

In this case, as previously discussed in Defendant's Motion for Issuance of a Subpoena for the Production of Documents And Data (DN 211), Defendant has alleged that the LMPD has a history and practice (that existed at the time of the dates of his arrests) of targeting African-American males for vehicle stops and intrusive searches.  The Defendant must demonstrate a "discriminatory purpose" that can be inferred from the totality of the relevant facts and show LMPD traffic stops "bear more heavily on one race than another." *See Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157 (10th Cir. 2003); *United States v. Avery*, 137 F.3d 343 (6th Cir. 1997).

In this regard, one of the relevant factors from which it can be inferred that LMPD traffic stops bear more heavily on African-Americans was previously referred to in the pending Motion:

> LMPD has in fact found it necessary within the past seven months to overhaul its standard operating procedures for "conducting field interviews, traffic stops, investigatory stops, Terry Stops, vehicle/dwelling searches, and pat down searches, including the use of a canine…violator contact, removing occupants from a vehicle, seating subjects on the ground, and subject restraint…" LMPD Memorandum, "Traffic Stop SOP Updates and YouTube Video—Revised General Order #19-007," Chief Steve Conrad, May 9, 2019

Motion for Issuance of a Subpoena for the Production of Documents and Data, DN 211, at PageID ##1308-1309; Report appended as Exhibit 1 (DN 211-1). This exhibit specifically points out, through highlighted sections, the changes made to the SOPs. *See, e.g*., SOP 7.12.1, *id.* at 17-18, PageID ##1327-1328.

WHEREFORE, the Defendant respectfully renews his request that this Court grant his Motion to authorize undersigned counsel to retain expert services necessary for the proper representation of the Defendant in conjunction with his pending Motion for New Trial.

Respectfully submitted,


/s/LARRY D. SIMON
Larry D. Simon
The Kentucky Home Life Building
239 South 5th Street – Suite 1700
Louisville, KY 40202
(502)589-4566

**<u>CERTIFICATION</u>**

I certify that a copy of the foregoing was filed electronically on December 30, 2019.

Notice of this filing will be sent to all registered parties by operation of Court's ECF system.

/s/ LARRY D. SIMON

5