UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

Criminal Action No. 3:17-cr-37-DJH

VS.        **SUPPLEMENT TO MOTION FOR NEW TRIAL (DN 205)**
           *Electronically Filed*

CHEROSCO BREWER                                                             DEFENDANT

\* \* \* \* \*

Comes the Defendant, Cherosco Brewer, by counsel, and for his Supplement to his Motion for New Trial (DN 205), states as follows:

**I.   DEFENDANT'S FIRST COUNSEL PROVIDED INEFFECTIVE ASSISTANCE WHEN THEY FAILED TO RAISE AND PRESERVE THE VIOLATION OF DEFENDANT'S RIGHTS PURSUANT TO THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT IN THE CONTEXT OF DEFENDANT'S STOPS FOR "EXCESSIVE TINT" IN HIS CAR WINDOWS.**

Defendant readopts and realleges the allegations of his Motion for New Trial in this regard. Briefly stated, Defendant's first attorneys, Keith Kamenish and Scott Barton, filed a Motion to Suppress the warrantless searches of the cars, based in part on the pretext that the police used to stop Mr. Brewer were allegations of "excessive window tinting," *(see, e.g.,* Motion to Suppress, 07/18/2018, DN 26, at 2-3 (Page ID# 108-109)), and a Supplemental Motion to Suppress statements Mr. Brewer had made to the police (DN 33).

Defendant alleges, however, that counsels Kamenish and Barton were ineffective for failing to assert as grounds that LMPD's warrantless searches of the vehicles were racially motivated and thus violated his rights. *See* DN 205, Page ID #169.

In asserting a claim of selective enforcement, a defendant must establish that "a law or regulation was enforced against him, but not against similarly situated individuals of other races," *see United States v. Barlow*, 310 F.3d 1007, 1010 (7th Cir. 2002). Defendant has alleged in his Motion for New Trial that LMPD has a history and practice, that existed at the time of the dates of Mr. Brewer's arrests, of targeting African-American males for vehicle stops and intrusive searches. However, in making this claim, it is incumbent upon the Defendant to demonstrate an "invidious discriminatory purpose" that can be inferred from the totality of the relevant facts and show LMPD traffic stops "bear more heavily on one race than another." *See Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157 (10th Cir. 2003); *United States v. Avery*, 137 F.3d 343 (6th Cir. 1997).

Following a number of highly publicized incidents, LMPD has in fact found it necessary within the past year to overhaul its standard operating procedures for "conducting field interviews, traffic stops, investigatory stops, Terry Stops, vehicle/dwelling searches, and pat down searches, including the use of a canine…violator contact, removing occupants from a vehicle, seating subjects on the ground, and subject restraint…" LMPD Memorandum, "Traffic Stop SOP Updates and YouTube Video—Revised General Order #19-007," Chief Steve Conrad, May 9, 2019 (Exhibit 1).

In accordance with his duty to investigate Defendant's claim, on November 13, 2019, successor counsel thus requested this Court to authorize the issuance of a subpoena to the LMPD's Analytics Department for the production of documents and data that demonstrate the characteristics/qualitative information from vehicular traffic stops (DN 211). The Government has responded (DN 213), and Defendant has replied (DN 220).

Anticipating that a favorable ruling on the Motion for Subpoena will require the services of a statistician to establish the legal significance of the data gathered therefrom, Defendant has also moved this Court for funding for expert services for a statistician (DN 221). The Government has responded (DN 222), and Defendant has replied (DN 223).

However, as of the date of this pleading, rulings on the aforementioned Motions (DN 211 and 221) have not issued.

Undersigned counsel previously identified the date of January 17, 2020, as the deadline to supplement the Motion for New Trial (DN 223, Page ID #2210); however, that calculation was erroneous. Notwithstanding the fact that this pleading is filed timely pursuant to this Court's Order (DN 210), the Defendant's Motion for Extension of Time (DN 224) remains under submission. Undersigned counsel understands the Court's reluctance to grant an extension, which would further delay these proceedings, but the proper preparation of Mr. Brewer's selective-enforcement claim in the context of an ineffective assistance of counsel claim requires the production and interpretation of the LMPD traffic stop data that has been requested.

