IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| vs. | CRIMINAL ACTION NO. 3:17-CR-00037-DJH |
| CHEROSCO BREWER | DEFENDANT |

**RESPONSE TO MOTION FOR NEW TRIAL AND SUPPLEMENT [DN 205, 225]**
*Electronically Filed*

The United States opposes the defendant's Motion for New Trial. On January 8, 2019, a jury convicted the defendant of 18 U.S.C. § 922(g)(1)[COUNT 1]; 18 U.S.C. § 841(a)(1) and (b)(1)(D)[COUNT 2]; 18 U.S.C. § 924(c)[COUNT 3]; and 18 U.S.C. § 841(a)(1) and (b)(1)(C)[COUNT 4]. Rule 33 provides that "[u]pon the defendant's motion, [the] court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The defendant's argument this time is that his previous counsel were ineffective. This argument, like the arguments in his prior motions for a new trial, lacks merit, and the Court should deny this Motion for a New Trial as well.

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court outlined the two elements required for prevailing on a claim of ineffective assistance of counsel: (1) a counsel's deficiency must fall below a standard of reasonableness and (2) that deficiency must severely prejudice the defendant. The prejudice to the defendant from the ineffective assistance must be so great that there is a reasonable probability that the result of the trial would have been

different. *Id.* at 697.  A failure to make the required showing of either deficient performance or sufficient prejudice defeats the entire ineffective assistance claim. Id. at 700.

### Original Counsel

The defendant claims his original counsel were ineffective in challenging the constitutionality of the traffic stops that resulted in the defendant being charged. Because counsel did not argue that the traffic stops were part of a pattern of selective enforcement of laws against African Americans, the defendant argues he was deprived of effective representation of counsel. Original counsel did, however, pursue several constitutional claims in efforts to suppress evidence, and they did so over three days of testimony and extensive briefing. Counsel framed arguments in terms of Fourth Amendment violations, but the defendant posits that he should get a new trial because counsel did not raise a suppression argument under the Fourteenth Amendment. The defendant is wrong.

When evaluating ineffective assistance claims, judicial scrutiny of counsel's performance is highly deferential. *See Engle v. Isaac*, 456 U.S. 107, 133-34 (1982).  The proper standard of review is that in light of a "reasonably competent attorney." *See Strickland*, 466 U.S. at 687; *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

"Every trial presents a myriad of possible claims. Counsel might have overlooked or chosen to omit respondents' due process argument while pursuing other avenues of defense. We have long recognized, however, that the Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim.." *Engle v. Isaac*, 456 U.S. 107, 133-34 (1982).

A claim of selective prosecution would have required counsel not only to establish a "discriminatory effect" but also that the police action was motivated by a "discriminatory

purpose." *United States v. Washington,* 869 F.3d 193, 214 (3d Cir. 2017), *cert. denied,* 138 S. Ct. 713, 199 L. Ed. 582 (2018). The evidence of record in the defendant's case undermines any notion of a discriminatory purpose, and instead indicates that this argument would not have successful even if it had been raised.

In this case, the record is well developed regarding the traffic stops of the defendant in particular, as well as the structure and functions of the LMPD Ninth Mobile Division in general. During the hearing on the defendant's Motion to Suppress, LMPD Sgt. James Adams (among others) testified that Ninth Mobile patrols were directed at areas identified as violent crime "hot spots." These "hot spots" are determined through the analysis of LMPD crime maps showing where calls for service for violent crimes are the highest. (DN 47, PageID# 270-72).

Original counsel, regular practitioners of criminal law in the Louisville area, no doubt were aware of the fact that the Ninth Mobile patrols are directed based on violent crime statistics. If they weren't aware prior to the suppression hearing, the testimony of Sgt. Adams would have made them aware. In light of this, the decision not to try to establish that Ninth Mobile patrols amount to selective enforcement seems reasonable. Original counsel would have had a difficult time showing that the police action was motivated by a "discriminatory purpose," as required for a claim of selective enforcement. In other words, the defendant cannot show that original counsel's decision not to argue selective prosecution was deficient under *Strickland*, as a reasonably competent attorney could have concluded the claim would be unsuccessful. Counsel's decision to focus their suppression strategy on Fourth Amendment claims likewise was reasonable.

Trial Counsel

The defendant's critique of trial counsel's performance does not rise to the level of ineffective assistance under *Strickland*. The defendant's complaint is that the proof presented on the defendant's behalf could not have been persuasive to the jury. Counsel called two witnesses on the defendant's behalf, and there were at least four ostensible strategic goals behind this decision, as outlined in the defendant's supplement to his new trial motion. (DN 225, PageID #2221). The defendant does not even seem to challenge the reasoning for calling the witnesses. Rather, he was unhappy with their performance on the witness stand, and imputes that performance to his attorney. However, this after-the-fact dissatisfaction is not enough to show counsel was deficient within the meaning of *Strickland*.

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.,* at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.,* at 687, 104 S.Ct. 2052.

*Harrington v. Richter*, 562 U.S. 86, 104, 131 S. Ct. 770, 787, 178 L. Ed. 2d 624 (2011).

In any event, the defendant cannot establish that "there is a reasonable probability, that but for counsel's errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. In this case, the proof for the United States indicated that the defendant was pulled over on two consecutive nights, driving two different vehicles (one a rental and one belonging to his girlfriend), and that contraband was found hidden inside the dash each time. The defendant was also in possession of several cell phones and a significant amount of cash. During one of the

4

stops, a small candy box with a single serving of marijuana was found in the door handle, along with a canister containing several more bindles of marijuana hidden inside the dash. Additionally, a loaded pistol was hidden in the dash under the steering wheel of the defendant's rental car. The proof also indicated that several bindles of heroin were found inside the dash of a completely different vehicle driven by the defendant the next night.

Defense counsel aggressively defended the case, in the face of strong evidence guilt. At the close of the government's case, the evidence compelled one of two conclusions, either that the defendant was guilty or that he was the victim of an extremely unfortunate and unlikely coincidence. Counsel called two witnesses known to the defendant in attempt to explain some of the facts that seemed to compel the conclusion that the defendant knowingly possessed the contraband and did so with the intent to distribute narcotics. This was reasonable strategy in light of the evidence against the defendant. "The fact that a different or better result may have been obtained if a different decision had been made, does not mean that the defendant has not had the effective assistance of counsel." *O'Malley v. United States,* 285 F.2d 733, 734 (6th Cir. 1961).

## Conclusion

The defendant's Motion for a New Trial should be DENIED.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

 s/*Erin McKenzie*
Erin McKenzie
Corinne E. Keel
Assistant U.S. Attorneys
717 West Broadway
Louisville, Kentucky 40202
PH: (502) 582-5911
Email: erin.mckenzie@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 4, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

                                      s/*Erin McKenzie*
                                      Erin McKenzie
                                      Corinne E. Keel
                                      Assistant U.S. Attorneys