UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v. Criminal Action No. 3:17-cr-37-DJH

CHEROSCO BREWER, Defendant.

\* \* \* \* \*

## ORDER

A jury convicted Defendant Cherosco Brewer of multiple drug and firearm offenses. (Docket Nos. 143, 147; *see* D.N. 1) Brewer, represented by new counsel, filed post-trial motions seeking a new trial (D.N. 205), issuance of a subpoena to the Louisville Metro Police Department for production of documents and data (D.N. 211), and appointment of an expert to interpret that information (D.N. 221). He also seeks an extension of time to supplement his motion for new trial after he has had an opportunity to review the additional materials. (D.N. 224) Underlying these motions is Brewer's contention that he was improperly targeted by police—an argument the Court has previously considered and rejected in various forms. (*See* D.N. 66, PageID # 511-15; D.N. 114, PageID # 751-53) Brewer now argues that his original counsel were ineffective because they failed to assert a claim of selective enforcement under the Fourteenth Amendment. (*See* D.N. 205; D.N. 225, PageID # 2218-20) He further contends that his trial counsel's decision to call certain witnesses at trial amounted to ineffective assistance. (D.N. 225, PageID # 2220-22) For the reasons explained below, the Court will deny Brewer's motions.

**I.**

Brewer's conviction arises from traffic stops on November 11 and 12, 2015. The first night, Brewer was stopped by Louisville Metro Police Department officers for excessive window-tinting. A firearm and marijuana were found hidden in the vehicle, which was a long-term rental in Brewer's name. He was arrested and released on bond. The following night, Brewer was stopped while driving his fiancée's car, again for excessive window-tinting. This time, police found cocaine in the vehicle. On both nights, the drugs appeared to be packaged for sale. A jury found Brewer guilty of possessing marijuana and cocaine with the intent to distribute them, possessing a firearm in furtherance of a drug-trafficking crime, and being a convicted felon in possession of a firearm. (D.N. 143; D.N. 147; *see* D.N. 1)

After the trial but before sentencing, Brewer changed counsel for the second time, and then the third. (*See* D.N. 186; D.N. 199) The Court remanded the sentencing hearing to allow replacement counsel sufficient time to investigate and file a motion for new trial.[1] (D.N. 207; D.N. 210) Brewer now moves for a new trial on the ground of ineffective assistance of counsel. (D.N. 205; D.N. 225) Specifically, Brewer asserts that his original counsel were ineffective for failing to assert selective enforcement as a basis for suppression and that two defense witnesses, Yvette Allen and Stephanie Sears, gave such damaging testimony that the decision to call them amounted to ineffective assistance on the part of his trial counsel. (D.N. 225) In support of the first argument, Brewer seeks to subpoena documents and data from LMPD that he believes will establish that the department "has a history and practice . . . of targeting African-American males for vehicle stops and intrusive searches." (D.N. 211, PageID # 1308) He also moves for

---

[1] The Court previously denied Brewer's initial motion for new trial and a motion to reconsider that ruling, both of which were filed by trial counsel. (D.N. 171; D.N. 192; *see* D.N. 152; D.N. 176)

2

appointment of an expert to analyze the subpoenaed materials. (D.N. 221) The United States opposes each of these requests. (D.N. 213; D.N. 222; D.N. 228)

## II.

Rule 33 of the Federal Rules of Criminal Procedure provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Although claims of ineffective assistance of counsel are typically addressed via collateral attack, *see United States v. Wiggins*, 784 F. App'x 919, 927 (6th Cir. 2019), the Sixth Circuit has found that "a violation of [the defendant's] Sixth Amendment right to effective assistance of counsel clearly meets [Rule 33's 'interest of justice'] standard" and thus may be raised in a motion for new trial. *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010) (citing *United States v. Bass*, 460 F.3d 830, 838 (6th Cir. 2006)). To establish ineffective assistance, "a defendant must show (1) 'that counsel's representation fell below an objective standard of reasonableness' and (2) that 'counsel's performance [was] prejudicial to the defense.'" *Id.* at 376 (alteration in original) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984)). Here, even if Brewer could demonstrate that his lawyers' performance was deficient, he could not show that it was prejudicial.

