UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:17-CR-00037-1

UNITED STATES OF AMERICA,                                                    PLAINTIFF

VS.                                                                     **Electronically Filed**

CHEROSCO BREWER                                                           DEFENDANT

\*\*\*   \*\*\*   \*\*\*

### DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

Comes the Defendant, CHEROSCO BREWER, by counsel, and for his Objections to the Revised Presentence Investigation Report (PSR) [DN 232; Filed July 15, 2020], compiled by the United States Probation Office, states as follows:

As an introductory matter, undersigned counsel was appointed successor counsel on behalf of Mr. Brewer on September 11, 2019 [DN 199-SEALED]. The Presentence Investigation Report prepared by the Probation Office on February 27, 2019 and filed on March 26, 2019 [DN 163] contained an Addendum consisting of three (3) pages [DN 163-1; PageID ##1018-1020]. Upon yesterday's filing of the Revised PSR, the undersigned electronically received an additional eight (8) handwritten pages that were dated "3/12/19" [DN 232-1; PageID ##2268-2275].

The Objections in this pleading should be considered separately from the handwritten documents and the email communication by the legal assistant of Mr. Brewer's trial counsel [DN 163-1; PageID #1020] that were provided to the Probation Office. Undersigned counsel will not assert at sentencing any of the arguments contained in those documents.

1

Offense Level Computation and Chapter Four Enhancement:

*Paragraphs 26-30.* The PSR states that the offense of conviction is a violation of 18 U.S.C. Section 922(g), the Defendant has at least three prior convictions for a serious drug offense (Jefferson Circuit Court Case Nos. 97-CR-2549; 04-CR-2823; and 05-CR-611), and these three convictions were committed on different occasions. The Report states that the Defendant qualifies as an Armed Career Criminal which subjects him to an enhanced sentence under Section 924(e) and a statutory minimum of fifteen (15) years. Additionally, the Report states that the Offense Level for an Armed Career Criminal pursuant to USSG Section 4B1.4 is 37, pursuant to USSG Section 4B1.1.

*Paragraph 73.* The PSR determined the Defendant's criminal history category to be VI, which results in a Guideline range of 360 months to life imprisonment.

DEFENDANT'S OBJECTIONS

The Defendant objects to his classification as an Armed Career Criminal. Although Mr. Brewer was charged with being a Felon in Possession of a Firearm in violation of 18 U.S.C. Sections 922(g)(1) and 924(a)(2), the 10 year statutory maximum under these sections gives way to a 15 year mandatory minimum sentence in the case of an offender who has been found guilty and has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another…." 924(e)(1). Although the indictment charging the Defendant with this conduct set out five felony convictions of Mr. Brewer from the Jefferson Circuit Court, only three of the cases might qualify at first glance as "serious drug offenses."

2

Following the return of three guilty verdicts on other counts, the jury was instructed on the bifurcated Felon in Possession of a Firearm charge in Count One of the indictment. The element of being a convicted felon was satisfied by the parties' stipulation that Mr. Brewer "had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is, a felony offense." [DN 145; Page =ID #913] However, the jury did not receive evidence nor were they instructed on the number or type of the Defendant's felony convictions. Additionally, there was no finding by the trier of fact of the dates upon which any felony was committed. Therefore, one of the factual elements that would increase the penalty for this crime (committed those prior offenses on occasions different from one another) was never proven beyond a reasonable doubt.

In *Apprendi v. New Jersey,* 530 U.S. 466 at 483, n. 10, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), it was held that "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."

"Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury," *Alleyne v. U.S.,* 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

These seminal cases prohibit the requirement of this mandatory minimum sentence of 15 years.

The Defendant also objects to the classification of his convictions in Jefferson Circuit Court Case No. 04-CR-2823 for the offenses of Conspiracy to Traffick in a Controlled Substance and Complicity to Traffick in a Controlled Substance as "serious drug offenses" for determining him to be a career offender pursuant to USSG Section 4B1.1. Since an enhanced sentence is proper only if the prior conviction necessarily establishes that the defendant has been found guilty of all

the elements of the enumerated offense, the elements of these two inchoate crimes should be examined. See *Taylor v. U.S.,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

> Respectfully submitted,
>
> /s/LARRY D. SIMON
> LARRY D. SIMON
> Attorney for Defendant, CHEROSCO BREWER
> The Kentucky Home Life Building
> 239 South Fifth Street – Suite 1700
> Louisville, Kentucky 40202-3248
> (502) 589-4566 (Phone)
> (502) 585-3548 (Fax)

## **CERTIFICATE OF SERVICE**

It is hereby certified that this pleading was electronically filed through the ECF system, which will send electronic notice of filing to counsel of record, on this the 17th day of July, 2020.

> s/LARRY D. SIMON
> LARRY D. SIMON