UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:17-CR-00037-1

UNITED STATES OF AMERICA,                                                    PLAINTIFF

VS.                                                                **Electronically Filed**

CHEROSCO BREWER                                                              DEFENDANT

\*\*\*   \*\*\*   \*\*\*

**DEFENDANT'S SENTENCING MEMORANDUM**

Comes the Defendant, CHEROSCO BREWER, by his appointed counsel, and for his Sentencing Memorandum, states as follows:

As this Court is aware, it is required to apply the provisions of 18 U.S.C. Section 3553 in order to impose a sentence that is sufficient, but not greater than necessary in order to accomplish the goals of sentencing. Those goals are to achieve just punishment, reflect the seriousness of the offense, promote respect for the law, deter the Defendant and others from future crime, protect the public, and provide education and treatment, when needed, in the most effective manner. In determining this sentence, the Court must consider the nature of the offense, the history and characteristics of the Defendant, the sentencing guidelines and policy statements, the need to avoid unwarranted disparities among similarly situated defendants, and the need to provide restitution (if applicable). *See* 18 U.S.C. Section 3553 (a) (1, 3-7).

The revised Presentence Investigation Report (PSR) initially calculates a Base Offense Level of 24 as a result of the guilty verdict for the violation of 18 U.S.C. Section 922(g)(1). However, the PSR states the Defendant has at least three prior convictions for a serious drug offense (Jefferson Circuit Court Case Nos. 97-CR-2549; 04-CR-2823; and 05-CR-611), and these

convictions qualify Mr. Brewer as an Armed Career Criminal which subjects him to an enhanced sentence under Section 924(e)(1) to imprisonment for a minimum of fifteen (15) years.

Additionally, the PSR states that the guilty verdict on the charge (Count 3) of violating Section 924(c) requires the imposition of a mandatory minimum consecutive sentence of 60 months, pursuant to Section 4B1.1(c)(2)(A). This results in a mandatory minimum Guideline term of imprisonment of 240 months according to the Report.

Lastly, the Report states that the Defendant is subject to an enhanced sentence with a Guideline range between 360 months and Life imprisonment as an Armed Career Criminal, pursuant to USSG Section 4B1.1 (Total Offense Level of 37; Criminal History Category of VI).

## DEFENDANT'S OBJECTIONS TO ENHANCED SENTENCE PROVISIONS

As indicated in the Defendant's Objections to the Presentence Investigation Report that was previously filed, the Defendant objects to his classification as an Armed Career Criminal. Although Mr. Brewer was charged with being a Felon in Possession of a Firearm in violation of 18 U.S.C. Sections 922(g)(1) and 924(a)(2), the 10 year statutory maximum under these sections is replaced by a 15 year mandatory minimum sentence in the case of an offender who has been found guilty and has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another…." § 924(e)(1). Although the indictment [DN 1] charging the Defendant with this conduct listed five felony convictions of Mr. Brewer from the Jefferson Circuit Court, only three of the cases might qualify at first glance as "serious drug offenses."

Following the return of three guilty verdicts on other counts, the jury was instructed on the bifurcated Felon in Possession of a Firearm charge in Count One. The element of being a convicted

felon was satisfied by the parties' stipulation that Mr. Brewer "had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is, a felony offense." [DN 145; Page =ID #913]

However, the indictment failed to list the dates of each of Mr. Brewer's qualifying serious drug offenses. The jury did not receive evidence nor were they instructed on the number or type of the Defendant's felony convictions. Additionally, there was no finding by the trier of fact of the dates upon which any felony was committed. Therefore, the factual elements that would increase the penalty for this crime ("three previous convictions…for a serious drug offense…committed on occasions different from one another") was never proven beyond a reasonable doubt.

In *Apprendi v. New Jersey,* 530 U.S. 466 at 483, n. 10, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), it was held that "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."

"Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury," *Alleyne v. U.S.,* 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

The combined holdings of these seminal cases stand for the principle that the Fifth and Sixth Amendments require any fact that increases the statutory maximum or minimum penalty for a crime to be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt. For these reasons, the requirement of a mandatory minimum sentence of 15 years for the Felon in Possession of a Firearm charge is impermissible and the maximum sentence for Count One is 10 years imprisonment, a $250,000 fine and 3 years of Supervised Release.

CONSIDERATION OF SECTION 3553(a) FACTORS

As stated in *Pepper v. United States,* 562 U.S. 476, 487, 131 S.Ct.1229, 1240 (2011):

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States, 518* U.S. 81, 113, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). Underlying this tradition is the priniciple that "the punishment should fit the offender and not merely the crime." *Williams*, 337 U.S., at 247, 69 S.Ct. 1079; see also *Pennsylvania ex rel. Sullivan v. Ashe,* 302 U.S. 51, 55, 58 S.Ct. 59, 82 L.Ed. 43 (1937) ("For the determination of sentences, justice generally requires consideration of more than the particular acts by which the crime was committed and that there be taken into account the circumstances of the offense together with the character and propensities of the offender").

