UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                                                      CRIMINAL NO. 3:17-CR-37-DJH

CHEROSCO BREWER                                                                          DEFENDANT

### UNITED STATES' UPDATED SENTENCING MEMORANDUM

*ELECTRONICALLY FILED*

The United States of America, by counsel, Assistant United States Attorneys Erin G. McKenzie and Corinne E. Keel, files its memorandum in support of sentencing in this action currently scheduled for July 30, 2020.

Background

A federal grand jury indicted the defendant on March 7, 2017 for one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1); one count of possession of marijuana with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). [DN 1]. The matter proceeded to jury trial on January 7, 2019, and at the conclusion of that trial, the jury found the defendant guilty on all four counts in the indictment. [DN 143]. Following a presentence investigation, the United States Probation Office filed its Officer Revised Final Presentence Investigation Report. [DN 232]. The matter now stands ripe for final sentencing.

## Statutory Sentencing Provisions

**Count 1:** Pursuant to Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e)(1), the defendant faces a statutory minimum term of imprisonment of fifteen years imprisonment. The maximum statutory sentence is life.

**Count 2:** Pursuant to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), the defendant faces a term of no more than five years' imprisonment on this count.

**Count 3:** Pursuant to Title 18, United States Code, Section 924(c)(1)(A), the defendant faces a minimum term of imprisonment of five years (maximum life) consecutive to any term of imprisonment imposed under Counts 1, 2, and 4.

**Count 4:** Pursuant to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), the defendant faces a term of no more than twenty years' imprisonment on this count.

## Guideline Calculations and Objection to PSR

The United States agrees with the guideline calculation prepared by the United States Probation Office. [DN 232, Page ID# 2251].

## Criminal History

The United States concurs with the criminal history calculation prepared by the United States Probation Office of a Criminal History Score of 17 and Criminal History VI. [DN 232, Page ID# 2262].

## Appropriate Sentence

The United States agrees that the appropriate sentence in this case is within the range of 360 months to life, as determined under the applicable sentencing guidelines. The United States believes there are no reasons for downward departure or variance from these guidelines. For the reasons that follow, the United States also believes that a sentence within this range is appropriate under Title 18, United States Code, Section 3553(e).

## § 3553(a) Factors

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). Title 18, United States Code, section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--
   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
   . . .

(5) any pertinent policy statement—
   . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

The United States believes the statutory factors set forth above, on balance, call for a very lengthy term of incarceration.

## The Nature and Circumstances of the Offense and the
## History and Characteristics of the Defendant

The first among the statutory factors weighs heavily against the defendant. As detailed in the Presentence Investigation Report [see DN 232, Page ID # 2253-2259], the defendant has a significant criminal history, dating back to his first adult felony conviction in 1994 for five counts of wanton endangerment for his involvement in a 1993 shooting at the age of 20.

Notably, the defendant's criminal history includes prior convictions for some of the same crimes he is convicted of in this case. For example, the defendant's first adult drug-related conviction (for trafficking in cocaine) dates back to 1997—almost two decades before his indictment in this matter for possession of cocaine with the intent to distribute, as charged in Count 4. Then, as in this case, the defendant carried a firearm in conjunction with his drug trafficking activities. The defendant has two other prior convictions for trafficking in cocaine in 2004 and one for trafficking in marijuana in 2010. The defendant also has a prior conviction for being a felon in possession of a firearm in 2004, under Kentucky's corollary offense to the one charged in Count 1 in this matter. His record also shows numerous arrests for other serious felonies, including more gun and drug charges that did not result in convictions. [See DN 232, Page ID # 2257-2259].

Despite his prior convictions and serving prison time, the defendant has carried on with drug trafficking activity, undeterred, for his entire adult life. The habitual nature of his criminal activity becomes clearer when considering he was in prison during the gaps between several of his convictions and was revoked from parole on more than one occasion.

The circumstances of the present offense further demonstrate the defendant's brazen disregard for law enforcement consequences and his persistence in his criminal enterprise. The defendant was first arrested for the conduct charged in Counts 1 through 3 of the indictment on November 11, 2015. The marijuana and firearm at issue in those counts (which were both concealed in hidden areas near the steering column of the vehicle her drove) were seized and the

defendant was charged and released from state custody. The very next night—less than a day after his release—the defendant was stopped in another vehicle under remarkably similar circumstances, with cocaine packaged for sale and hidden in a similar location inside the vehicle. It is not surprising that the defendant was unarmed during the second stop, as his firearm was seized the night before.

The defendant's criminal history demonstrates a strong pattern throughout his adult life of deriving his livelihood from the sale of narcotics. Worse, it shows that he has used firearms in furtherance of those activities—presumably to protect himself, his "product," and his money—at the expense of public safety. This dangerous pattern has earned the defendant his "career offender" designation under the sentencing guidelines and warrants the lengthy prison sentence that a recommended guidelines sentence would impose.

