```
                       UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF KENTUCKY
                            LOUISVILLE DIVISION


   UNITED STATES OF AMERICA,      )   Case No. 3:17CR-37-DJH
                                  )
           Plaintiff,             )
                                  )
   VS.                            )
                                  )
   CHEROSCO BREWER,               )
                                  )   February 8, 2018
           Defendant.             )   Louisville, Kentucky


              *****************************************

                 TRANSCRIPT OF PRETRIAL CONFERENCE
                   BEFORE HONORABLE DAVID J. HALE
                    UNITED STATES DISTRICT JUDGE

              *****************************************


   APPEARANCES:

   For United States:        Erin G. McKenzie
                             Corinne E. Keel
                             U.S. Attorney's Office
                             717 West Broadway
                             Louisville, Kentucky 40202

   For Defendant:            Keith E. Kamenish
                             Scott J. Barton
                             600 West Main
                             Suite 300
                             Louisville, Kentucky 40202

   [Defendant present.]



                   Alan W. Wernecke, RMR, CRR
                         Court Reporter
                    alan.w.wernecke@gmail.com
                         502-744-8523
   Proceedings recorded by mechanical stenography, transcript
   produced by computer.
```

1       (Begin proceedings in open court at 3:20 p.m.)
2              DEPUTY CLERK:  3:17CR-37, *United States of America v. Brewer*.
4              MS. MCKENZIE:  Good afternoon, Your Honor.  Erin McKenzie and Corinne Keel for the United States.
6              MR. KAMENISH:  Keith Kamenish and Scott Barton for Mr. Brewer.  Good afternoon.
8              THE COURT:  Good afternoon.  Well, I was all set to come out here with my nifty pretrial notebook and talk with you all about how we plan to proceed on Monday, but I understand that there may be a glitch in those plans; is that right?
12             MR. KAMENISH:  Yes, Your Honor.  Since the ruling on the suppression hearing and the motions in limine, we've had a dialogue with Mr. Brewer regarding his options.  He wants more time to reflect on those options.  He had asked us to make a motion to continue.  I think the time limitations we were talking about were told to you.  I was frank with Ms. McKenzie that I think we are at 50/50 on whether to proceed to trial or proceed on and negotiate settlement.
20             THE COURT:  And what's the U.S. position on the motion for continuance?
22             MS. MCKENZIE:  Your Honor, the United States is ready to proceed to trial.  However, I take Mr. Kamenish's good faith assertion that they need to discuss the possibility of settlement.  I guess I don't necessarily object if the Court is

1   inclined to grant the continuance.  Otherwise we are ready to go
2   forward.  I think a resolution by a plea agreement in this case
3   would be the best thing for all parties, so if a short
4   continuance makes that more likely -- you know, we are ready for
5   trial now.  We will be ready for trial whenever the Court tells
6   us to go.
7           THE COURT:  Well, I think I would have a different
8   view of a motion to continue at this late hour if it came from
9   the U.S., but I'm not inclined to deny a continuance to a
10  defendant who suggests, as you have, Mr. Kamenish, that he needs
11  a bit more time.  These are weighty issues.  But how much time
12  do you think is appropriate?
13          MR. KAMENISH:  What I was asking for, Your Honor, is
14  30 days for a final pretrial and at that time to set a trial
15  date after April 17th.  I have a two-year-old murder trial
16  that's scheduled on the 10th.  Mr. Barton and I are 98 percent
17  prepared to try this case.  We just got to get through the
18  weekend.  So redoing it would not -- me coming off a murder
19  trial would not be unduly burdensome to me.  I was hoping if the
20  Court could set something the third week of April, we will be
21  able to go from there.  But I'm hoping that within the next 30
22  days with my discussions with Ms. McKenzie and with Mr. Brewer
23  that we can enhance our chances of a settlement.
24          THE COURT:  Well, I'm not going to comment on nor
25  express any interest in your settlement discussions, but I want

1  you all to have the benefit of full preparation and I want
2  Mr. Brewer to have the benefit of full and complete advice of
3  his counsel.
4     So I'm going to grant the motion to continue.  I don't know,
5  as I sit here, whether we can accommodate the third week of
6  April specifically.
7         MR. KAMENISH:  Yes, sir.
8         THE COURT:  What we can do is set a pretrial
9  conference for, what did we say, March 6th or 7th, which is
10 about 30 days.  Do either of those days pose any challenges to
11 you all?
12        MR. KAMENISH:  Judge, I can do the 7th.  Anytime in
13 the afternoon would be best for me.
14        MR. BARTON:  I can do either date, Judge.
15        MS. MCKENZIE:  I could do the 7th in the afternoon as
16 well.  I could do the 6th.  I anticipate also being in trial
17 that week, so either way I'll probably be sliding out on my
18 co-counsel to go to the pretrial.
19        THE COURT:  Why don't we say the 7th at 2:00.  We will
20 say March 7 at 2 p.m.  I'll enter an order following our
21 conference today that grants the oral motion of the defendant to
22 continue the trial.  We will remand the trial date, which was
23 Monday, and we will set it for a status conference on March 7 at
24 2 p.m.  I presume there is no objection to the appropriate
25 Speedy Trial Act findings --

```
 1                MR. KAMENISH:  No, sir.
 2                THE COURT:  -- based on your motion.  And then on that
 3   date, I think the goal would be you all will advise me either
 4   that the defendant intends to enter a plea or that we intend to
 5   go to trial in April, if at all possible; is that right?
 6                MR. KAMENISH:  Yes, sir.
 7                THE COURT:  As early as the third week?
 8                MR. KAMENISH:  Yes, sir.
 9                THE COURT:  Did I understand that correctly?
10                MR. KAMENISH:  Yes, sir.
11                THE COURT:  So we will pick a specific date at that
12   time.
13       As you all know, we are awaiting the confirmation of two new
14   judges to sit in our district, and we are hopeful that that --
15   that they will be seated here in the coming few weeks.  Once
16   they are on the bench, that will change the overall court
17   calendar, add a fair amount of flexibility.  At least I'm hoping
18   that that will be the case.  So it may very well be that as of
19   today we could not accommodate that narrow range of trial
20   options, but it may be that by the time we get to March 7 we
21   can, if that makes sense.
22                MR. KAMENISH:  Yes, sir.
23                THE COURT:  Anything else we need to talk about at
24   this point?  I don't think there are any motions pending.  We
25   have ruled on the motions in limine.  I see no reason for us to
```

1  then talk about voir dire procedure or discuss with you best
2  estimates on the length of the trial.  I was prepared to talk
3  with you a bit about how the trial would be bifurcated, but I
4  think we can save all of those discussions unless there's some
5  reason you know of that we need to talk about them now.
6              MR. KAMENISH:  No.
7              MS. MCKENZIE:  No.
8              THE COURT:  Anything else from the United States?
9              MS. MCKENZIE:  No, Your Honor.
10             THE COURT:  Mr. Kamenish, anything further?
11             MR. KAMENISH:  No, thank you.
12             THE COURT:  We will enter the order, and I will see
13 you on March 7.
14     (Proceedings concluded at 3:28 p.m.)
15
16
17                       C E R T I F I C A T E
18     I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM
   THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
19
    _s/ Alan W. Wernecke_                      October 5, 2020
20 Alan W. Wernecke, RMR, CRR
   Court Reporter
21
22
23
24
25