```
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF KENTUCKY
                         LOUISVILLE DIVISION


  UNITED STATES OF AMERICA,     )   Case No. 3:17-CR-37
                                )
         Plaintiff,             )
                                )
    VS.                         )
                                )
  CHEROSCO BREWER,              )
                                )       March 14, 2018
         Defendant.             )       Louisville, KY


                              * * * * *

                    TRANSCRIPT OF MOTION HEARING
                   BEFORE HONORABLE DAVE WHALIN
                   UNITED STATES MAGISTRATE JUDGE

                              * * * * *

  APPEARANCES:

  For United States:        Erin G. McKenzie
                            U.S. Attorney's Office
                            717 West Broadway
                            Louisville, KY 40202

  For Defendant:            Keith E. Kamenish
                            Scott James Barton
                            600 West Main Street, Suite 300
                            Louisville, KY 40202

  [Defendant present.]


                    April R. Dowell, RPR, RMR, CRR
                       Official Court Reporter
                         232 U.S. Courthouse
                         Louisville, KY 40202
                           (502) 625-3779

  Proceedings recorded by mechanical stenography, transcript
  produced by computer.
```

1 (Begin proceedings in open court 3:32 p.m.)
2 THE CLERK: 3:17-CR-37, United States of America
3 versus Cherosco Brewer. We're here for an ex parte hearing.
4 THE COURT: All right. Appearances, please?
5 MS. MCKENZIE: Erin McKenzie on behalf of the United
6 States, Your Honor.
7 THE COURT: All right.
8 MR. KAMENISH: Keith Kamenish and Scott Barton
9 present with Mr. Brewer.
10 THE COURT: All right. Let's see. Ms. McKenzie,
11 could I ask you to step out, please?
12 MS. MCKENZIE: Sure.
13 THE COURT: And who else is here?
14 COURT SECURITY OFFICER: This gentleman's with the
15 marshal's office.
16 THE COURT: With the marshal's? Okay.
17 COURT SECURITY OFFICER: He's an intern.
18 THE COURT: Okay. All right.
19 (Ex parte portion sealed and filed separately.)
20 THE COURT: All right. We're back on the public
21 record. And I'm going to grant the motion for counsel to
22 withdraw and Mr. Kamenish and Mr. Barton will be relieved of
23 any further obligation in terms of Mr. Brewer's
24 representation.
25 Mr. Brewer has advised the Court that he intends to

```
 1   hire new private counsel and I'm going to give him 30 days to
 2   do that.  Ms. McKenzie, there's no time issue -- I mean, it
 3   will be excluded obviously under speedy trial.  There's no
 4   other time issue that you're aware of, is there?
 5             MS. MCKENZIE:  No, Your Honor.
 6             THE COURT:  Okay.  And if he's unable to do that in
 7   30 days, then we'll come back here for a status hearing and at
 8   that point he may request court-appointed counsel, but that's
 9   not your request at this time right, sir?
10             THE DEFENDANT:  No, sir.
11             THE COURT:  Okay.  All right.  So we'll be back --
12             THE CLERK:  April 16th at 1:30.
13             THE COURT:  And, folks, you-all need to talk with
14   Mr. Kamenish about a financial issue, okay?  And he'll talk
15   with you after court here, okay?  All right.  Is there
16   anything else?  I'll order that the time between today's
17   hearing and the -- our status hearing on April 16th not be
18   counted in the speedy trial calculation finding that the
19   defendant's need to secure new counsel outweighs the public's
20   interest in a speedy trial.  Anything else?
21             MR. KAMENISH:  Your Honor, do you want Mr. Barton
22   and I to be here on the 16th?
23             THE COURT:  I guess one of you being here wouldn't
24   hurt, I guess, just in case there's some issue or question, do
25   you think?
```

```
 1                MR. KAMENISH:  I just want to do whatever makes it
 2    efficient.  I didn't want to assume that we weren't supposed
 3    to be here.  I wanted to get some direction from the Court.
 4                THE COURT:  Right.  That's fine.  Yeah.
 5                MR. KAMENISH:  And your order will spell out the
 6    terms of what we do with the money in escrow?
 7                THE COURT:  That won't happen -- well, I will order
 8    here today that it be placed into escrow --
 9                MR. KAMENISH:  Right.
10                THE COURT:  -- but as far as spelling out what to do
11    with it, let's wait to see what happens at our status
12    conference.  If there's private counsel, that's one thing.  If
13    there's court-appointed counsel, that's a different thing, so
14    I don't see any reason to put it in -- put any more detail in
15    the order from today.  I think that matter -- having that
16    amount placed in escrow should be sufficient.
17                MR. KAMENISH:  Thank you, Judge.
18                THE COURT:  All right.  Anything else?
19                THE DEFENDANT:  No, sir.
20                THE COURT:  All right.  Mr. Brewer, I'm going to
21    order that you remain in custody, remand you to the custody of
22    the Marshals Service pending further order of the Court.
23                THE DEFENDANT:  Thank you.
24    (Proceedings concluded at 4:05 p.m.)
25
```

C E R T I F I C A T E

I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

```
      s/April R. Dowell                    10/14/20
Official Court Reporter, RMR, CRR          Date
```

C E R T I F I C A T E