```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF KENTUCKY
                         LOUISVILLE DIVISION


UNITED STATES OF AMERICA,      )    Case No. 3:17-CR-00037-DJH
                               )
       Plaintiff,              )
                               )
v.                             )
                               )
CHEROSCO BREWER,               )
                               )    May 31, 2018
       Defendant.              )    Louisville, Kentucky


                              * * * * *

                  TRANSCRIPT OF STATUS CONFERENCE
                 BEFORE HONORABLE DAVID J. HALE
                   UNITED STATES DISTRICT JUDGE

                              * * * * *

APPEARANCES:

For United States:        Erin G. McKenzie
                          U.S. Attorney's Office
                          717 West Broadway
                          Louisville, KY 40202

For Defendant:            David S. Mejia
                          310 East Broadway, Suite 201
                          Louisville, KY 40202



[Defendant present.]


                   Dena Legg, RDR, CRR, CCR-KY
                      Official Court Reporter
                       232 U.S. Courthouse
                      Louisville, KY 40202
                         (502) 625-3778

Proceedings recorded by mechanical stenography, transcript
produced by computer.
```

1          (Begin proceedings in open court at 2:08 p.m.)
2              DEPUTY CLERK:  3:17-CR-37, United States of America
3     versus Brewer.
4              MS. MCKENZIE:  Good afternoon, Your Honor.  Erin
5     McKenzie on behalf of United States.
6              MR. MEJIA:  David Mejia.  It's an honor to be back
7     here, Judge, on behalf of Cherosco Brewer.  He's seated to my
8     left.
9              THE COURT:  And, Mr. Mejia, you're new to the case; is
10    that correct?
11             MR. MEJIA:  I am, yes, sir.
12             THE COURT:  So I think you-all have had an opportunity
13    to talk with Natalie about a schedule, and we've selected a
14    trial date.  Is that correct?
15             MS. MCKENZIE:  That's correct.
16             MR. MEJIA:  Yes, we have.  She has suggested if we
17    could agree to a date in August, and we've done that at the
18    dates that she's given to you, Judge.
19             THE COURT:  So the parties have agreed to August the
20    20th as the trial date.  We did have some earlier dates, even
21    some June and July dates, but those were -- the August date is
22    preferred to those earlier dates; is that right?
23             MR. MEJIA:  Yes, sir.  From this side, because I'm new
24    to the case, while the case is not procedurally complex, there's
25    a great deal of investigation, since it's been brought from

1  state court to here, follow-up and to make sure I have all
2  discovery, both from the state and the federal system that I
3  need.  I, obviously, rely upon competent prior counsel, but I
4  really must touch all those bases myself.
5              THE COURT:  That's fine.  So we'll go with a trial
6  date of August 20.  Do you-all have a feel yet for how long?  Is
7  this about a two to three-day trial, you think?
8              MS. MCKENZIE:  Ideally.  I'm also mindful that
9  sometimes our best estimates --
10             THE COURT:  In my experience, it's oftentimes best
11 estimates fail to match up with the ultimate reality, but that's
12 fine.  For purposes of planning, it's still worth getting a
13 little bit of input from counsel as to your current thinking.
14 Is that consistent with your preliminary view of the case, a
15 two --
16             MR. MEJIA:  It is, Judge.  I think two to four days.
17             THE COURT:  So we'll also set an August 13 pretrial.
18 We'll get an order out after today's hearing.
19    The U.S. has already tendered all of the discovery.  Is that
20 correct?
21             MS. MCKENZIE:  That's correct, Your Honor.
22             THE COURT:  What else do we anticipate needing to do
23 between now and August 20?  Anything at this point?  Obviously,
24 again, you're still reviewing the file, but from your
25 preliminary discussions, do we anticipate any other issues to be

```
 1  brought up?
 2          MS. MCKENZIE:  May we approach on that?
 3          THE COURT:  Sure.
 4     (Bench conference on the record.)
 5          MS. MCKENZIE:  I don't foresee this as an issue, but
 6  in all candor to the court, one of the primary officers on the
 7  case is due to go on leave starting in September, maternity
 8  leave.  Because we're into August, there's always the
 9  possibility that something could happen.
10     I'm going to stay in close contact with her as that date
11  approaches.  If it looks like that may be an issue, I'll alert
12  Mr. Mejia and the court.  I don't know if, you know, a
13  prophylactic deposition by agreement or -- you know, we can --
14  she's testified in the suppression hearing.  There are a number
15  of options we can explore if that becomes an issue, but that's
16  the only potential issue I can even envision from the United
17  States' perspective.  I just didn't want to discuss her medical
18  situation in open court.
19          THE COURT:  That's fine and I appreciate the heads-up.
20  If that becomes an issue, we'll just take it up then.
21          MR. MEJIA:  The rules make available pretrial
22  depositions or statements under oath or testimony.  We can
23  manage that.
24          THE COURT:  That's right.  And it may also be possible
25  for you to qualify other law enforcement officers for at least a
```

