```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF KENTUCKY
                        LOUISVILLE DIVISION


UNITED STATES OF AMERICA,     )    Case No. 3:17-CR-00037-DJH
                              )
        Plaintiff,            )
                              )
v.                            )
                              )
CHEROSCO BREWER,              )
                              )         August 13, 2018
        Defendant.            )         Louisville, Kentucky


                              * * * * *

                 TRANSCRIPT OF STATUS CONFERENCE
                BEFORE HONORABLE DAVID J. HALE
                  UNITED STATES DISTRICT JUDGE

                              * * * * *

APPEARANCES:

For United States:        Erin G. McKenzie
                          Corinne E. Keel
                          U.S. Attorney's Office
                          717 West Broadway
                          Louisville, KY 40202

For Defendant:            David S. Mejia
                          310 East Broadway, Suite 201
                          Louisville, KY 40202


[Defendant present.]


                   Dena Legg, RDR, CRR, CCR-KY
                      Official Court Reporter
                       232 U.S. Courthouse
                       Louisville, KY 40202
                          (502) 625-3778

Proceedings recorded by mechanical stenography, transcript
produced by computer.
```

1          (Begin proceedings in open court at 1:41 p.m.)
2                    DEPUTY CLERK:  3:17-CR-37, United States of America v.
3     Brewer.
4                    MS. MCKENZIE:  Good afternoon, Your Honor.  Erin
5     McKenzie and Corinne Keel on behalf of the United States.
6                    MR. MEJIA:  Good afternoon.  I'm David Mejia.  This is
7     Mr. Brewer to my left.
8                    THE COURT:  So we had a jury trial set for August 20th
9     and today was scheduled to be our final pretrial.  Mr. Mejia
10    filed a motion to continue, which I granted.  I don't know if
11    you've yet seen the order that was entered this morning.
12                   MR. MEJIA:  I have, Judge.
13                   THE COURT:  We remanded the jury trial, left this
14    conference in place so that we could talk about scheduling going
15    forward.  So have you-all had a chance to confer on a potential
16    schedule?
17                   MR. MEJIA:  We have had a couple of discussions and --
18    obviously, relying upon the opportunity to come back and see
19    you, but we haven't discussed dates.  We have talked about legal
20    issues, and we have talked about evidence issues, and we've had
21    discussions about the pending pretrial motions.
22                   THE COURT:  Well, I'm not so concerned about those at
23    this point.  I'm working my way through the -- there are, I
24    guess, five outstanding motions, including motions to reconsider
25    prior decisions, two motions in limine, and a motion to dismiss

1  the indictment.  I'm working through those now.
2       I'm not really as concerned about whether you've conferred
3  on those issues or even on the evidentiary issues at this point,
4  given that we'll set another pretrial conference in advance of
5  the trial, the rescheduled trial.  My primary issue at this
6  point would be trying to figure out when to reschedule the
7  trial.  And so my question is have you had a chance to talk
8  about that?
9            MS. MCKENZIE:  We have just obliquely.  I know
10  Mr. Mejia has some short-term scheduling of matters that he's
11  got to deal with.  I also --
12            THE COURT:  And I intend to give you as much time as
13  you need for any of that.
14            MR. MEJIA:  Thank you.  I think that probably four to
15  six weeks things will be -- so that I'll be back full and able
16  and ready.
17            THE COURT:  That's fine.  And I think that continuity
18  of counsel, as we've discussed before in this and other cases,
19  is a critical issue, one that the Speedy Trial Act explicitly
20  recognizes as important to both sides in any criminal matter, so
21  that will be the primary basis on which to find the time is
22  properly excluded from Speedy Trial Act calculations.
23       So four to six weeks is not an issue as far as I'm
24  concerned.  Where does that put us with respect to the United
25  States' schedule?

1    MS. MCKENZIE: Your Honor, the complicating factor for
2 the United States is witness availability. We were in a
3 situation with the August 20th date that we could nail down all
4 of our witnesses.
5    There is a witness that is going to be unavailable until
6 January for reasons that, if the court wants to discuss, we can
7 discuss at the bench. So I had previously discussed this with
8 Mr. Mejia. I think for us we were looking at January.
9    THE COURT: And there are no alternatives to this
10 witness's live testimony?
11    MS. MCKENZIE: Not realistically.
12    THE COURT: And what's your view on that, Mr. Mejia?
13    MR. MEJIA: I had asked the same question and
14 tentatively offered -- although I can't force my opponent's
15 hand, I did offer to stipulate. But, again, the plaintiff
16 government can accept or not. I certainly said, if we can go
17 sometime in the fall before Christmas, the defense would be in
18 the position to offer and to stipulate to that testimony. But,
19 again, that -- I can't force the Government on that.
20    THE COURT: So you have a witness that can testify --
21 if the trial were to have started on August 20th, was available?
22    MS. MCKENZIE: Your Honor, may we approach?
23    THE COURT: Sure.
24    (Bench conference on the record.)
25    MS. MCKENZIE: I just -- I didn't want to discuss this

```
 1   in open court.  One of the primary police officers on the case
 2   is --
 3              THE REPORTER:  Ms. McKenzie, can you move closer to
 4   the microphone, please.
 5              MS. MCKENZIE:  One of the United States' primary
 6   officers on the case is in the late stages of a pregnancy.  I
 7   had informed Mr. Mejia and the court of this when we scheduled
 8   the August date, knowing that we were cutting it close.
 9      I don't know how I could accept a stipulation for everything
10   that she would testify to.  It's not like a lab technician or
11   someone who would stipulate as to whether or not something was
12   cocaine or not.
13              THE COURT:  In other words, she's not a witness to a
14   discrete set of facts?
15              MS. MCKENZIE:  Correct.
16              THE COURT:  And so she'll be on maternity leave then
17   until January.  Well --
18              MS. MCKENZIE:  I think she -- under the statute, I
19   think she would -- she would be a material witness in the United
20   States' case.
21              THE COURT:  Well, why don't we do this:  I'm going to
22   let you step back.  Let me think about it for just a second.
23       (End of bench conference.)
24              THE COURT:  I think what I'd like it do under these
25   unusual circumstances is I think I would like for --
```

