```
                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF KENTUCKY
                              LOUISVILLE DIVISION


UNITED STATES OF AMERICA,      )    Case No. 3:17-CR-00037-DJH
                               )
         Plaintiff,            )
                               )
v.                             )
                               )
CHEROSCO BREWER,               )
                               )         June 12, 2019
            Defendant.         )         Louisville, Kentucky


                               * * * * *

                    TRANSCRIPT OF MOTION HEARING
                 BEFORE HONORABLE COLIN H. LINDSAY
                   UNITED STATES MAGISTRATE JUDGE

                               * * * * *

APPEARANCES:

For United States:         Erin G. McKenzie
                           U.S. Attorney's Office
                           717 West Broadway
                           Louisville, KY 40202

For Defendant:             David S. Mejia
                           310 East Broadway, Suite 201
                           Louisville, KY 40202



Transcriber:               Dena Legg, RDR, CRR, CCR-KY
                           Official Court Reporter
                           232 U. S. Courthouse
                           Louisville, KY 40202



Proceedings recorded by digital recording.  Transcript produced
by computer from audio recording that the Court provided to
transcriber.
```

```
 1          (Begin proceedings in open court at 3:28 p.m.)
 2              DEPUTY CLERK:  3:17-CR-37, United States of America
 3   versus Cherosco Brewer for an ex parte hearing on a motion to
 4   withdraw.
 5              MS. MCKENZIE:  Good afternoon, Your Honor.  Erin
 6   McKenzie on behalf of the United States.  The court's order, as
 7   I understood it, wanted the United States to be present if we
 8   intended to object to the motion, which we do.
 9              THE COURT:  Okay.  All right.  And for the defendant.
10              MR. MEJIA:  I apologize to the court for my
11   lateness -- I was at the KBA convention -- and also my lack of
12   tie.
13              THE COURT:  I was informed that there was some mix-up
14   in scheduling and that's fine.  It happens.
15              MR. MEJIA:  Thank you, sir.
16      I'm David Mejia.  Of course, this is Cherosco Brewer seated
17   to my right.
18              THE COURT:  All right.  Good afternoon to you-all as
19   well.
20      All right.  So there will almost certainly be a portion of
21   this that we'll want to hear -- under which we'll -- or for
22   which we'll proceed ex parte, but I'm happy to hear,
23   Ms. McKenzie, first from you and what the Government's objection
24   is.  And then to the extent that Mr. Mejia wants to respond to
25   that, we can do so and then proceed with the ex parte portion of
```

```
 1   it.  So what would you have me know about the Government's
 2   position, please?
 3             MS. MCKENZIE:  Your Honor, I'm looking at Joint Local
 4   Criminal Rule 57.6, and I believe the circumstances here put us
 5   in the category of good cause being required at this point for
 6   counsel to withdraw.  And to give the court just a little bit of
 7   background, this matter was referred previously to Magistrate
 8   Judge Whalin on a motion to withdraw by previous counsel.  That
 9   occurred after a ruling on a motion to suppress but before --
10   well before the trial of this matter.
11      Previous counsel withdrew.  Mr. Mejia entered an appearance.
12   We continued to litigate, went to trial.  We have litigated
13   motions for new trial, judgment of acquittal.  We appeared in
14   front of Judge Hale on the scheduled date for sentencing.  The
15   PSR had been prepared, objections had been made.
16      At that point, there was apparent disagreement between
17   Mr. Brewer and counsel.  To the extent that Judge Hale called a
18   time-out in the proceedings and gave all parties 10 days to file
19   any motions, that's how we appear today on the motion to
20   withdraw.
21      Certainly a part of this has to happen ex parte, but my
22   reading between the lines from what was stated at the date for
23   sentencing and what has been filed, I understand that there is
24   some disagreement, there is some frustration, probably mutual
25   frustration, and it's the Government's position that those
```

1  things do not amount to good cause.  They do not -- essentially,
2  do not amount to such a breakdown in communication that the
3  defendant's Sixth Amendment right is in jeopardy.
4      And I have a couple of cases I want to flag for the court's
5  attention, *United States v. Marrero*, 651 F.3d 453.  The Sixth
6  Circuit examined defendant's disagreements with counsel
7  concerning strategy and determined that a defendant's
8  differences of opinions with his attorney do not create a
9  complete breakdown of communication that comprises his defense.
10     The court went on to note that the majority of the
11 complaints and disagreements cited by the defendant were
12 traceable to the defendant's fundamental misunderstanding of the
13 law, which counsel provided to the defendant, but he chose not
14 to accept.
15     And the reason for all of this, Your Honor, is that when the
16 court balances the interests in exercising the discretion here,
17 one of those interests to be balanced is interest of the public
18 in a prompt and efficient disposition of this case.
19     This case has been pending for quite some time.  The last
20 time Mr. Brewer had a change of counsel, there was a significant
21 delay in the proceedings because Mr. Brewer had difficulty
22 obtaining new counsel.
23     I don't see anyone here today who is ready to jump onto this
24 case.  It is the Government's suspicion that we may end up in a
25 similar situation as before where we have multiple status

