```
                      UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF KENTUCKY
                           LOUISVILLE DIVISION


UNITED STATES OF AMERICA,      )     Case No. 3:17-CR-00037-DJH
                               )
         Plaintiff,            )
                               )
v.                             )
                               )
CHEROSCO BREWER,               )
                               )     August 19, 2019
         Defendant.            )     Louisville, Kentucky


                              * * * * *

            TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
                 BEFORE HONORABLE DAVID J. HALE
                  UNITED STATES DISTRICT JUDGE

                              * * * * *

APPEARANCES:

For United States:        Erin G. McKenzie
                          U.S. Attorney's Office
                          717 West Broadway
                          Louisville, KY 40202

For Defendant:            Donald J. Meier
                          Western Kentucky Federal
                            Community Defender, Inc.
                          629 S. 4th Avenue, Suite 200
                          Louisville, KY 40202


[Defendant not present.]


                  Dena Legg, RDR, CRR, CCR-KY
                     Official Court Reporter
                      232 U.S. Courthouse
                     Louisville, KY 40202
                        (502) 625-3778

Proceedings recorded by mechanical stenography, transcript
produced by computer.
```

1      (Begin proceedings via telephonic conference at 11:07 a.m.)
2              THE COURT:  Hello.  Good morning.
3              MR. MEIER:  Good morning, Judge.
4              MS. MCKENZIE:  Good morning, Judge.
5              THE COURT:  We are here on U.S. v. Brewer, and when we
6     last spoke -- let's see -- Mr. Meier, I believe you were brand
7     new at that point to the case, and so we delayed discussing a
8     schedule until you had a bit more time to get up to speed and to
9     confer with Ms. McKenzie about that schedule going forward.  So
10    have you-all had a chance to confer?
11             MS. MCKENZIE:  We have, Your Honor.
12             MR. MEIER:  We have spoke.
13             THE COURT:  And so what's -- is there a consensus on
14    next steps here?
15             MR. MEIER:  Well, I don't know about that.  I
16    explained my position to Ms. McKenzie, and I'm not sure what her
17    official position will be.  I can explain it to the court and
18    then we'll just move from there, if that's okay.
19             THE COURT:  Go ahead.
20             MR. MEIER:  Okay.  I have -- like I said, we were in
21    court probably -- what -- 10 days, two weeks ago.  I was just
22    meeting Mr. Brewer at the time.  I have since looked through a
23    number of documents, and I've gone down to Grayson County to
24    meet with Mr. Brewer.  And this probably comes as no surprise,
25    but he's somewhat unusual, put it that way, and my -- the bottom

1  line is my request is that we have another in-person hearing
2  where he can voice his grievances and his position.
3      As the court's probably aware from what he was saying in
4  court then and probably from -- since I haven't seen these
5  filings, I can tell from the record that he has filed a number
6  of pro se things, even though he was represented by different
7  counsel at the time.  Those have been stricken from the record,
8  so I don't know for sure if the document he's giving me now is
9  something now or if this is something that he has already filed,
10 but the bottom line is he has a -- what he's titled a posttrial
11 and new trial motion.  I know his counsel has already filed
12 motions for new trial.  I think maybe two.
13     And I can tell the court this, the situation is this:  There
14 is a case, unfortunately, that it does indicate that you can
15 raise ineffective assistance of counsel at the motion for new
16 trial phase.  That would be against my advice.
17     I told Mr. Brewer that should he want me to investigate
18 ineffective assistance of counsel, it would be a lengthy
19 process, that in fact I would have to get a trial transcript.
20 I'd have to look through many documents.  And unlike when we are
21 appointed for 2255, the court has already vetted, if you will, a
22 claim, and there's a factual issue in dispute, so we're
23 appointed to somebody on a 2255 to represent them.
24     As I told Mr. Brewer, I can look into the claim, if he's
25 going to insist on that.  It would take a while.  And if I found

