1

```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF KENTUCKY
                         LOUISVILLE DIVISION


UNITED STATES OF AMERICA,     )     Case No. 3:17-CR-00037-DJH
                              )
        Plaintiff,            )
                              )
v.                            )
                              )
CHEROSCO BREWER,              )
                              )     October 18, 2019
        Defendant.            )     Louisville, Kentucky


                            * * * * *

                 TRANSCRIPT OF STATUS CONFERENCE
                BEFORE HONORABLE DAVID J. HALE
                  UNITED STATES DISTRICT JUDGE

                            * * * * *

APPEARANCES:

For United States:        Erin G. McKenzie
                          U.S. Attorney's Office
                          717 West Broadway
                          Louisville, KY 40202

For Defendant:            Larry D. Simon
                          239 South Fifth Street, Suite 1700
                          Louisville, KY 40202


[Defendant present.]



                  Dena Legg, RDR, CRR, CCR-KY
                     Official Court Reporter
                      232 U.S. Courthouse
                     Louisville, KY 40202
                        (502) 625-3778

Proceedings recorded by mechanical stenography, transcript
produced by computer.
```

```
 1        (Begin proceedings in open court at 1:37 p.m.)
 2             DEPUTY CLERK:  We're here in the matter of United
 3   States versus Cherosco Brewer, Case Number 3:17-CR-037 for a
 4   status conference, Your Honor.
 5             MS. MCKENZIE:  Good afternoon, Your Honor.  Erin
 6   McKenzie on behalf of the United States.
 7             MR. SIMON:  Good afternoon, Your Honor.  Larry Simon.
 8   I've been appointed to represent Mr. Brewer, and he is present.
 9             THE COURT:  So we need to start our discussion talking
10   about scheduling matters.  Mr. Simon, obviously, the court has
11   only recently added you to the case, and you have requested
12   additional time to expand and supplement your motion for new
13   trial.  Is that correct?
14             MR. SIMON:  Correct.
15             THE COURT:  So I think that's the first place we need
16   to -- the first issue we need to address would be a briefing
17   schedule there.  How long will it take you to complete your
18   review and get, I guess, a full and complete motion for new
19   trial filed?
20             MR. SIMON:  Well, this is what I'd say:  First of all,
21   I want -- my client and I both want to thank the court for
22   granting our extensions -- our requests for extensions so we can
23   get some things in order and give me an opportunity to get
24   acquainted with the history of this case, which is fairly
25   lengthy.
```

1	But as I indicated in the motion for a new trial and my
2	request to supplement that one claim regarding the suppression
3	hearing -- I guess there's two parts to that.  The first part is
4	how much time, as the court's requested me to answer, do I think
5	it's necessary to fully examine that claim and go forward on it,
6	which I believe would require some period of time.  The time
7	period in my mind I'm not sure about, but I would foresee the
8	necessity for subpoenaing records from Louisville Metro Police
9	in terms of the stops, warrantless stops of vehicles in the
10	years leading up to Mr. Brewer's stop and ultimate arrest.  I've
11	included already the changes in the policy.  So that would take
12	some period of time, making those requests, and I would assume
13	would involve an evidentiary hearing at some point.
14	   Secondly --
15	            THE COURT:  I think -- just to step in at this point,
16	I think, to the extent that you may believe an evidentiary
17	hearing is necessary, you'll have to make that case in the
18	motion.  I don't want to suggest that I am agreeing to that as a
19	consequence of agreeing to an extension of time to permit you to
20	file the motion.
21	            MR. SIMON:  I get that and that would likely be a
22	request, but I understand that the court would determine that.
23	   The second part of that is that -- if I'm going to assert on
24	behalf of my client an ineffective assistance of counsel claim
25	prejudgment, I'm not positive at this point in time.  If I do

1   not assert any other claims that my client might have,
2   particularly as to the manner in which the trial was conducted,
3   and review the transcript and his counsel's file, and confer
4   with my client after getting all that information, the question
5   in my mind, if I fail to look into those matters, whether or not
6   ineffective assistance of counsel claims in the future might be
7   precluded on behalf of my client if I don't assert them if the
8   court allows me to assert the one claim.
9        The issue is, if I don't take steps to assert or at least
10  investigate the other claims that might be there, am I waiving
11  them for potentially 2225 proceedings postjudgment/postappeal
12  proceedings?
13       So I have not been able to get an answer.  I haven't
14  researched it to the point of knowing the answer to that
15  question.  But in an abundance of caution, if the court allows
16  me to proceed on the one claim that I raised in the motion that
17  the court allowed me to file late, I don't want to be in a
18  situation where I should have -- I find out later I should have
19  asserted other claims because they might be barred at some point
20  down the road.
21           THE COURT:  I don't know the answer to that question,
22  and I'm not sure if I did know it off the top of my head sitting
23  here today that it would be wise for me to give you an advisory
24  opinion at this point, in any event, except to say that I think
25  I am being generous in terms of the posttrial latitude here.

