UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                                             CRIMINAL NO. 3:17-CR-37-DJH

CHEROSCO BREWER                                                 DEFENDANT

RESPONSE TO MOTION FOR BOND ON APPEAL

Brewer, convicted by a jury and sentenced to 240 months in prison for the drug and firearms offenses, asks this Court to release him on bond while his appeal is pending (Letter, DN 271). Because Brewer's appeal does not raise a substantial question of law and because he does not satisfy the "exceptional reasons" standard under 18 U.S.C. § 3145(c), this Court should deny the motion.

BACKGROUND

In January 2019, a jury convicted Cherosco Brewer on all charges in a four-count Indictment for being a felon in possession of a firearm, possession with intent to distribute marijuana and cocaine, and possession of a firearm in furtherance of a drug trafficking crime. This Court sentenced Brewer to a total of 240 months imprisonment. (Judgment, DN 242 at 3).

After filing his Notice of Appeal to the Sixth Circuit Court of Appeals, Brewer moved the Sixth Circuit for his release on bond pending his appeal (Motion for Release Pending Appeal, Case No. 20-5943, Doc. 4-1). The Sixth Circuit denied without prejudice because Brewer should have file his motion with this Court instead (Order, Case No. 20-5943, Doc. 33-2). Brewer renews his request for release pending appeal in the form of a letter filed *pro se* (DN 271).

<u>ARGUMENT</u>

I.    BREWER FAILS TO MEET THE HEAVY BURDEN NECESSARY TO
      OVERCOME THE OTHERWISE MANDATORY REQUIREMENT OF
      DETENTION PENDING APPEAL.

Release pending appeal is not a matter of right.  On the contrary, 18 U.S.C. § 3143(b)

creates a presumption against release pending appeal.  <u>Vance</u>, 851 F.2d at 169. "Once guilt of a

crime has been established in a court of law, there is no reason to favor release pending imposition

of sentence or appeal." <u>Id.</u> at 170.

Moreover, because of the nature of his convictions, Brewer faces mandatory detention

pending appeal under 18 U.S.C. § 3143(b)(2) unless he overcomes the hurdles in § 3145(c).

Second 3145(c) first requires Brewer to meet the conditions of § 3143(b)(1):  He must show (1)

by clear and convincing evidence that he is not likely to flee, (2) by clear and convincing evidence

that he does not pose a danger to the safety of any other person or the community, (3) that his

appeal is not for the purpose of delay, and (4) that his appeal raises a substantial question of law

or fact likely to result in reversal (or other circumstances not relevant here). <u>See</u> <u>Chilingirian</u>, 280

F.3d at 709; <u>Vance</u>, 851 F.2d at 169.  Even if Brewer met the § 3143(b)(1) criteria, he is still

detained pending appeal unless he "clearly show[s] that there are exceptional reasons why [his]

detention would not be appropriate." <u>See</u> § 3145(c).

A.    <u>Brewer Does Not Present A Substantial Question Of Law Likely To Result In
      Reversal Of His Conviction.</u>

Assuming arguendo that Brewer is not a flight risk or danger, and that his appeal is not for

purposes of delay, he still fails to meet the "substantial question of law or fact likely to result in

reversal" requirement.  An appeal raises a "substantial question" when the issue presented is a

"close question or one that could go either way" and the question "is so integral to the merits of

the conviction that it is more probable than not that reversal or a new trial will occur if the question

2

is decided in the defendant's favor." United States v. Pollard, 778 F.2d 1177, 1182 (6th Cir. 1985)(citing United States v. Powell, 761 F.2d 1227, 1233-34 (8th Cir. 1985)); United States v. Miller, 753 F.2d 19, 23 (3d Cir. 1985) (a substantial appellate question is "one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful").

Neither Brewer's motion before the Sixth Circuit nor his current motion pending before this Court discuss any "substantial question" presented in his appeal.  Neither addresses the issues or merits of his appeal at all.  A review of Brewer's appellate brief (Appellant Brief, Case No. 20-5943, Doc. 35) shows his arguments fall into two basic categories: (1) arguments that this Court erred in its ruling on his suppression motions and (2) that there was insufficient evidence before the jury to convict on Counts 2-4.  Brewer does not raise any close legal questions or novel issues in his appeal.  Rather, he asks the Sixth Circuit to review evidence and arguments that were already before this Court and the jury that convicted him and to reach opposite conclusions, i.e. that evidence against him should have been suppressed and/or that it was insufficient to convict. Brewer simply does not meet his burden of showing a substantial question likely to result in reversal.

B.  Brewer Does Not Show "Exceptional Reasons" Why His Detention Is Inappropriate.

Brewer also fails to meet the last requirement for release pending appeal.  In addition to satisfying all of the criteria in § 3143(b)(1)—which he doesn't—Brewer must also "clearly show[] that there are exceptional reasons why [his] detention would not be appropriate."  See § 3145(c).

As the district court explained, "[c]ourts generally agree that the term 'exceptional reasons' is limited to those situations which are 'out of the ordinary,' 'uncommon,' or 'rare.'"  (R. 284 Order at 3438)(citing United States v. Miller, 568 F. Supp.2d 764, 774 (E.D. Ky. 2008); United

States v. DiSomma, 951 F.2d 494, 497 (2d Cir. 1991)(defining "exceptional reasons" as a "unique combination of circumstances giving rise to situations that are out of the ordinary")).

Here, between Brewer's two motions for his release pending appeal, the circumstances he says should support his release are not out of the ordinary, rare, or even uncommon. His complaints boil down to his desire to be released from detention. In his motion before the Sixth Circuit, Brewer states that the decision to detain him was made years prior and argues (without further support) that "[t]he opportunities to either flee the judicial district or pose a threat to the community have been diminished significantly with the current COVID-19 circumstances" and that he would stay with his grandmother, if released (Motion for Release Pending Appeal, Case No. 20-5943, Doc. 4-1 at 2). In his present motion before the Court, Brewer primarily complains of the conditions in his current holding facility, the Tallahatchie County Correctional Facility-CCA, including: the overall conditions, the food, and his isolation—seemingly due to possible COVID-19 symptoms (DN 271 at 2-3). None of these complaints is particularly unusual, let alone exceptional; they simply evince Brewer's desire to be released.

Brewer was brought up on serious federal charges. A jury found him guilty. He presents no substantial question of law likely to result in reversal, and there is no "exceptional reason" to delay the sentence imposed. This Court should deny his motion for release pending appeal.

Respectfully submitted,

MICHAEL A. BENNETT
Acting United States Attorney

*/s/ Corinne E. Keel*
Erin G. McKenzie
Corinne E. Keel
Assistant United States Attorney
717 West Broadway
Louisville, KY 40202
Phone No.: (502) 625-7041

4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify on January 22, 2021, I electronically filed this document through the CM/ECF filing system, which will serve opposing counsel, if any, via electronic mail.


*/s/ Corinne E. Keel*
Corinne E. Keel
Assistant United States Attorney

5