UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                                          CRIMINAL ACTION NO. 3:17-CR-037-DJH

CHEROSCO BREWER                                                   DEFENDANT

RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE
RELIEF

On February 25, 2021, Cherosco Brewer ("Defendant"), filed a motion with this Court

seeking compassionate release from his 240-month prison sentence pursuant to 18 U.S.C.

§ 3582(c)(1)(A).  (DN 274).  Defendant bases his motion on his fear of the coronavirus.

Compassionate release is inappropriate in this case because Defendant does not present

extraordinary and compelling circumstances, and in any event, the factors in 18 U.S.C. § 3553(a)

weigh heavily against releasing him.

**BACKGROUND**

Defendant was convicted by a jury of an assortment of firearms and narcotics charges

(DN 143, 147). On August 3, 2020, Defendant was sentenced to the applicable statutory

mandatory minimum sentence of 240 months (DN 242)[1]. He only began serving this 20-year

sentence seven months prior to the filing of his Motion for Compassionate Release, and he was

only received by the Bureau of Prisons on March 27, 2021. Prior to this, Defendant had remained

---

[1] The Defendant has appealed his conviction and sentence, and said appeal is pending before the United States Court
of Appeals for the Sixth Circuit.

in the custody of the United States Marshals Service.

Defendant's pro se motion, which was filed on February 25, 2021, claimed that he was housed in the Grayson County Detention Center and that he had contracted COVID-19 with prolonged symptoms, and that his needs were not being met. In reality, Defendant was transferred out of Grayson County Detention Center more than two months prior to the filing of his motion. From Grayson County, Defendant was received at a privately run facility in Tallahatchie, Mississippi until his transfer to BOP. Defendant has since then been transferred into BOP custody at his designated facility, Gilmer FCI.

According to BOP's website, FCI Gilmer currently has 1 inmate and 4 staff members who are positive for COVID-19.  See Federal Bureau of Prison's website, COVID-19 resource page, https://www.bop.gov/coronavirus/# (last visited March 30, 2021).  It has also had 304 inmates and 64 staff members recover.  One inmate and 0 staff members have died.  FCI Gilmer has also begun inoculating its staff and inmate population, with 134 staff and 650 inmates so far having received both doses of the vaccine.

Because at the time his motion was filed, Defendant could not have administratively sought release from BOP, he should be considered to have exhausted his administrative remedies for purposes of this motion.

ARGUMENT

I.      The Coronavirus Pandemic Alone Is Not a Basis for Compassionate Release.

A court may only grant compassionate release based on an individual defendant's "extraordinary and compelling reasons," which the defendant has the burden of showing.  See United States v. Hamilton, 715 F.3d 328, 327 (11th Cir. 2013).  See also United States v. Elias, 984 F.3d 516, 520 (6th Cir. 2021) (district court could have denied defendant's motion for failing

to provide evidence of claims).  In addition, a court must consider the factors set forth in 18

U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A).

      A.      <u>Defendant Is Not Eligible for Compassionate Release Because He Fails to Present Extraordinary and Compelling Reasons</u>

Defendant does not show extraordinary and compelling reasons.  Under § 3582(c)(1)(A),

defendants may move their sentencing courts to reduce their sentences based on extraordinary

and compelling reasons.  In considering such motions, district courts engage in a three-step

inquiry: (1) "the court must 'find' that 'extraordinary and compelling reasons warrant [a

sentence] reduction,'" (2) "ensure 'that such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission,'" and (3) "'consider[ ] all relevant sentencing

factors listed in 18 U.S.C. § 3553(a).'"  <u>Elias</u>, 984 F.3d at 518.  Congress has tasked the

Sentencing Commission with defining "extraordinary and compelling."  28 U.S.C. § 994(t).

The Commission defined that phrase before Congress enacted the First Step Act, which

first gave defendants the right to move the district court to reduce their sentences under

§ 3582(c)(1)(A).  In USSG §1B1.13, the Commission defined "extraordinary and compelling

reasons" to include medical conditions, age, and status as a caregiver.  <u>Elias</u>, 984 F.3d at 518.  In

a fourth category, the Commission deferred to the Bureau of Prisons to define "other reasons."

<u>Id.</u>  But the Sixth Circuit has ruled that, because the Commission has not amended §1B1.13 since

the First Step Act went into effect, it does not apply to motions defendants directly file (as

opposed to motions the Bureau of Prisons files, which the statute still allows).  <u>Id.</u> at 519.

The Sixth Circuit says that "district courts have discretion to define 'extraordinary and

compelling' on their own initiative."  <u>Id.</u> at 519-20.  But under any definition, "extraordinary and

compelling" has its limits.  "'[D]iscretion' does not mean 'whim'" and "[a] court might abuse its

discretion, for example, if it misreads the meaning of the extraordinary-reason requirement."

United States v. Jones, 980 F.3d 1098, 1112 (6th Cir. 2020) (citing United States v. Keefer, No. 19-4148, 2020 WL 6112795, *4 (6th Cir. Oct. 16, 2020)).  The compassionate-release statute does not permit "a sort of Wild West" or allow "every district judge [to] hav[e] an idiosyncratic release policy."  United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020) (also holding that §1B1.13 does not apply to prisoner-filed § 3582(c)(1)(A) motions).  "The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons.'"  Id.  Thus, "the Commission's analysis can guide discretion without being conclusive."  Id.

