1

FILED
JAMES J. VILT, JR. - CLERK

JUN 14 2021

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA,

VS.                    NO. 3:17-CR-037-DJH

CHEROSCOE BREWER,

## DEFENDANT'S REPLY AND SUPPLEMENT MOTION FOR COMPASSIONATE RELEASE SENTENCE REDUCTION

Defendant Cheroscoe Brewer, pro se, moves this Court pursuant 18 USC 3582(c)(1)(A)(i) the first Step Act of 2018 and the applicable 3553(a) sentencing factors to issue an Order granting said motion instanter. Defendant states that all evidence of record other reasons and intervening circumstances which led to Defendant's federal indictment, justifies the granting of relief by this Court.

### STATEMENT OF FACTS.

On November 11, 2015, Defendant was pulled over by the Louisville Metro Police Department because of excessive tint on his vehicles windows.

2

Defendant was told to exit the vehicle and minutes later a drug sniffing dog unit was called although the traffic stop was for excessive tinted windows. (See DAVIS vs Commonwealth 447 SW 3d. (Ky. 2016)). The dog alerted to the scent of marijuana and then a firearm was also found. Defendant was arrested and posted bail. On November 12, 2015 Defendant was again pulled over for excessive window tint, the drug dog arrived alerted to a substance they called cocaine, he was arrested and again posted bail. Roughly eighteen months later, On April 16, 2017 Defendant was arrested on a sealed federal indictment, although he never committed a new crime or violated any conditions while out on bond. Defendant was told the indictment was why he was being arrested and the prosecutor wanted Defendant off the streets. On January 10, 2020 A jury convicted Defendant on all four counts and the Court sentenced Defendant to 240 months total. Defendant timely appealed the conviction and harsh sentence. On December 5, 2020 Defendant was transferred to a BOP facility in Mississippi. Defendant informed them upon arrival that he suffered from mental illness, obesity and hypertension. Defendant Contracted Covid-19 in Dec. 12, 2020 because not only did he lose his sense of smell and taste but also started having dizzy spells

3

vision problems a noticeable weight loss, episodes of chilly night sweats even during the daytime. Defendant tested positive for CoviD-19 in January 2021 and his health never got better. On February 25, 2021 Defendant filed his first petition for Compassionate Release. On March 22, 2021 BOP sent Defendant to FCI Gilmer, a known Covid-19 hot spot. Defendant informed BOP about his medical issues before and after contracting CoviD-19, and about the large (40 lbs) loss of weight three months sooner. On or about April 6, 2021 Defendant recieved the Government's Response. She didn't contest his exhaustion requirement. Defendant exhausted his administrative remedies on June 4, 2021, by contacting Warden Wolfe. He replied on June 8, 2021. This Court can now rule on Defendant's motion.

4

## ARGUMENT

As recognized by the Government in Document 280 pg 4, she stated the Sixth Circuit's ruling in US vs Elias, where they approved the district court adopting the following two subparts test for deciding when the concern of contracting Covid-19 becomes an extraordinary and compelling reason for compassionate release: (1) when the defendant is at high risk of having complications from Covid-19 and (2) the prison where the defendant is held has a severe Covid-19 outbreak." Elias, 984 F.3d at 520." First not only has Defendant contracted Covid-19 but he also suffers from recognized complications caused by Covid-19 Defendant lost 40 pounds in less than 3 months. He has continuously experienced vision issues such as seeing floating dots & lines, headaches, chilly night sweats even in the daytime, painful edema episodes which at present hasn't been treated, abdominal cramps often when I defecate, and dizziness although my salt intake is next to none. Defendant has a CDC recognized symptom know as a long hauler and post Acute Sequelae to Covid Syndrome Defendant's comorbidities still puts him at high risk of severe illness or death if he contract Covid-19 again. But at present severe complications are already being experienced due to the BOP's

