UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

FILED (JS)
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
21 AUG 27 PM 4:34

U.S.A.
v.
CHEROSCO BREWER,
Defendant.

No. 3:17-cr-37-DJH
No. 21-5287 U.S. Supreme Court

### MOTION FOR BOND

Defendant, Cherosco Brewer, pro se, moves this Court to release him on bond pursuant 18 USC 3143(b) and 3145(c) pending the resolution of the Petition for Certiorari, for he satisfies both and should be released on bond.

### FACTUAL STATEMENTS.

Defendant was stopped by the Louisville Metro Police Department on November 11, 2015, for excessive window-tint. Defendant and a passenger were removed from the vehicle and searched for contraband and weapons. NONE was found; then,

1.

although the police pulled him over for excessive window tint, no one in that unit had or carried a tint meter. (See testimony of Sergeant James Adams.) When the police officer recognized who Defendant was, instead of giving me a ticket or calling someone who had one, they called the K-9 Unit. Diesel the Dog arrived and alerted to drugs in the vehicle. Then a gun was found and Defendant was arrested. That next day he posted bail, was arrested again, posted bail again and stayed free on bail from November 13, 2015 until April 17, 2017. Defendant did not violate the terms of his bond, it was revoked following the return of a federal indictment on March 7, 2017, in this courthouse, arising out of the same arrest by the LMPD in 2015. After being indicted, following a jury trial, Defendant was convicted by a jury on January 2019. Defendant was categorized as a Career Criminal Offender and Armed Career Criminal Act due to his alleged criminal history. The Government introduced convictions from 1997, 2004, and 2005; but, never authenticated the convictions by way of producing transcripts.

2

This Court sentenced Defendant to serve 240 months in prison on 3/30/2020. Defendant's attorney filed the motion for appeal bond directly to the Sixth Circuit then Defendant filed a letter to this Court for an appeal bond. On or about 7/7/21, Defendant's appeal was denied by the Sixth Circuit. Defendant's appellate counsel filed a Petition for Certiorari on or about 8/2/21. On 8/20/21, Defendant was informed by his counsel that SCOTUS has his Petition and a conference is scheduled in that Court on 9/27/21. The Government waived filing a response!

This Court is aware of the case history and pending Motions for Compassionate Release filed by Defendant. Defendant presently has a furlough before the BOP, Warden Wolfe, due to the illness of his grandmother. The request was made pursuant 18 USC §3622, two weeks ago; then, F.C.I. Gilmer entered into a partial lockdown after ten BOP guards tested Positive for the virus on or about 8/13/21. On 8/23/21, due to the outbreak the facility is back operating on a Modified Status. (BOP

Website.) The infected guards consisted of fully and nonvaccinated individuals and although an Eastern District Judge of Virginia issued an Order in June 2021 mandating the wearing of mask in prisons, that does not apply at F.C.I. Gilmer. Defendant should be granted a bond most especially since he will be residing in the jurisdiction of conviction in Louisville, Kentucky, will be released to a reliable third person custodian who is his first cousin and is employed by the State/Commonwealth of Kentucky as a Highway State Policeman - Mr. Demetrius Graham.

LEGAL STANDARD.

Defendant satisfies the requirements set out in 18 USC 3143(b), for he will be fitted with a GPS Monitor and subject to house arrest except for emergency and other approved reasons only, plus Defendant proved that he is worthy of being released on bond because he had been free on bond for 18 months without any

4

violation from 11/12/15 to 4/17/17 until the date of this filing 8/25/21. Defendant's Petition does not serve as an attempt to delay any proceeding because he is already in prison, the direct appeal has been denied but the SCOTUS 9/27/21 conference could vacate the conviction and/or sentence. Plus, Defendant has not requested any continuances in any court. Defendant raises a substantial question of law in the Petition. SCOTUS Rule 10(a) or/and (b), which challenges this Court's and the Sixth Circuit's refusal to recognize the Davis v. Commonwealth and other Supreme Court of Kentucky's rulings that proved favorable for Defendant. A substantial question is one which is either novel... or which is fairly doubtful. U.S. v. Roth, 642 F.Supp 2d. 796 (E.D.TN, 2009). Should this Petition for Certiorari survive, Defendant's sentence will be reversed for constitutional reasons. Further, for the Court to set a conference date for 9/27/21 rather than just deny it as it usually does to thousands of Petitions yearly is proof that they see a substantial question present and want to answer it. (See Petition for Certiorari / 21-5287)

