UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,     Plaintiff,

v.     Criminal Action No. 3:17-cr-37-DJH

CHEROSCO BREWER,     Defendant.

\* \* \* \* \*

## ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a), the Court will deny the motion for compassionate release for the reasons explained below.

**I.**

A jury convicted defendant Cherosco Brewer on January 10, 2019, of one count of possessing a firearm as a convicted felon, one count of possessing marijuana with intent to distribute, one count of possessing cocaine with intent to distribute, and one count of possessing of a firearm in furtherance of drug trafficking. (Docket No. 143; D.N. 242, PageID # 2333–34) The Court sentenced Brewer to 240 months of imprisonment. (D.N. 242)

Brewer now moves *pro se* for compassionate release, arguing that as an inmate with underlying medical conditions, he is at increased risk of COVID-19 complications. (D.N. 274, PageID # 2643; D.N. 291, PageID # 2733) The United States opposes Brewer's compassionate-release motion, contending that neither extraordinary and compelling circumstances nor the § 3553(a) sentencing factors support early release. (D.N. 280, PageID # 2664) The government does not dispute that Brewer has exhausted his administrative remedies, and his motion is therefore ripe for review. (*Id.*)

1

## II.

A court considering the merits of a compassionate-release motion must first determine "whether 'extraordinary and compelling circumstances warrant' a sentence reduction." *United States v. Jones*, 980 F.3d 1098, 1107–08 (quoting § 3582(c)(1)(A)(i)).  Second, the court must "'find[]' whether 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'"  *Id*. at 1108.  Third, the court considers "any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."  *Id*. (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)); *see* § 3582(c)(1)(A).  "In cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13."  *Jones*, 980 F.3d at 1111.

**A.     Extraordinary and Compelling Circumstances**

The parties dispute whether Brewer's medical history and prior COVID-19 infection qualify as extraordinary and compelling reasons for compassionate release.  (*See* D.N. 274, PageID # 2643; D.N. 280, PageID # 2664)  Brewer's motion relies on his risk of COVID-19 complications due to his underlying medical conditions, including hypertension, obesity, "mental illness," and "an elevated heart rate."  (D.N. 274, PageID # 2643; D.N. 291, PageID # 2725)  Brewer also claims that he still suffers from COVID-19 complications due to his prior infection.  (D.N. 274, PageID # 2643; D.N. 291, PageID # 2725–27)  While the United States does not dispute Brewer's underlying medical conditions, it argues that because he has contracted and recovered from COVID-19, his fear of COVID-19 complications cannot qualify as extraordinary and compelling.

(D.N. 280, PageID # 2668)  The government also notes that Brewer showed no signs of lingering COVID-19 symptoms upon intake at FCI Gilmer.  (*Id.*; D.N. 282, PageID # 2690, 2697)

The CDC lists hypertension, obesity, and certain mental illnesses as risk factors for COVID-19 complications.  *See* Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Oct. 14, 2021).  Yet while these conditions do present an increased risk of COVID-19 complications, FCI Gilmer, where Brewer is incarcerated, has no active inmate or staff cases of COVID-19.  *See* Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/index.jsp (last updated Nov. 4, 2021).   In the absence of an outbreak of COVID-19 at his facility, Brewer cannot show that extraordinary and compelling factors support his release.  *See United States v. Elias*, 984 F.3d 516, 520 (6th Cir. 2021) (finding that the district court did not abuse its discretion when it required defendant to show that (1) "the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak" (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020))).

Brewer also asserts that a "sentencing disparity" resulting from receiving 240 months of imprisonment for what he describes as a "traffic offense" qualifies as extraordinary and compelling.  (D.N. 291, PageID # 2731)  But Brewer's conviction follows from substantially more serious criminal conduct than a mere traffic offense.  Brewer was convicted of four drug and firearm offenses (D.N. 143), and the Court sentenced him to 240 months of imprisonment after granting a downward variance from the recommended guideline sentence range of 360 months to life.  (D.N. 232, PageID # 2252; D.N. 242, PageID # 2333–34)  Therefore, Brewer's sentence and

3

his risk of contracting COVID-19 in prison do not qualify as extraordinary and compelling circumstances justifying early release.

### B. Section 3553(a) Sentencing Factors

Even assuming that Brewer's circumstances constitute an extraordinary and compelling reason for compassionate release, he must also demonstrate that the § 3553(a) factors support granting his motion. *See United States v. Kimball*, 988 F.3d 945, 946–47 (6th Cir. 2021) ) ("[The Sixth Circuit has] repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief."); *Jones*, 980 F.3d at 1102 (affirming denial of compassionate release based solely on consideration of the § 3553(a) factors). Pursuant to § 3553(a), courts must consider

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];
> (5) any pertinent policy statement . . . by the Sentencing Commission;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The "nature and circumstances" of Brewer's offenses are serious: he was convicted of multiple drug and firearm offenses and sentenced to 240 months of imprisonment, a downward variance from the recommended guideline sentence of 360 months to life. (D.N. 143; D.N. 232, PageID # 2252; D.N. 242, PageID # 2333–34) Moreover, Brewer has a significant criminal history

that placed him in Criminal History Category VI and qualified him as an Armed Career Criminal pursuant to § 924(e) for sentencing purposes.[1]  (D.N. 232, PageID # 2251–57)  The Court concludes that releasing Brewer 150 months early[2] would not properly "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment" for his conduct.  18 U.S.C. § 3553(a)(2)(A).  Under these circumstances, the § 3553(a) factors do not support early release.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the motion for compassionate release (D.N. 274) is **DENIED** after a complete review of the motion on the merits.

November 5, 2021

David J. Hale, Judge
United States District Court

---

[1] Brewer alleges that the Supreme Court's decision in *Borden v. United States* changes his status as an Armed Career Criminal.  (D.N. 305, PageID # 2763 (citing *Borden v. United States*, 141 S. Ct. 1817 (2021))  However, Brewer's three prior convictions are for trafficking in controlled substances, and thus, *Borden* does not support changing his Armed Career Criminal status.  (*See* D.N. 232, PageID # 2252–56)

[2] The Court bases this calculation on Brewer's projected release date of April 29, 2034.  *See* Federal Bureau of Prisons, *Find an inmate*, https://www.bop.gov/inmateloc/.