UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FILED
JAMES J. VILT, JR. - CLERK
NOV 18 2021
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA,

v.   NO. 3:17-CR-0037-DJH

CHEROSCOE BREWER,
          Defendant.

## MOTION FOR RECONSIDERATION

Defendant filed his initial motion for compassionate release on February 25, 2021. At that time, Defendant was still in the BOP's transit's status, and had contracted COVID-19. (Document 280, Page 2 of 8.) On or about March 22, 2021, Defendant was sent to F.C.I. Gilmer located in Glenville, W.V., and it was then that he received a copy of the Government's Response. (See Document 280, Rec. 6/6/21). The Government acknowledged the facts that on 8/3/20, Defendant was sentenced to the applicable statutory mandatory minimum sentence of 240 months, (Id. Pg. 1); that he had contracted COVID-19, (Id., Pg. 2); that according to BOP website FCI Gilmer currently (then) had 1 inmate and 4 staff members who tested positive for COVID-19

1.

as of 3/30/21. (Id., Pg. 2); that the facility had 304 inmates and 64 staff members to test positive and recovered from COVID-19; and, one death at that time [July 2020 to March 2021]. Ironically, the Government never spoke on the likelihood of Defendant ~~C.B.~~ re-infecting to the extent that it could prove fatal or more seriously ill than the first time he contracted it. The Government never acknowledged the BOP's medical records on Defendant which showed that he suffers from hypertension, mental illness, takes medication for both, has COVID-19 and several painful post-COVID health issues. (The Government refused to contest the administrative remedies' exhaustion requirement.

Due to a change in circumstances, Defendant continues to find that the 3553(a) sentencing factors favor a sentence reduction.
The evidence of record shows that the Court used three prior convictions to sentence Defendant as an Armed Career Criminal ~~C.B.~~ and a Career Offender, which led to the Court's 240 months mandatory minimum sentence. On 1/24/2007, Defendant entered a consolidated plea to indictment numbers 04-CR-2823 and 05-CR-0611. The consolidation

2.

meant that they were considered a single conviction. (See U.S. v. Davis 720 F.3d 215 (4th Cir. 2013)) Plus indictment number 97-cr-002549 consisted of several offenses including trafficking and a firearm offense in count 3 of the indictment. Ironically, the record is silent as to which offense is controlling; therefore, the firearm offense controls. (See U.S. v. Bowens, 224 F.3d 302 (E.D. VA 2000.) Furthermore, Defendant's records seems to be missing the transcripts. Minus those to prove the validity of the pleas as well as what he actually pled to, should also nullify the career offender status and the armed career criminal status. With the above stated facts, Defendant has met his burden showing that he is entitled to a sentence reduction. U.S. v. Ebbers, 432 F. Supp 3d 421 (S.D.N.Y). The Court should revisit the record and reconsider his ruling dated 11/5/21.

    Defendant also requests reconsideration because on the face of the record, Defendant lists multiple CDC recognized illnesses especially his obesity. The combination of illnesses, the fact that F.C.I. Gilmer still has unreported COVID-19 cases as of this day and that is why the prison is still on very limited/partial movement. The prison has been on partial lockdown (Red Status) since 8/10/21 when ten prison guards tested positive for COVID-19.

This Court should be mindful of the fact that the BOP reports represent the number of tests for the current month to date and do not represent the current number of COVID-19 positive patients. There's no truth to what the government claimed pertaining to Defendant not showing signs of lingering COVID-19 symptoms upon intake at F.C.I. Gilmer. My fluctuating obesity speaks for itself upon arrival and still to this day. Defendant also has a liver condition to go along with the post COVID-19 chronic conditions such as serious edema in both legs, painful feet/toe problems and unexplained untreated dizzy spells. Defendant's motion did establish extraordinary and compelling reasons to be granted a compassionate release. U.S. v. Jones, 980 F.3d 1098(6th Cir. 2020).

Defendant's predicate offenses are all nonviolent and although a firearm was found in a vehicle he was driving on 11/11/15, it was not being used or brandished. Defendant's prior history "which was unchallenged" is what led to the lengthy sentence not his character or conduct. Further, a sentence reduction is not inconsistent with the 3553(a) factors solely because an incarcerated person has only served a small portion of his sentence. Section 3582(c)(1) permits a district court to reduce a sentence in "any case" not just where a

4

sentence has been substantially served, not just in cases involving low level or non violent offenses. (UNITED STATES v. GONZALES, 520 U.S. 1, 5, 117 S. Ct. 1032 [1976]. When a statute provides for relief in any case there is no basis for categorically limiting that relief to a certain subset of cases. 18 USC 3582(c)(1)'s text gives effect to the policy choice that Congress made plain; when extraordinary and compelling circumstances exist, even the most serious offenders may be eligible for mercy.

Defendant asks this Court to be mindful of the fact that he was released on bond after his second arrest on or about 11/13/15. Defendant never violated the terms of his release agreement and the only reason he was arrested and charged for the same underlying state offense was because of the federal indictment. That revoked my bail in April 2017, eighteen months later; and, Defendant has continuous maintained a crime-free lifestyle. The Court should revisit all of the above facts of evidence and reconsider my motion. This 15th day of November, 2021.

*Cherosco Brewer*

Cherosco Brewer, 18898-033
Gilmer F.C.I., A-2  218
P.O. Box 6000
Glenville, W.V. 26351

5

Mr. CHEROSCO BREWER #18898-033 A2-218
F.C.I. Gilmer
Federal Correctional Institution
P.O. BOX 6000
Glenville, West Virginia 26351

15 NOV 2021 PM 4 L

FILED
JAMES J. VILT, JR. - CLERK
NOV 18 2021
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

Legal Mail

Hon. Judge David J. Hale #Room 208
601 West Broadway
Louisville, Ky 40202