UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | RESPONDENT/PLAINTIFF |
| v. | CRIMINAL ACTION NO. 3:17-CR-037-DJH<br>-Electronically Filed- |
| CHEROSCO BREWER | MOVANT/DEFENDANT |

### RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER [DN 307]

Brewer's Motion to Reconsider should be denied because he cannot demonstrate extraordinary and compelling circumstances. In fact, his circumstances are even further from extraordinary and compelling now compared to the filing of his initial motion because he has access to, yet declined to receive, the COVID-19 vaccine.

This Court recently denied compassionate release based on specific findings concerning the facts and circumstances of this case. [DN 306]. The Court followed the standard set forth below.

A court may only grant compassionate release based on an individual defendant's "extraordinary and compelling reasons," which the defendant has the burden of showing. *See United States v. Hamilton*, 715 F.3d 328, 327 (11th Cir. 2013). *See also United States v. Elias*, 984 F.3d 516, 520 (6th Cir. 2021) (district court could have denied defendant's motion for failing to provide evidence of claims). In addition, a court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

Under § 3582(c)(1)(A), defendants may move their sentencing courts to reduce their sentences based on extraordinary and compelling reasons. In considering such motions, district courts engage in a three-step inquiry: (1) "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction,'" (2) "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,'" and (3) "'consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a).'" *Elias*, 984 F.3d at 518.

The Court properly applied these standards in its order denying compassionate release. The motion to reconsider raises nothing that should change the outcome. Brewer still does not present extraordinary and compelling circumstances, and the statutory sentencing factors continue to weigh heavily against his request.

The United States has obtained updated records from the Bureau of Prisons, and they are attached to this response. To the extent that Mr. Brewer's Motion to Reconsider [DN 307] re-argues points from his initial motion [DN 274], the United States relies on its previously filed response in opposition [DN 280].

To the extent that Mr. Brewer's current motion now raises issues related to his sentencing, those issues do nothing to establish, or help establish, extraordinary and compelling circumstances. If such issues are relevant at all to the matter of compassionate release, it can only be as a potential factor for the court to examine in weighing the statutory sentencing factors during the final step of the analysis. However, it is worth noting that Brewer's conviction and sentence have been reviewed and affirmed on appeal to the Sixth Circuit. Brewer's current complaints about his sentencing do not alter the Court's prior analysis of the statutory factors.

The updated medical records establish that Mr. Brewer was offered and declined a COVID-19 vaccination in April, 2021. [Attachment, p. 81-83]. In October 2021, the Sixth Circuit joined other circuits in holding that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction." *United States v. Lemons,* 15 F.4th 747, 751 (6th Cir. 2021)(internal citations omitted). To the extent that Mr. Brewer does present any of the medical conditions recognized by the CDC as additional risk factors, the *Lemons* court also addressed the impact of vaccine access on motions from inmates with elevated risk.

> [I]f an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction under § 3582(c)(1)(A)(i) on the grounds that COVID-19 constitutes an extraordinary and compelling justification. *See Ugbah*, 4 F.4th at 597; *see also Broadfield*, 5 F.4th at 803 ("[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release.").

*Id.*

The Court has previously found that compassionate release is not appropriate in this case. Brewer's Motion to Reconsider changes nothing about that finding and should be denied.

## CONCLUSION

The Court should deny the Defendant's motion.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

_____
Erin G. McKenzie
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-5911

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

I further certify that I mailed the foregoing document, along with the Notice of Electronic filing, by first class mail to the following non-CM/ECF participant/Defendant:

Cherosco Brewer Reg# 18898-033 A2-218
FCI Gilmer
P.O. Box 6000
Glenville, West Virginia 26351

_____
Erin G. McKenzie
Assistant U.S. Attorney