In this regard, Defendant renews these Motions and requests that if this Court rules in his favor as to the pending Motions that the Court grant additional time to accomplish the gathering and interpretation of this data.

## II. TRIAL COUNSEL'S ERRORS DENIED MR. BREWER'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

The Defendant was found guilty, following his jury trial, of possessing marijuana and cocaine with intent to distribute these substances, possessing a firearm while committing a drug trafficking offense, and of being a convicted felon in possession of a firearm (DN 1, 143, 147).

As part of his defense to these charges, Mr. Brewer's trial counsel attempted to persuade the jurors that the police officers in his case were motivated by their desire to retaliate against the Defendant personally, since he had previously filed a lawsuit against some of the same officers pursuant to 28 U.S.C. § 1983.

Additionally, trial counsel called two witnesses, Ms. Stephanie Sears Yancey Henderson and Defendant's fiancée, Yvette Allen, in an attempt to demonstrate a number of factors that might be considered inconsistent with the government's case that Mr. Brewer was driving around "high crime" areas of Louisville on consecutive evenings with the intent to sell or distribute marijuana and cocaine. These factors included testimony from the witnesses that (1) Mr. Brewer let other people drive his car(s); (2) the dashboard of the car had previously been removed to perform repairs; (3) Mr. Brewer played the lottery and gambled and thereby had relatively large sums of cash on his person on a regular basis; and (4) that the quantity of drugs that were seized on each occasion were consistent with personal use (or the use by a small number of friends when they would socialize on selected weekends).

To characterize the perception of these witnesses in the eyes of the jury following their cross-examination by counsel for the United States as anything other than incredibly unbelievable and highly biased in favor of Mr. Brewer would be charitable.

It is apparent that Ms. Stephanie Sears Yancey Henderson's prior criminal conviction in the Jefferson (Kentucky) District Court for Giving Police Officer False Name or Address (KRS 523.110(1)) was either unknown to trial counsel or discounted as an impeachable offense by trial counsel. The witness also volunteered information that gutted the previous attempt of trial counsel to prohibit the introduction of proof in the government's case that Mr. Brewer had a prior felony conviction when she stated that

>   A:  …my cousin and him was locked up together.
>
>   Q:  I'm sorry?
>
>   A:  They was in the same penitentiary, that's all…

(Trial Transcript, Vol. 4, at 4-5). Additionally, this witness's sworn testimony that she had no connection to Mr. Brewer (*see, e.g.,* Trial Transcript, Vol. 3, at 179) was demonstrated to be a bald-faced lie when Yvette Allen testified that Ms. Henderson was her half-sister and thus, essentially, Mr. Brewer's future sister-in-law (Trial Transcript, Vol. 4, at 26-27).

The Defendant submits that the egregious error(s) in calling these two women as witnesses for Mr. Brewer demonstrates the inadequacy of counsel's performance. Fed. R. Crim. P. 33(a) grants trial courts the authority to "vacate any judgment and grant a new trial if the interest of justice so requires." Notwithstanding the requirement that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," the presentation of these two defense witnesses – apparently without even cursory background information and witness preparation – cannot be "considered sound trial strategy." *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L. Ed.2d 674 (1996).

WHEREFORE, Defendant moves that this Honorable Court enter the attached Order granting him a new trial pursuant to Fed. R. Crim. P. 33. In the alternative, Defendant moves that the Court grant additional time to supplement the record pursuant to Defendant's pending Motions for subpoena and for expert services (DN 211 and 221).

Respectfully submitted,

**/s/ Larry D. Simon**
LARRY D. SIMON
Kentucky Home Life Building
239 South Fifth Street, Suite 1700
Louisville, Kentucky 40202
502-589-4566
Counsel for Defendant Cherosco Brewer

**CERTIFICATE OF SERVICE**

It is hereby certified that this pleading was electronically filed through the ECF system, which will send electronic notice of filing to counsel of record, on this the 20th day of January, 2020.

**/s/ Larry D. Simon**