### A.     Selective Enforcement

According to Brewer, his original counsel should have sought suppression on the ground that the traffic stops represented selective enforcement by LMPD. (D.N. 205; D.N. 225, PageID # 2218-20) The Sixth Circuit has established a three-part test for claims of selective enforcement:

> First, [an official] must single out a person belonging to an identifiable group, such as those of a particular race or religion, or a group exercising constitutional rights, for prosecution even though he has decided not to prosecute persons not belonging to that group in similar situations. Second, [the official] must initiate

>the prosecution with a discriminatory purpose. Finally, the prosecution must have a discriminatory effect on the group which the defendant belongs to.

*Gardenhire v. Schubert*, 205 F.3d 303, 319 (6th Cir. 2000) (alterations in original) (quoting *United States v. Anderson*, 923 F.2d 450, 453 (6th Cir. 1991)); *see also Straser v. City of Athens*, 951 F.3d 424, 427 (6th Cir. 2020) (citing *Gardenhire* as the "standard for selective enforcement claims" that the Sixth Circuit has "settled on" and noting that "the Supreme Court has not displaced" that standard).

Brewer cannot satisfy the first element of a selective-enforcement claim because the evidence shows that he was not "single[d] out" due to his race. The unrebutted proof presented at the suppression hearing and at trial established that the tinting on the windows of both vehicles was so dark that police could not see anything, or anyone, inside. (*See* D.N. 43, PageID # 171-73, 222; D.N. 47, PageID # 302-05; D.N. 215, PageID # 1674, 1729, 1799; D.N. 216, PageID # 1897-98) Since he was not visible through the tinting, Brewer could not have been identified and stopped based on his race. Thus, even if Brewer's previous counsel had demonstrated a pattern of discrimination by LMPD, a motion to suppress based on selective enforcement would have been unsuccessful. *See Gardenhire*, 205 F.3d at 319. Brewer therefore suffered no prejudice as a result of his lawyers' failure to make that argument, and his first claim of ineffective assistance fails.[2] *See Munoz*, 605 F.3d at 376.

### B. Trial Counsel's Decision to Call Witnesses

Brewer's second asserted ground of ineffective assistance is likewise meritless. Brewer contends that "the presentation of the[] two defense witnesses—apparently without even cursory background information and witness preparation—cannot be 'considered sound trial strategy.'"

---

[2] In reaching this conclusion, the Court expresses no opinion regarding Brewer's underlying argument that African-Americans have been disproportionately targeted and impacted by LMPD traffic stops.

(D.N. 225, PageID # 2222) Yet Brewer acknowledges that there was a strategic reason for calling these witnesses, namely "to demonstrate a number of factors that might be considered inconsistent with the government's case that Mr. Brewer was driving around 'high crime' areas of Louisville on consecutive evenings with the intent to sell or distribute marijuana and cocaine." (*Id.*, PageID # 2221) Brewer further acknowledges that Allen and Sears provided testimony supporting this strategy, including that

> (1) Mr. Brewer let other people drive his car(s); (2) the dashboard of the car had previously been removed to perform repairs; (3) Mr. Brewer played the lottery and gambled and thereby had relatively large sums of cash on his person on a regular basis; and (4) that the quantity of drugs that were seized on each occasion were consistent with personal use (or the use by a small number of friends when they would socialize on selected weekends).

(*Id.*) Given the proof that drugs and a gun were found in each car driven by Brewer, attempting to provide an alternative explanation for the presence of those items was a reasonable trial strategy, as Brewer seems to recognize. (*See id.*)

Choosing to call a particular witness is likewise a matter of strategy. *See Rayborn v. United States*, 489 F. App'x 871, 878 (6th Cir. 2012) ("[W]hether to call a witness and how to conduct a witness'[s] testimony are classic questions of trial strategy that merit *Strickland* deference." (citing *Harrison v. Motley*, 478 F.3d 750, 756 (6th Cir. 2007))). And "[a] strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness." *Holder v. Palmer*, 588 F.3d 328, 338 (6th Cir. 2009) (quoting *Miller v. Francis*, 269 F.3d 609, 615 (6th Cir. 2001)). Allen and Sears were the final two witnesses in a four-day trial; by that time, the jury had already heard ample evidence damaging to the defense. (*See* D.N. 171, PageID # 1046-48 (finding evidence sufficient to support conviction)) Their testimony thus did not "permeate[] the entire trial with obvious unfairness." *Holder*, 588 F.3d at 338. In any event, Brewer has not