The Presentence Investigation Report accurately describes the four (4) charges of which the Defendant was found guilty by the jury. However, the recitation of facts in the PSR of Mr. Brewer's offense conduct is incomplete and jumbled. As the Court is aware, the Defendant was stopped by LMPD officers for operating vehicles with excessive window tinting on two separate occasions on consecutive days – November 11 and 12, 2015. Non-consensual searches followed in each instance with the recovery of currency, marijuana and a firearm on the first occasion; currency and cocaine on the second.

OFFENDER CHARACTERISTICS – PERSONAL AND FAMILY DATA

As indicated in the PSR, Mr. Brewer is now 46 years of age. He had a childhood with many hardships. In his early years he lived with his parents and three siblings in public housing along with other members of his extended family. Before his immediate family could move to their separate residence, some of Mr. Brewer's cousins would steal his personal belongings. Mr. Brewer spent a lot of his time with his grandparents.

When Mr. Brewer was 11 years old, his mother left his father and returned to live in public housing. Mr. Brewer stayed primarily with his father. Even though his father was employed, Gregory Brewer apparently had an undiagnosed schizophrenic condition and abruptly abandoned Mr. Brewer and could not be located for years.

This disruption in Mr. Brewer's family circumstances required him to stay as a teenager with his grandparents and also with his uncles. Mr. Brewer became exposed to illegal drugs at this important developmental time in his life. It seems that it was this critical period that Mr. Brewer became acquainted with many aspects of the drug culture in this community and his use of drugs escalated.

Mr. Brewer did graduate from Iroquois High School (with a very low GPA). His last long-term employment was with an auto body repair shop. The Defendant's pre-trial services report indicated that this employer would welcome his return to his previous employment.

The PSR accurately recounts Mr. Brewer's current medical condition, which is reflected in the medical records of his primary care physician, Dr. Dennis S. Gray (Medical Arts Building, 1169 Eastern Parkway, Suite 1111, Louisville, Kentucky 40217). He has been diagnosed with "pure hypercholesterolemia; chronic kidney disease, stage 3 (moderate); benign essential hypertension; and fatigue." Mr. Brewer is currently experiencing severe dental problems that at the time of this writing have been untreated while he has been detained.

Although this Court must give respectful consideration to the Guidelines, *United States v. Booker* 543 U.S. 200, 125 S.Ct. 738 (2005) and subsequent opinions of the Supreme Court permit this Court "to tailor the sentence in light of other statutory concerns as well," *Kimbrough v. United States*, 552 U.S. 85, 101, 128 S.Ct. 558 (2007).  As this Court is aware, this is accomplished by determining "the kinds of sentence and the guideline range as set forth in the guidelines," (U.S.S.G.

Section 1B1.1(a)) and then after taking into consideration, "without limitation, any information concerning the background, character and conduct of the defendant," (1B1.4), whether a departure from the guidelines is warranted.

The Defendant understands that this Court is cognizant of its obligation to achieve a just punishment that reflects the seriousness of the offense conduct, but that effective education and treatment of the offender are also are goals of sentencing. It is submitted that this can be accomplished by the Court giving consideration to a downward departure.

Mr. Brewer requests this Court to take into consideration the Section 3553(a) factors in the determination of a sentence that is consistent with effectively addressing and treating his long-term substance abuse issues and that would allow him to be released under supervision to join his immediate family members before Mr. Brewer reaches an age or acquires an infirmity that results in him being a burden on his family and the community.

It is submitted that a reasonable sentence in Mr. Brewer's case would be the minimum of the range of 100 to 125 months calculated by the Probation Office for Counts 1, 2, and 4 (Offense Level of 24; Criminal History Category VI), consecutive to the 60-month mandatory minimum required by Count 3, for a total of 160 months.

Letters of support for Mr. Brewer are attached to this pleading as exhibits.

WHEREFORE, the Defendant requests this Court to impose a reasonable sentence in the Defendant's case, which is sufficient, but not greater than necessary, to accomplish the goals of sentencing.

Respectfully submitted,

/s/LARRY D. SIMON
LARRY D. SIMON
Attorney for Defendant, CHEROSCO BREWER
The Kentucky Home Life Building
239 South Fifth Street – Suite 1700
Louisville, Kentucky 40202-3248
(502) 589-4566 (Phone)
(502) 585-3548 (Fax)

**CERTIFICATE OF SERVICE**

It is hereby certified that this pleading was electronically filed through the ECF system, which will send electronic notice of filing to counsel of record, on this the 20th day of July, 2020.

s/LARRY D. SIMON
LARRY D. SIMON