<u>The Need for the Sentence to Reflect the Seriousness of the Offense,
To Promote Respect for the Law, and to Provide Just Punishment for the Offense;
To Afford Adequate Deterrence to Criminal Conduct; to Protect the Public
From Further Crimes of the Defendant; and To Provide the
Defendant with Needed Educational or Vocational Training,
Medical Care, or Other Correctional Treatment</u>

The seriousness of the narcotics and firearms offenses at issue here is clear and is highlighted by the sentences prescribed by statutes and the sentencing guidelines. The defendant's status as both a Career Offender and an Armed Career Criminal under the sentencing guidelines further demonstrates the particular peril of a deadly weapon in the defendant's hands. Beyond the basic facts of this case, the defendant has shown himself to flout the rule of law and the authority of law enforcement consistently, through his repeated crimes, parole violations, and his bold choice to return to the streets to deal drugs in this instance just after his release from jail. In the interest of promoting respect for the law and providing just punishment as well as deterrence, the Court and this community seem to have no remaining option besides a very lengthy prison sentence.

For these reasons, a sentence within the range provided for under the guidelines is both appropriate and necessary. Repeated cycles through the revolving doors of the criminal justice system and state prison have had no apparent impact on the defendant's decision-making. Perhaps a term of incarceration in a federal prison will awaken in the defendant a desire to seek treatment, acquire new skills, and learn how to live as a productive member of his community. Unfortunately, however, the likelihood seems low in light of the defendant's history. The best of all possible outcomes would have the defendant using his time in prison for these offenses to gain treatment, knowledge, and skills to allow him to live a crime free life upon release. The worst of all possible outcomes is something the system must guard against in light of the defendant's history. In the worst of all possible worlds, the best prison can do is give the community a respite from the defendant's criminal acts. In that scenario, the community would best be served by a lengthy prison sentence.

### Other Factors

Probation or some alternative sentence are not available in this case. The only question before the Court is the appropriate term of incarceration. There is no identifiable victim in this case. There was no reduction for acceptance of responsibility, nor any other circumstances that might support a motion for a downward departure or variance from the range under the guidelines. In this situation, a sentence within the range provided under the guidelines is the best way to avoid an unwarranted sentencing disparity with defendants convicted at trial of similar offenses with similar criminal histories.

### Response to Defendant's Objections to Presentence Investigation Report

The defendant has raised two primary objections to the Presentence Investigation Report, directly to the United States Probation Office and in his Sentencing Memorandum [see DN 234]. Frist, the defendant objects to his classification as an Armed Career Criminal and the resulting fifteen-year mandatory minimum sentence, relying on *Apprendi v. New Jersey*, 530 U.S. 466

(2000) and *Alleyne v. United States*, 570 U.S. 99 (2013) to support the proposition that "any fact that increases the statutory maximum or minimum penalty for a crime to be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt" [DN 234 at 3]. Second, in his written objections to the U.S. Probation Office, the defendant objected to "the classification of his convictions in Jefferson Circuit Court Case No. 04-CR-2823 for the offenses of Conspiracy to Traffick in a Controlled Substance and Complicity to Traffick in a Controlled Substance as 'serious drug offenses' for determining him to be a career offender pursuant to USSG Section 4B1.1," stating that "the elements of these two inchoate crimes should be examined" to see if they qualify as such [Defendant's Objections to Presentence Investigation Report].

The defendant's first objection, against the application of the Armed Career Criminal enhancement to his sentence for Count 1 based on prior convictions, relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 570 U.S. 99 (2013).  However, the holdings in both cases specifically maintain an exception for the use of earlier convictions to enhance penalties.  The Court in *Apprendi*—affirming an exception previously articulated in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)—states that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," 530 U.S. at 490. In *Alleyne*, the Supreme Court expanded the holding in *Apprendi* to apply to facts used to increase mandatory minimum sentences in addition to maximum sentences, but notes in a footnote that the exception to the rule, allowing for the use of a prior conviction to enhance a sentence, remained intact. *See Alleyne*, 570 U.S. at 111, fn. 1. Because the Armed Career Criminal enhancement at issue is specifically based on the defendant's prior convictions, a factual finding by a jury is not necessary for its application.

The defendant's second objection, submitted directly to the United States Probation Office and shared with counsel for the United States, questions the use of the defendant's convictions in Jefferson Circuit Court Case No. 04-CR-2823 for the offenses of Conspiracy to Traffick in a Controlled Substance and Complicity to Traffick in a Controlled Substance as predicates for the career offender designation pursuant to USSG Section 4B1.1. The defendant challenged the designation of these offenses as "serious drug offense," but USSG Section 4B1.1 actually refers simply to "controlled substance offense[s]." According to the application notes for USSG Section 4B1.1, the term "controlled substance offense" is defined in §4B1.2 (*see* USSG §4B1.1, Application Note 1). Section 4B1.2 provides that:

> [t]he term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

USSG §4B1.2(b). The application notes to §4B1.2 further provide that "'[c]rime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." USSG §4B1.2, Application Note 1. Based on the definitions provided within the Sentencing Guidelines themselves, the defendants convictions were properly treated as "controlled substance offenses" to support the finding that the defendant meets the definition of a Career Offender under USSG §4B1.1.

## Conclusion

The United States respectfully requests the Court to sentence the defendant to a term of imprisonment within the guideline range of 360 months to life.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

*/s/ Corinne E. Keel*
Erin G. McKenzie
Corinne E. Keel
Assistant United States Attorney
717 West Broadway
Louisville, KY 40202
Phone No.: (502) 625-7041
Fax No.: (502) 625-7110

## CERTIFICATE OF SERVICE

I hereby certify on July 27, 2020, I electronically filed this document through the CM/ECF filing system, which will serve opposing counsel, if any, via electronic mail.

*/s/ Corinne E. Keel*
Corinne E. Keel
Assistant United States Attorney