1    portion of the issues she would otherwise have covered.  It may
2    not be the most efficient way to try the case, but, again,
3    we'll -- I mean, this is an everyday occurrence, so we'll do
4    what needs to be done.
5            MR. MEJIA:  The only other thing, Judge, is that -- I
6    can say this on record as well.  As you and counsel are aware,
7    he filed a pro se motion to transfer this case.
8            THE COURT:  Right.
9            MR. MEJIA:  I need to examine that to see if there's
10   anything to that at all that might be fashioned in a correct way
11   and I intend to do that.
12           THE COURT:  A motion to remand a criminal case?
13           MR. MEJIA:  No.  Actually, it would be fashioned by
14   way of a motion to dismiss, I think, if there's anything there
15   under the federal rules.
16           THE COURT:  That's different than --
17           MR. MEJIA:  Of course.
18           THE COURT:  -- the motion he --
19           MR. MEJIA:  Yes.
20           THE COURT:  -- filed.
21           MR. MEJIA:  That was my thought.
22           THE COURT:  Yeah, that's fine.  A motion to dismiss I
23   would view as different --
24           MR. MEJIA:  Of course.
25           THE COURT:  -- altogether --

```
 1                MR. MEJIA:  Of course.
 2                THE COURT:  -- procedurally, as well as
 3    substantively --
 4                MR. MEJIA:  Yes, sir.
 5                THE COURT:  -- from what he asked the court to do, so
 6    that's fine.  Anything else?
 7                MR. MEJIA:  No, sir.
 8                MS. MCKENZIE:  No.
 9         (End of bench conference.)
10                THE COURT:  So anything else we need to take up at
11    this stage?
12                MS. MCKENZIE:  The only other matter -- and I am
13    confident that the court is already tracking the speedy trial
14    clock, but --
15                THE COURT:  We make a habit of that.
16                MS. MCKENZIE:  Ms. Keel and I did some math.  And I
17    know that the time from here to the trial date is excludable for
18    Mr. Mejia's preparation purposes.  I just wanted to flag that.
19                THE COURT:  I think there are numerous bases for
20    getting us from what would have been the trial date to the
21    August 20 trial date, so we'll address those in our scheduling
22    order.
23         Anything else either of a housekeeping or a substantive
24    nature that we need to bring up at this point?
25                MR. MEJIA:  Just as a final matter, as I told counsel
```

1    and let the court know, in my review of the file, I intend to
2    not only review the motion to suppress, but his motion to remand
3    the case to state court, as well as the pretrial detention
4    order.
5         I just for his sake say to the court I'll be doing that.
6    While I don't think I need to ask leave to do so, I will commit
7    to filing any additional motions within 28 days.
8              THE COURT:  That will be fine.  I'm not inviting you
9    to revisit what I've already ruled upon --
10             MR. MEJIA:  I'm not going to.  I'm not going to.
11             THE COURT:  -- but certainly the scheduling order that
12   will come out will give you appropriate deadlines for any
13   remaining pretrial motions that you might consider.
14             MR. MEJIA:  And I think it goes without saying that
15   this request and the time is excludable and we agree to that.
16             THE COURT:  Very well.  Thank you-all.  I will tell
17   you that if we don't hear from you in the next few weeks, we'll
18   probably -- as is our habit, we'll probably reach out to you for
19   a status conference --
20             MR. MEJIA:  Okay.
21             THE COURT:  -- at some point.  Thank you.
22             MR. MEJIA:  Thank you, sir.
23        (Proceedings concluded at 2:16 p.m.)
24
25

```
 1                        C E R T I F I C A T E

 2        I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM

 3   THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

 4


 5
            s/Dena Legg                         October 16, 2020
 6   Certified Court Reporter No. 20042A157    Date
     Official Court Reporter
 7
```