1  Ms. McKenzie, Ms. Keel, I think I would like for you-all to
2  confer with Mr. Mejia.
3      You're available this week, Mr. Mejia; is that correct?
4          MR. MEJIA: Yes, sir, this week I am.
5          THE COURT: And --
6          MR. MEJIA: Except Wednesday -- no -- yes, I am
7  available. I have appointments for late afternoon Wednesday
8  but --
9          THE COURT: But I guess my question is more general.
10 You will be available at some point during the remaining portion
11 of this week --
12         MR. MEJIA: Yes, sir.
13         THE COURT: -- to speak?
14         MR. MEJIA: Yes, sir.
15         THE COURT: And so I would ask you-all to confer. I
16 am sensitive to the circumstances on each side here that have
17 put us into a difficult scheduling issue, and I am also
18 sensitive to the fact that Mr. Brewer is in custody, is detained
19 pretrial, and so I want to try and reconcile as best as I can
20 the issues that are driving this scheduling difficulty.
21     And so I think we can do that, and I think that certainly
22 the two issues that have been raised, first in Mr. Mejia's
23 motion and then with respect to the issue that Ms. McKenzie
24 describes her material witness having, those are legitimate and
25 valid reasons why we cannot easily reschedule this trial.

1   So what I'm going to ask you to do is just speak over the
2   next couple of days. You're welcome to take advantage of your
3   proximity in this courtroom after I leave to begin that
4   conversation. And if you can reach agreement -- I'm going to
5   ask Natalie to stay out here for a few minutes. If you can
6   reach agreement on a time frame and she can help you with the
7   court's calendar, then great. I'll probably just get you on the
8   phone tomorrow or the next day and confirm that, and we'll get
9   an order out rescheduling the trial.
10   If you find that you cannot reach agreement on an
11   appropriate schedule or appropriate accommodation given the
12   scheduling difficulties that have been outlined here, then I'll
13   have to make a decision about the schedule going forward based
14   upon what I think is most appropriate under these circumstances.
15   But my preference would be for you-all to try and reach an
16   accommodation that is appropriate for all involved, including,
17   of course, Mr. Brewer.
18   So with respect to the issues that we started -- that we
19   touched on briefly, the five outstanding motions, I'll get an
20   order or orders out relatively soon with respect to those
21   outstanding motions, but I think the more critical issue to deal
22   with over the next day or so is this scheduling issue. Is there
23   anything else we need to talk about at this point?
24             MS. MCKENZIE: I don't believe so.
25             MR. MEJIA: I would just ask the court if you would

1  indulge me -- and I don't know whether the Government would ask
2  the same -- with regard to pending motions.  I may -- I had
3  intended to reply to one or two of them of the Government's
4  submissions.  My having filed an initial motion, for instance,
5  to dismiss, the Government responded.  May I reply or Your Honor
6  has enough and you won't accept a reply from us?
7           THE COURT:  Well, has the time expired for a reply?
8           MR. MEJIA:  I don't think so.  I mean, I don't know
9  that it has, but in view of where we are and we're going to get
10 a longer trial date, if the defense could have five days or
11 seven days --
12          THE COURT:  Yeah, I guess that's fine.
13          MR. MEJIA:  And I have no objection to the Government
14 filing within seven to 10 days any reply they may want to do to
15 my motions.
16          THE COURT:  Well, I think the standard rules apply
17 with respect to response and reply times, unless the pretrial
18 order changes them, and I don't believe that the pretrial order
19 has changed them.
20    Now, I typically do not want replies for motions in limine
21 because those -- it seems to me those tend to be --
22          MR. MEJIA:  Right.
23          THE COURT:  -- relatively straightforward issues
24 raised in the motion and the response.  That's typically enough
25 and we're also typically in a tight time frame.  But with

```
 1   respect to the other three outstanding motions, that's fine --
 2              MR. MEJIA:  Thank you.
 3              THE COURT:  -- if you want to file a reply.
 4              MR. MEJIA:  Thank you.
 5              THE COURT:  I'll just say within -- is seven days
 6   enough time?
 7              MR. MEJIA:  Thank you.
 8              THE COURT:  Anything else?
 9              MS. MCKENZIE:  Not from the United States.
10         (Mr. Mejia conferring with defendant off the record.)
11              MR. MEJIA:  Nothing from the defense.  Thank you.
12              THE COURT:  Thank you.
13         (Proceedings concluded at 1:55 p.m.)
14                         C E R T I F I C A T E
15      I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM
16   THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
17
18
            s/Dena Legg                             October 16, 2020
19   Certified Court Reporter No. 20042A157         Date
     Official Court Reporter
20
21
22
23
24
25
```