1  conferences while Mr. Brewer attempts to find a new attorney.
2  To the extent that there is any argument beyond a
3  disagreement about what Mr. Mejia should have argued or how he
4  should have argued it, I would urge the court to look at the
5  standards in the case law in determining whether that actually
6  rises to the level of a breakdown in communication that
7  comprises the defendant's right to be represented at sentencing.
8  THE COURT: Could you give me that citation again on
9  the *U.S. v. Marrero*.
10 MS. MCKENZIE: Yes, Your Honor. It's 651 F.3d 453.
11 THE COURT: And did you have any other case or cases?
12 MS. MCKENZIE: Yes, yes. There is also a case -- an
13 unpublished Sixth Circuit opinion, *U.S. v. Reynolds*, 554 F.3d --
14 or F.App'x 347, and this was another situation where the
15 defendant on the eve of sentencing expressed dissatisfaction
16 with his counsel. And in examining whether the court made the
17 right decision in denying the motion to withdraw, the court
18 cited *Goodwin v. Johnson* and *U.S. v. Vasquez*. *Vasquez* sets
19 forth four factors that the court balances. That's a Sixth
20 Circuit case and that's 560 F.3d 461.
21 THE COURT: All right. Thank you.
22 So normally people who are standing where you are standing
23 right now in these proceedings will kind of head on back to the
24 office, but, you know, I don't know that it may be possible that
25 we have need to discuss some of these other factors further. So

1  I'm not really sure exactly how to proceed in terms of whether
2  we just turn now to the ex parte portion of it.
3      I guess let me ask you this, Mr. Mejia.  Is there anything
4  that you -- you don't have to say anything now, but is there
5  anything that you feel comfortable in saying in response to the
6  Government's objection that would not, you know, put -- would
7  not implicate the usual need to have this -- you know, the bulk
8  of this hearing be confidential and closed?
9          MR. MEJIA:  All of this is of record.  I will not
10 violate any privilege whatsoever, despite Mr. Brewer's letters
11 to the court.
12     I believe that my work is done in this sense.  I've filed
13 all appropriate posttrial motions.  I have filed objections to
14 the PSR.  I've filed the sentencing memorandum.  When we were to
15 proceed to decisions and sentencing, Mr. Brewer, obviously, had
16 himself pro se filed a motion.  The judge had rejected it
17 telling him "go through your lawyer."
18     On the day of sentencing, he presented or requested to
19 present another posttrial motion.  And we were somewhat -- I was
20 a little bit surprised by it because we had been talking back
21 and forth, both in writing and in person.
22     The judge gave me 10 days.  I essentially filed what he
23 wrote, and he then notified you and the court that he wanted me
24 dismissed.  It's an honor to be a federal criminal trial lawyer.
25 I've done it since my first trial in 1980 in the federal court

1  in Chicago.  If a client chooses not to have me as his lawyer,
2  then that's his Sixth Amendment choice, and I think we all
3  should respect that.
4      I've read the Government's authority, but the late Justice
5  Antonin Scalia said that the right to counsel of one's choice is
6  structural.  He's chosen against my being his lawyer and I think
7  that's where things are.  Beyond that, I have nothing more to
8  add.
9            THE COURT:  All right.  And, Ms. McKenzie, let me ask
10 you -- I'm sorry.  You did refer explicitly to 57.6.  So the
11 good cause that you're referring to is good cause required
12 under, I believe, subsection (b) of our strangely written rule
13 on withdrawal.
14     All right.  Ms. McKenzie, anything else on behalf of the
15 United States before we proceed to an ex parte discussion of
16 this with Mr. Mejia and Mr. Brewer?
17            MS. MCKENZIE:  No, only that Mr. Mejia's recitation of
18 the filing of the motions is accurate.  The pro se motion that
19 Mr. Brewer wanted filed on the day of sentencing, Mr. Mejia did
20 file that under his name.  The United States filed a response to
21 that, and I believe that motion is pending in front of Judge
22 Hale at this time.  That's the only thing I have to add.
23            THE COURT:  Okay.  All right.  Thank you.
24     Theresa, can I ask you a question.
25            MR. MEJIA:  Judge, is my attendance needed any