1    that there was no basis for it, that I wasn't going to make it,
2    which did not make him happy.
3        But the grounds that he is asserting now for ineffective
4    assistance of counsel, the main ground, I find -- well, let me
5    just say that it's nothing that I would file.  He wants to file
6    it.  You know, I fear that if he proceeds down an ineffective
7    assistance of counsel on just this one issue that I would not
8    proceed with, he would potentially give up any 2255 rights as
9    moot later on.  So that would be certainly against my advice.
10   You know, but he's pretty strong-willed, to say the least.
11       So my request is that we air this out in a hearing on the
12   record.  And, you know, he may well want to proceed pro se and
13   then have counsel for appeal.  I'm not really sure, but it's --
14   well, that's the situation.  That's where I'm at.
15            THE COURT:  Ms. McKenzie, what's your position?
16            MS. MCKENZIE:  Well, I don't have any objection to
17   what Mr. Meier is suggesting.  I am very familiar with the
18   position that all of Mr. Brewer's counsel have found themselves
19   in.  So I think it does make sense to take any of this up in an
20   in-person proceeding where Mr. Brewer has the benefit of hearing
21   whatever the court has to say for himself.  I'm really at a loss
22   to suggest anything better at this point.
23            MR. MEIER:  I mean, Judge, I will tell the court, I am
24   willing -- it's up to the court.  He has a motion.  I have a
25   copy of it.  A friend emailed it to me, and he had a rough draft

1 when I went to see him. And I will -- I mean, I would file it.
2 I wouldn't sign my name to it, but I would certainly file one
3 sentence saying, "This is filed at the request of the defendant
4 to preserve the record." But, again, I'm thinking that if we
5 had these -- this discussion on the record, while it may try the
6 court's patients, it might be the overall prudent thing to do.
7        THE COURT: Well, of course, we set this telephonic
8 merely to discuss scheduling matters, not substantive matters,
9 and I appreciate that those issues may be a bit intertwined at
10 this stage of the case.
11   I'm not exactly sure what kind of hearing you're proposing
12 though. Are you proposing an oral argument on his posttrial
13 motion, the one that's -- that was filed by Mr. Mejia and
14 remains pending or are you proposing that -- I mean, he has a
15 right to speak at his sentencing hearing, as all defendants do.
16 I'm not exactly sure what -- what you're proposing by way of a
17 hearing here.
18        MR. MEIER: Well, I can understand that because I'm
19 not exactly sure myself, Judge, but I think -- I mean, I think
20 he's going to be upset with me, if he already isn't, in very
21 short order so -- and the reason he's going to be upset is
22 because I'm going to refuse to do some of the things that he
23 wants me to do.
24   And so my hope was just to air this out as best as possible,
25 to get it on the record and -- you know, therefore, if we go

1  forward and he insists on a certain course, he's -- I guess it's
2  just made it clear that he's been advised and that type thing.
3       You know, short of that, I don't -- you know, I really don't
4  know, because -- and part of it is I don't -- you know, I
5  haven't been through -- I've looked through the ECF.  I can see
6  there's been a lot of back and forth.  I've been trying to talk
7  to Mr. Mejia and Mr. Kamenish.  I have not yet been able to do
8  that, but -- so, you know, I don't know what's on the record at
9  this point.  But just based on our conversation, he may well
10 wish to proceed at this point on his own but -- that's certainly
11 not my advice either, but I was just hoping to get some of that
12 on the record.
13          THE COURT:  Well, I'll certainly take that under
14 advisement.  I guess I came to this hearing without much
15 expectation in terms of the issues that Mr. Brewer has expressed
16 via his pro se filings.  And my inclination here is to set the
17 matter for a sentencing hearing, which is the next, obviously,
18 procedural step.
19      And to the extent that Mr. Brewer has issues with his prior
20 representation that may be the subject of an appeal, then that
21 would allow him perhaps, if those are preserved issues, to take
22 those matters up or via a 2255, as you mentioned earlier,
23 Mr. Meier.
24      So let me think about this a bit, and we won't select a date
25 or anything.  I'll have Natalie contact you both regarding a

1  date for a sentencing hearing, if in fact I decide to go forward
2  with that.  As I mentioned earlier, certainly to the extent that
3  Mr. Brewer wishes to address the court at his sentencing
4  hearing, he has that right, and that would be the appropriate
5  opportunity for his family members and so forth to give the
6  court whatever personal information they wish to pass along
7  about Mr. Brewer for the court's consideration.
8     Short of the motion that remains outstanding filed by
9  Mr. Mejia, I'm just not sure, Mr. Meier, what would be the
10 occasion for a hearing, unless you want to file a motion and ask
11 for a hearing on the pro se issues that Mr. Brewer has
12 identified for you that he would like to have addressed.
13         MR. MEIER:  Well, I could -- yeah, I could talk to him
14 about that.  I guess the reason it goes into the scheduling or
15 it leads into scheduling -- it has other impact as well -- but
16 he does -- there is authority that he can bring up ineffective
17 assistance of counsel at this stage.
18    And what I'm saying is, if the court was asking me -- and if
19 he was wanting me to have to do that and the court wanted me to
20 do that, it would be a -- my request for sentencing date would
21 be well, well off into the future.  It would be a painstakingly
22 long review, especially not having had anything to do with the
23 trial, or the suppression hearing, or anything about the case.
24    He doesn't want that.  He wants to raise this -- he wants to
25 raise this one issue that I'm not in agreement with.  And so he