1   And so my suggestion is that you take advantage of that, to
2   the extent that you can, to run down those issues.  I think that
3   this is an opportunity now for us to flesh out all of these
4   issues fully and finally.
5           MR. SIMON:  Well, I would appreciate the opportunity
6   to do that.  I think that would be -- in my mind, that is the
7   way I think I should proceed.  And if that is going to be the
8   case, as I indicated in my motion, I would be requesting the
9   court for approximately a 90-day period of time before we
10  proceeded, if we do proceed to judgment, to research the trial,
11  which would be obtaining a transcript of the trial and letting
12  me examine that and advance any arguments on my client's behalf
13  that are in that category.
14          THE COURT:  Well, I think that's a big ask, Mr. Simon,
15  given where we are now.  I'm not saying it's inappropriate for
16  you to ask it, given your recent entry into the case.
17      I'm going to give you the 90 days.  I'm going to do that.  I
18  will say that, absent a very strong showing, I don't anticipate
19  expanding that 90-day period further.  So I will enter an order
20  that follows today's hearing that gives the defendant 90 days
21  from today to file any supplement to the motion for new trial.
22      How long, Ms. McKenzie, do you need in order to respond?
23          MS. MCKENZIE:  Well, Your Honor, I guess I don't truly
24  know until I see what I'm responding to.
25          THE COURT:  How about I just give you 30 days?

```
 1                MS. MCKENZIE:  That's perfect.
 2                THE COURT:  And to the extent that either side can
 3    advance their schedule beyond the time frame that I'm giving
 4    here, that would be appreciated, although not necessary.
 5         So the order that follows today's hearing will indicate that
 6    the court is granting you, Mr. Simon, the requested 90 days and
 7    will indicate that the court does not anticipate any further
 8    delays in this posttrial process.  And the United States will
 9    have up to 30 days to file its response.  I don't think a reply
10    will be necessary.
11         Based upon the court's review of the briefs, I will then
12    make a determination as to whether oral argument will be
13    necessary or whether to grant any request for evidentiary
14    hearing that is also contained in your supplemental briefing.
15         If it is not necessary -- if I don't find it necessary for
16    either of those or appropriate for an evidentiary hearing, then
17    I will proceed to rule on the motion.  If I deny the motion,
18    then I will set a sentencing hearing thereafter, probably in
19    about 30 days.
20         And so what I would ask, Mr. Simon, is that once you have
21    your motion for new trial in the record, that you begin working
22    on the -- I believe we have a PSR already in the record.  Is
23    that correct?
24                MS. MCKENZIE:  We do.
25                THE COURT:  That you begin working on your review of
```

1   those materials.  Now, of course, if I grant a motion for new
2   trial, you would be able to suspend that particular work.  But I
3   think, as a practical matter, I would ask you to go ahead so
4   that we don't have to delay the sentencing hearing any further
5   than would be necessary in the event that I deny the motions.
6        Any objections to that procedure?
7             MR. SIMON:  No, that sounds fine.  What I will do --
8   two things.  One, I'll straight away request a transcript of the
9   trial.  I'm not exactly sure how long it would take, but if
10  that's done in any kind of reasonable period of time, that
11  should give me time to examine that, confer with my client,
12  assert any other claims.
13     I may feel necessary to issue subpoenas from the court to
14  LMPD for certain statistical evidence to substantiate the
15  assertion of the IAC claim, so I don't want to surprise anybody
16  about that.
17            THE COURT:  I appreciate the preview.  I'm not going
18  to -- again, I'm not going to tell you -- if the Government
19  objects and we have to come back in, I'll either make a ruling
20  on that straight away or refer it to a magistrate judge to
21  handle, which is also a possibility, but I appreciate the
22  preview of at least the potential there.
23     And I presume that you'll consult with opposing counsel in
24  advance, if possible, on any such subpoenas or use of court
25  process.  I think that would expedite the resolution of any

```
 1    disagreements.
 2              MR. SIMON:  That'd be fine.  I'll take that -- I'll
 3    take that advice from the court.  Very good.
 4              THE COURT:  Anything else from the United States?
 5              MS. MCKENZIE:  Nothing, Your Honor.
 6              THE COURT:  I don't think that the Speedy Trial Act is
 7    implicated here, since we are posttrial, but we'll take a look.
 8    This is a bit unusual to be past the trial date without a
 9    sentencing hearing, not altogether out of the ordinary, but a
10    bit unusual of a -- bit of an unusual posture at this point.
11       So I will take a look and, if we think that a Speedy Trial
12    Act finding would be necessary, we will include that.
13    Obviously, given the defendant's posttrial motions, any time
14    would be -- if it is necessary to exclude the time under the
15    Speedy Trial Act, if it is applicable to the circumstances we
16    have here, I think it would be obvious that the basis for that
17    would be the defendant's posttrial motions.
18       I just give you a heads-up in case you see that in the order
19    that follows today's hearing.
20              MR. SIMON:  If I might, I don't see an issue with that
21    on behalf of my --
22              THE COURT:  I sort of doubt that there is, but I want
23    to double-check, in an abundance of caution.  So if we double-
24    check and feel like it's necessary to belt and suspender the
25    issue, then we will, and I just wanted to let you know that.
```

```
1          Anything else, Mr. Simon?
2               MR. SIMON:  No, sir.
3               THE COURT:  Anything else, Ms. McKenzie, that we
4    should talk about at this point?
5               MS. MCKENZIE:  No.
6               THE COURT:  Thank you-all.
7          (Proceedings concluded at 1:51 p.m.)
8                        C E R T I F I C A T E
9       I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM
10   THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
11
12
           s/Dena Legg                          October 16, 2020
13   Certified Court Reporter No. 20042A157     Date
     Official Court Reporter
14
```