As § 3582(c)(1)(A) says, a defendant's reasons must be "extraordinary"--meaning exceptional or uncommon.  United States v. Shah, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020); United States v. Sapp, No. 14-CR-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020).  They must also be "compelling"--meaning "so great that irreparable harm or injustice would result if the relief is not granted."  Sapp, 2020 WL 515935, at *3 (internal quotation and alteration omitted).  And they must "warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  Defendant fails to show extraordinary and compelling reasons.

"[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ."  United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); cited in Elias, 984 F.3d at 521.

The Sixth Circuit approved the district court in the Elias case adopting the following two-part test "for deciding when the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release: (1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak."  Elias, 984 F.3d at *520 (internal quotation marks and citation omitted).

The district court in that case looked at the Center for Disease Control's list of risk factors for contracting COVID-19 and the COVID-19 statistics for the defendant's prison. Id. at 521. The Sixth Circuit held that "the district court properly considered the CDC guidance that was in effect at the time" and consulted the statistics for the defendant's prison. Id.

Defendant relies solely on the coronavirus pandemic. He is not eligible for compassionate release on that basis. Defendant's concern is that he could contract coronavirus *for a second time* and the virus could jeopardize Defendant's health. Because he has already contracted the virus, Defendant's concern presents an even less extraordinary and compelling reason for release.

While he does appear to have contracted COVID-19 prior to entering the BOP facility at Gilmer, his medical assessment on intake noted that he had **no** cough, shortness of breath, fatigue, body aches, sore throat, loss of taste or smell, nausea or vomiting. Despite a previous positive test for COVID-19, at present, the defendant appears to have no ongoing symptoms or difficulties.

Additionally, while Mr. Brewer's likelihood of re-infection cannot be determined with any certainty, there is evidence to suggest that having already contracted and recovered from COVID-19, Mr. Brewer should have some level of protective immunity against future infection. See, e.g., Brad Spellberg, MD; Travis Nielsen, PhD; and Arturo Casadevall, MD, PhD, Antibodies, Immunity, and COVID-19, J. of the Am. Medical Ass'n, Published online November 24, 2020. https://jamanetwork.com/journals/jamainternalmedicine/fullarticle/2773575?resultClick=1 (last accessed March 30, 2021).

It is also important to note that the facility where Defendant is housed currently has only

one active COVID-19 case among inmates. In addition to BOP's COVID-19 protocols already in

place, FCI Gilmer has begun inoculating inmates and staff. As of the date of this filing, 134 staff

members and 650 inmates have been fully inoculated at the facility. *See* COVID-19 Vaccine

Implementation, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/(last accessed

March 30, 2021).

> B.     Regardless of Whether the Defendant Has Presented Extraordinary and
>        Compelling Circumstances, Relief is Improper Considering the Factors Set Forth
>        in 18 U.S.C. § 3553(a)

Even when a defendant is statutorily eligible for a sentence reduction based on an

"extraordinary and compelling reason," compassionate release is not necessarily appropriate.

Before ordering relief, courts must consider the factors set forth in 18 U.S.C. § 3553(a).

Here, "the nature and circumstances" of the Defendant's crime and the Defendant's

"history and characteristics" weigh against relief.   18 U.S.C. § 3553(a)(1).   Defendant was

convicted of being a drug-dealing, felon in possession of a firearm. In reality, Defendant was not

just <u>any</u> drug-dealing felon in possession of a firearm. He was found to be both an Armed Career

Criminal under 18 U.S.C. § 922(e) as well as a Career Offender under the Sentencing Guidelines.

Defendant qualified for each of these distinctions because of a serious criminal history.

Notably, Defendant's history also contains a pattern of parole violations and committing new

crimes while on release for other crimes. In fact, the very facts of this case involve two separate

offenses on two separate days with the defendant being arrested, released on bond, and promptly

rearrested for the same kind of conduct the very next day.

The second § 3553(a) factor also weighs against relief. The sentence should be sufficient

to reflect the seriousness of the offense, promote respect for the law, and deter future criminal

conduct, among other things. 18 U.S.C. §3553(a)(2). Defendant is less than one year into a

twenty-year sentence. The length of time Defendant has served on this sentence is insufficient to have an adequate deterrent effect and it is certainly insufficient to amount to just punishment or promote respect for the law. This is especially true in light of Defendant's history of recidivism.

The Court's § 3553 analysis may also take into account the kinds of sentences and the sentencing ranges that were available for the offenses of conviction. Defendant faced an advisory guideline sentencing range of 360 months to life imprisonment. In weighing the factors at his sentencing hearing, the Court determined that the appropriate sentence would be 240 months. The fact that Defendant received a downward variance of ten years reflects the Court's careful consideration that at the time, a sentence of such length was sufficient but not greater than necessary. The few months that Defendant has served since that determination do very little to alter the calculus. To argue that Defendant, who just months ago, was sentenced to twenty years in prison, is now an appropriate candidate to be released with "time served" stretches all possible interpretations of "sufficient but not greater than necessary."

Applying Defendant's characteristics to the factors in 18 U.S.C. § 3553(a), Defendant should not be released.

CONCLUSION

The Court should deny the Defendant's motion.

Respectfully submitted,

MICHAEL A. BENNETT
Acting United States Attorney

/s/*Erin G. McKenzie*
Erin G. McKenzie
Assistant U.S. Attorney
717 W. Broadway
Louisville, Kentucky 40202
(502) 582-5911

7

CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and will mail a hard copy to the defendant.

/s/ Erin G. McKenzie
Erin G. McKenzie
Assistant United States Attorney