5

failure to protect and adequately provide self care before his current status. (see US vs Vasquez-Torres 2020 WL 4019038 (S.D. FLA 7/14/20) Also while Defendant should have immunity against reinfecting due to have already had Covid that's not 100% true. US vs Cano 2021 Lexis 3669 (HAW 2021) he was granted a compassionate release after he tested positive twice.) In the case at bar two people tested positive twice here at Gilmer. One elderly blackman OTIS Morris 69, infected in Nov. 2020 and on or about January 10, 2021 then he died. 2/2/21. Upon Defendant's arrival and being moved into general population, BOP placed him in the very unit and room (Unit A2-114) Mr. Morris occupied when he contracted the virus. The other inmate Q. Patterson contracted the Virus in June 2020 and four months later in October 2020. Patterson, he is still here; so the no reinfection claim is a myth. US vs Cano 2021 Lexis 3669 (Haw, 2021) Multiple Courts have recognized the fact that a prison has no confirmed open cases today does not provide much assurance in the current enviroment. US vs Tate, 2020 Lexis 118200 (CD. ILL. 7/7/20). Defendant can not say or predict whether or not an outbreak is likely or if there are/are not active cases being reported by the BOP at Gilmer. Gilmer is a designated

Case 3:17-cr-00037-DJH-HBB Document 291 Filed 06/14/21 Page 6 of 13 PageID #: 2729

6

Covid-19 facility for the BOP. Active cases or not, why would the BOP send Defendant or any prisoner who have had Covid-19 to a hot spot for Covid-19 outbreaks being that circumstances can change quickly See US vs Manzo, 2021 Lexis 50686 (3/18/21) In the Case at bar Gilmer is still on a modified status due to the recent outbreak. This prison has had large outbreaks. When five or less people test positive that doesn't equate as being an outbreak. (US vs Sharma 2020 Lexis 217215 (E.D.CAl 11/19/20) citing concerns that low numbers might reflect limited testing not absence of virus, collecting district court cases. expressing same concerns.) Elias does not apply in the case at bar because Defendant's had and recovered from Covid-19; but, the new Covid-19 complications Defendant contracted and suffers from creates extraordinary and compelling reasons to be granted relief. BOP nor science has a cure or treatment for Defendant's Covid-19 created comorbidities. US vs Ayon-Nunez, 2020 WL 704785 (ED Cal. 2020). Defendant's health conditions qualify as extraordinary and compelling in part because there is no applicable policy statement that confines the court's determination of what constitutes Ext > compelling circumstances in this Case.

US vs Topete 2021 Lexis 41752 (3/5/21) BOP's failure to protect and adequately treat Defendant warrants a reconsideration of his sentence. US vs Vazquez-Torres, 2020 WL 4019038 at *4 (S.D. Fla 7/14/20). According to the Court in US vs Sherwood 986 F.3d 951, 954 (6th Cir 2021) "a defendant must make a compelling case as to why the sentencing Courts 3553(a) analysis would be diffrent if conducted today. Plus the initial balancing of the factors during the defendant's sentencing is presumed to remain an accurate assessment as to whether those factors justify a sentence reduction. In the case at bar, Defendant's original offenses which led to the federal indictment were for excessive tinted windows in Nov 2015 Erin McKenzie who worked for the Common Wealth of Kentucky from Nov 2008 to Oct 2016 became a A.U.S.A. for the Western District of Kentucky. When the DAVIS vs Commonwealth 484 S.W.3d 288 (Ky, 3/17/2016) decision was handed down. It supported Defendant's defense, in the Commonwealth on both arrests. Defendant had been free on Bond since 11/12/15 to 4/16/17. On 4/16/17 Defendant was arrested and Bond terminated although for over 18 months he stayed a law abiding citizen to this day because the case was carried over by Erin McKenzie to the federal jurisdiction. It was the change in

8

sovereign that got the bond revoked. Defendant was convicted by a jury that did what they felt was justified. This Court taxed Defendant with a 240 months sentence for exercising his rights to a jury trial and maintained his innocence throughout the proceedings. See U.S. vs Conley, 2021 Lexis 40763 (N.D Ill 3/4/21) The sentence creates a sentencing disparity amongst other similar situated defendant's who were charged in state Court for a traffic offense. Other defendant's similarly situated were offered a plea before federal charges were declared. The First Step Act of 2018 demands fair sentencing and no stacking of 924(c) offense when the firearm offense were on the same indictment. Other reasons and Other 3553(a) factors favor relief in combination with the above stated. Defendant has not been able to take BOP courses due to transfers, illnesses, National BOP lockdowns and facilities lockdown due to Covid-19. Defendant has been able to assist roughly six other inmates prepare for and obtain their Independant Study Courses diplomes. They were for Paralegal Courses and GED's from the Blackstone School. Defendant helps three men write letters to the Courts as they continue their fight for freedom (see U.S. vs Redd, 444 F. Supp 3d. 717, 729 (ED VA 2020)