5

Defendant meets the criteria set out in 18 USC 3143(b), U.S. v. Al-Timimi, 2020 U.S. Dist. Lexis 149238 (4th Cir. 8/18/20).

EXCEPTIONAL CIRCUMSTANCES/REASONS.

Defendant's mandatory confinement offense can be bondable by this Court, being that 3145(c) turns the situation from mandatory detention into where release is possible, provided the Defendant can deter demonstrate that exceptional reasons for release exists. U.S. v. West, 2020 U.S. Dist Lexis 89609 (M.D.TN, 5/21/20). Defendant relies on the uncontrollable COVID-19 conditions at F.C.I. Gilmer which BOP itself has caused the entire inmate population to be in harms way. This is because the guards have already tested positive; but BOP does not mandate that they wear mask in our presence indoors or outdoors. The Delta varient is more contagious than the novel COVID-19, vaccine or not. Defendant complains about the BOP's failure to diagnose and treat him for the unexplained headaches, night-sweats, dizzy spells and edema. All of these symptoms are from post-COVID-19. A vaccine cannot cure the conditions, most especially the chronic kidney disease (Stage 3), Defendant

has and has to live with because the disease cannot be reversed or arrested. U.S. v. White, 2020 Lexis 122576 (4th Cir). BOP medical told Defendant, "without a doubt all the conditions are spillovers from the COVID-19 and poor diet but you have to buy eyeglasses from commissary." Defendant is prescribed glasses! Further, BOP told Defendant that no facility could treat me for my conditions to date, you'll have to get a specialist but not in here most especially since the Delta outbreak is on the rise, rapidly.

Defendant believes he has demonstrated not only exceptional but also extraordinary and compelling reasons as to why his detention pending resolution of the Certiorari is not appropriate. U.S. v. Al-Timini 2020 U.S. Dist. Lexis 149238 (4th Cir. 8/18/20). Defendant is aware of the fact 3145(c) is a "safety valve" and it allows his unbondable status to be bondable. (id.) Defendant suffers from the combination of illnesses daily. BOP does nothing so self care can be practiced. This Court didn't include this treatment in the sentence on

7

8/30/20. Defendant's reasons justify relief because COVID-19, the Delta varient, the infested guards being allowed to go maskless in our presence, the combination of COVID-19 ailments Defendant now suffers from and not be treated by BOP are situations out the ordinary, uncommon/rare. U.S. v. Miller, 568 F.Supp.2d 764 (E.D. Ky. 2008). Defendant has met the burden required to be released on bond by this Court. Defendant presents a substantial question, he is not a flight risk or danger to the community and he has demonstrated exceptional reasons thus this Court should grant his motion for bond. This 24th day of August, 2021.

Respectfully submitted,
Cherosco Brewer
Cherosco BREWER, 18898-033

### CERTIFICATE OF SERVICE

I served a copy upon the Clerk of Court for filing. This 24th day of August, 2021.

Cherosco Brewer
Cherosco BREWER

8

Mr. CHEROSCO BREWER #18898-033 A2-218
F.C.I. Gilmer
Federal Correctional Institution
P.O. BOX 6000
Glenville West Virginia 26351

CHARLESTON WV 250
25 AUG 2021 PM 1 L

FILED US
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
21 AUG 27 PM 4:34

District Hon. Judge David J. Hale #ROOM 208
GENE Snyder United States CourtHouse
601 WEST BroaDway
Louisville, KY 40202