5

shown—or even argued—that the outcome of the trial would have been different had Allen and Sears not testified. Without a showing of prejudice, this ineffective-assistance claim also fails. *See Munoz*, 605 F.3d at 376.

### III.

Brewer has not shown that he was prejudiced by his lawyers' purportedly deficient performance. Because his claims of ineffective assistance would fail regardless of the discovery he seeks, his requests to subpoena LMPD records and appoint an expert to interpret those records, as well as his request for an extension of time to further supplement his motion for new trial, are moot. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Brewer's motion for new trial (D.N. 205) is **DENIED**.

(2) Brewer's motion for issuance of a subpoena (D.N. 211), motion to appoint an expert (D.N. 221), and motion for extension of time to supplement the motion for new trial (D.N. 224) are **DENIED** as moot.

(3) This matter is set for sentencing on **July 30, 2020, at 10:00 a.m.** at the Gene Snyder U.S. Courthouse in Louisville, Kentucky.

(4) Within **fourteen (14) days** of entry of this Order, counsel shall communicate, in writing, to the Probation Office and to opposing counsel any objections they may have as to any material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the Presentence Investigation Report.

(5) After receiving counsel's objections, the Probation Officer shall conduct any further investigation and make any revisions to the Presentence Report that may be necessary.

The Probation Officer may require counsel for both parties to meet with the officer to discuss unresolved factual and legal issues.

(6)   Prior to the date of the sentencing hearing, the Probation Officer shall submit the Presentence Report to the sentencing Judge.  The Report shall be accompanied by the written objections of counsel, and by an addendum setting forth any objections counsel may have made that have not been resolved, together with the officer's comments thereon.  The Probation Officer shall provide a copy of any addendum to the Presentence Investigation Report, including any revisions thereof, to the defendant and to counsel for the defendant and the United States.

(7)   **Not less than twenty (20) days prior to the sentencing hearing, the parties shall communicate with each other to discuss the scope of the sentencing hearing and make certain disclosures.  Each party shall disclose to the other if it intends to argue for a non-guideline sentence.  The parties shall disclose whether they intend to call witnesses at the hearing and if so, the nature of the testimony shall be revealed.  The parties shall disclose the identity of any expert witness and exchange a written summary of the witness's opinions, the bases and reasons for the opinions, and the witness's qualifications.**

**For any sentencing in which testimony is expected, the parties shall estimate the length of time required for the sentencing hearing and communicate same to Natalie Thompson, Case Manager for Judge Hale.**

**It is the Court's policy that all letters of support be filed in the public record. Accordingly, any letters of support that the parties intend to present for the Court's consideration at sentencing shall have personal identifiers (e.g., home addresses, social security numbers, or financial account numbers) redacted.**

(8) **Not less than ten (10) days prior to the sentencing hearing, the parties shall file a Sentencing Memorandum in support of their respective positions on any unresolved objections to the Presentence Investigation Report, including any objections to the calculation of the advisory sentencing guidelines contained therein. Furthermore, in the event a non-guideline sentence is advocated, the Sentencing Memorandum shall address the factors of 18 U.S.C. § 3553(a).**

(9) Except with regard to any objection made under Paragraph 4 that has not been resolved, the Report of the Presentence Investigation may be accepted by the Court as accurate. The Court, however, for good cause shown, may allow new objections to be raised at any time before the imposition of sentence. In resolving disputed issues of fact, the Court may consider any reliable information presented by the Probation Officer, the defendant or the United States.

(10) Nothing in this Order requires the disclosure of any portions of the Presentence Report that are not disclosable under Criminal Rule 32(c).

(11) It shall be the responsibility of counsel for the defendant to disclose the Report to the defendant.