1 further?
2 THE COURT: There are a couple of things that I'd like
3 to go over with you.
4 MR. MEJIA: Okay. All right.
5 THE COURT: All right. Thank you, Ms. McKenzie. I
6 appreciate it.
7 MS. MCKENZIE: May I be excused?
8 THE COURT: Yes. And I'll just tell -- I don't think
9 this applies to you.
10 Frankly, what I was considering was -- I'm assuming that
11 some of these folks are friends or family of Mr. Brewer. I
12 don't know that specifically. Typically the part of the hearing
13 that we're about to do is closed to everyone so that it can be
14 kept confidential. And I don't know that I've ever had family
15 here for this kind of proceeding, but I think I'm going to have
16 to ask everybody to step out, other than court staff, and
17 Mr. Brewer, of course, is permitted to be here for everything.
18 (Transcript of ex parte proceedings filed under seal.)
19 THE COURT: And, Joe, did you happen to notice
20 Ms. McKenzie out there?
21 COURT SECURITY OFFICER: No.
22 THE COURT: Okay. All right. So, Mr. Brewer, as I
23 was indicating a moment ago, I'm going to make a recommendation
24 to Judge Hale that your motion and Mr. Mejia's motion be
25 granted. I'm going to provisionally -- so I don't have to bring

1  you back a second time just for this purpose, I will ask you
2  questions now as to whether you qualify for the appointment of
3  counsel, but that appointment is not going to happen unless
4  Judge Hale accepts my recommendation and grants the motion to
5  withdraw.  All right?
6      So I'll need to ask you some questions about your finances.
7  I'm not going to ask you about the current charges against you
8  or the case.  I will only ask you about your ability to pay for
9  a lawyer.
10     Mr. Mejia is still your counsel at this moment.  And so if
11 you need to consult with him before answering any of my
12 questions, please do so.
13          THE DEFENDANT:  All right.
14     (Defendant sworn.)
15          THE COURT:  All right.  Mr. Brewer, you're under oath
16 now, so it's important that everything you say be true.  Even
17 though I'm only going to ask you a handful about your finances,
18 you are still testifying.  So if you say anything that is not
19 true, you may face additional charges of perjury or making a
20 false statement.  Do you understand?
21          THE DEFENDANT:  Yes, sir.
22          THE COURT:  All right.  So, obviously, you're in
23 custody right now; correct?
24          THE DEFENDANT:  Yes, sir.
25          THE COURT:  How long have you been in custody?

```
 1                THE DEFENDANT:  Twenty-eight months, going on 29.
 2                THE COURT:  All right.  And I assume that you've not
 3   been working, other than perhaps some minor income being earned
 4   at an account at whatever correctional facility you're being --
 5                THE DEFENDANT:  No, I'm still in holding.  I'm not
 6   making no money.
 7                THE COURT:  All right.  Do you own any -- a house or
 8   any real estate?
 9                THE DEFENDANT:  No, sir.
10                THE COURT:  Do you have any sort of bank accounts of
11   any kind?
12                THE DEFENDANT:  No, sir.
13                THE COURT:  All right.  Do you own a motor vehicle?
14                THE DEFENDANT:  No, sir.
15                THE COURT:  Whether I thought to ask you specifically
16   about it or not, is there any source of money that belongs to
17   you now?  You don't have to borrow money?  You don't have to ask
18   people to give you money?  Is there any money that you have now
19   that you could use to pay for an attorney to represent you?
20                THE DEFENDANT:  No, sir.
21                THE COURT:  All right.  Based on your testimony, I
22   find that you qualify financially for the appointment of
23   counsel.  And if the motion to withdraw -- if my recommendation
24   on the motion to withdraw is accepted, then we will point --
25   let's see.  Has the federal defender been in this case,
```

```
 1   Mr. Mejia, to your knowledge?
 2            MR. MEJIA:  Not to my knowledge.  He had private
 3   counsel precede me, as I've been privately retained.
 4            THE COURT:  So in that case, I will appoint the
 5   federal defender's office to represent you, again, in the event
 6   that Judge Hale accepts my recommendation.
 7       So what else, if anything, then for today?  Mr. Mejia, is
 8   there anything further?
 9            MR. MEJIA:  Nothing more from here, Judge.  Thank you.
10            THE COURT:  All right.  So I will make that
11   recommendation accordingly, and we'll get something in the
12   record, and you-all will hear from Judge Hale in due course, I'm
13   sure.
14       All right.  Thank you.
15       (Proceedings concluded at 3:50 p.m.)
16                       C E R T I F I C A T E
17       I am an official court reporter for the U.S. District Court
18   for the Western District of Kentucky and certify that the
19   foregoing is a true and correct transcript, to the best of my
20   ability, of the above pages, of the digital audio recording
21   provided to me by the Court of the proceedings taken on the date
22   and time previously stated in the above matter.
23
          s/ Dena Legg                    October 14, 2020
24   Official Court Reporter              Date
25
```