1    could do that with a short hearing date, but my advice to him is
2    he's -- you know, he is putting in jeopardy his right to have a
3    2255 later if he moots it out at this point by using just this
4    one ground that I disagree with.  So it's going to impact him.
5         And, you know, certainly I can make copious notes for the
6    file and that's what I'll do, but I guess that's the reason that
7    it impacts the scheduling -- that it impacts the scheduling as
8    well as, you know, later postconviction motions for which I'm
9    sure there will be many.
10              THE COURT:  Well, I can't get into the middle of your
11   discussions with Mr. Brewer.  And I appreciate the difficult
12   circumstances that you've been handed, but I can't get into the
13   middle of that at this stage certainly.
14        So I think what we're going to need to do is I'm going to
15   need to give you a deadline by which you will need to make any
16   motion for a hearing or other proceeding other than a sentencing
17   hearing.  And whether that be along the lines of the sort of
18   ill-defined hearing -- and I don't mean that as a criticism.  I
19   just mean that as -- at this stage you sort of talked about a
20   hearing, and so I would include a request for that or anything
21   else along those lines -- again, anything in the category other
22   than a sentencing hearing -- and then I'll take that up.
23        And I'll either -- and I'll take up the Government's
24   response.  And I'll either grant the request and we'll have that
25   proceeding, or I'll deny the request and then we'll move to a

1 sentencing hearing in order to close the case in its normal
2 course.
3 So how much time do you need, Mr. Meier, between now and
4 filing something?
5      MR. MEIER: Well, Judge, I will get in contact again
6 with Mr. Brewer and discuss the matter with more learned counsel
7 here at the office. And if the court could give me 10 days or
8 two weeks, I would appreciate it.
9      THE COURT: That'd be fine. Let's see, today is the
10 19th. How about if you can file your motion -- or I suppose it
11 could be simply a notice to the court indicating that no further
12 requests will be made, if you reach that conclusion, but if you
13 will file either a notice or a motion by close of business on
14 Tuesday, September 3rd. And then if the Government would file
15 its response by September the 10th, I will then seek to turn
16 around a response or -- I'm sorry -- a ruling on that as quickly
17 as possible.
18 I'm starting to get a little concerned that we're letting
19 this go a little longer than it really should. But, of course,
20 again, I recognize that you've been put in a tough spot, Don,
21 coming after the trial, having to assess these issues and deal
22 with them quickly. So while I am concerned about the schedule
23 being lengthened a bit, I'm going to give you whatever time you
24 need to do your job. And so if that schedule works, we'll
25 incorporate that into the brief order that will follow our

```
 1   hearing here.
 2             MR. MEIER:  That works for me.  Thank you, Judge.
 3             MS. MCKENZIE:  That works for the United States.
 4             THE COURT:  And then as I said earlier, I won't set a
 5   date for the sentencing hearing at this point.  I'll wait and
 6   see what's filed and how the Government responds.  And as I
 7   said, we'll either select a hearing date shortly thereafter, or
 8   we'll circle back to an in-court status conference, or if I --
 9   if you make a motion for a hearing and I grant it, then we can
10   set it for more than one purpose.
11      Anything else we should talk about at this point?
12             MR. MEIER:  No, sir, not from the defense.
13             MS. MCKENZIE:  No, sir.
14             THE COURT:  Thank you both.
15             MS. MCKENZIE:  Thank you.
16             MR. MEIER:  Thank you.
17      (Proceedings concluded at 11:26 a.m.)
18                       C E R T I F I C A T E
19      I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM
20   THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
21
22
         s/Dena Legg                         October 16, 2020
23   Certified Court Reporter No. 20042A157    Date
     Official Court Reporter
24
25
```