9

(sentence reduction proper where inmate demonstrated a commitment to self improvement assisting others in their rehabilitation efforts) also See Peppers vs US 476 (2011) Defendant without hesitation assists the elderly in getting phone time because many of the younger men have no respect, and when there is bad weather Defendant will take there request form to medical for them due to their health issues. Defendant has endured a harsh and deadly prison ~~sentence~~ experience due to the Covid-19 pandemic. Illnesses of his own, seeing 100's of others sick & affraid daily even to this day, being yelled at by BOP if we forget our mask and not being able to see our love ones for over a year have really been hardships. The harsh nature of serving a sentence during the year of 2020 provides a significant deterrent impact. Defendant has already paid gravely for the seriousness of the crimes he was convicted of not convicted for by serving 50 months incarcerated, contracting COVID-19, and now being plagued with untreated unexplained medical complications. Across the country courts have acknowledged ~~that~~ that the risks of Covid-19 have significantly affected the reasonableness of prison sentences. As in all of those cases, Covid-19 has affected the reasonableness

of Defendant's sentence as well. (see US vs King, 2021 Lexis 165451 (6th cir 9/10/20)(that court held, release will not produce an unwarranted sentencing disparity because it accounts for defendant's unique medical circumstances.) In the case at bar, Defendant's current and pre Covid-19 medical conditions favors relief, regardless of the length of sentence during this pandemic. In U.S. vs Ferizi NO 1:16-cr-42 (LMB)(EDVA 12/3/20). that district court granted him a compassionate release due to his medical conditions, his age and the conditions at FCI Gilmer (Id) The Government feels that due to the fact Defendant has a twenty year sentence and only has served 50 months to be released with time served stretches all possible interpretations of sufficient but not greater than necessary. "Your Honor, Mr Ferizi served 60 months of a 240 months sentence, he never contracted Covid-19 and unlike Defendant he did not have a traffic offense that was the underlying cause of his prosecution. Defendant post bond behavior proves he respected the law. He never got rearrested or charged for any other crime to this day since 11/13/15. During the 50 months of incarceration Defendant has not had any infractions. (Peppers vs US, 562 US. 476.) 2011 Defendant respects the law and the Constitution.

11

This Court's sentence of 240 months definitely reflects the seriousness of the offense, promotes respect for the law by showing how much time such as an offense carries as well as the Court's authority to impose it and it deters future criminal conduct because Defendant not only want to physically endure such punishment but mentally as well. To know and expierence such a mishap makes defendant reflect more seriously about his family members lives and his. He has served 50 months in prison for crimes carried over to the federal courts by a prosecutor who chose to punish Defendant because of who he is not because of what he did. This Court imposed a mandatory minimum sentence at that time because it was mandatory and none of the above stated facts existed on 8/30/20; but they do now. This Court by statute 18 USC 3582(c)(1)(A)(i) is suppose to try to find grounds to grant a compassionate release not sit on it's hands and do nothing. U.S. vs Rodriguez, 2020 LEXIS 58718 (E.D.PA., 4/1/20).

## Conclusion

Defendant respectfully requests this Court to grant relief instanter.
This ___10___ day of June, 2021

12

## CERTIFICATE OF SERVICE

I serve a true and exact copy of this motion upon Erin McKenzie, AUSA by way of the US mail. I properly address an evelopecto and placed it in the US mail Box in Unit A-2 at Gilmer FCI. I further verify under the Penalty of Perjury that all statements and facts presented are true to the best of my knowledge and belief. This __10__ day of June, 2021

Cherosco Bauer
18898-033 A2-218

Mr. Cherosco Brewer #18898-033 A2-218
F.C.I. Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV 26351

District Hon. Judge David J. Hale #Room 208
Gene Snyder United States Courthouse
601 West Broadway
Louisville, Kentucky 40202

FILED
JAMES J. VILT, JR. - CLERK
JUN 14 2021
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY