FILED
JAMES J. VILT, JR. - CLERK

JAN 20 2022

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE DIVISION

UNITED STATES OF AMERICA
VS
CHEROSCO BREWER,
DEFENDANT

CASE NO. 3:17-CR-037-DJH

## DEFENDANT'S REPLY TO THE GOVERNMENTS RESPONSE TO MOTION FOR RECONSIDERATION

Defendant replies to the governments motion by saying that his medical scenario, conditions at FCI Gilmer, and the current conditions as well as the past conditions did/does justify grounds for this Court to grant his motion and accept her purposed Order to the Court. Defendant relies on the fact that the 18 U.S.C. 3553(a) factors do support grounds for relief as previously stated in his prior motions for compassionate release. The Government fails to realize that she cannot expect this Court to support her claims and to allow her to continue to operate a dual sovereignty.

②

U.S. vs. Belcher, 762 F. Supp. 666 (4th cir. 3/13/91). That fact alone constitutes a sentencing disparity because by right Defendant should not have been federally indicted. The government got two bites of the apple. She knew she had lost the commonwealth case because of the ruling handed down in Davis Vs. Commonwealth by the Supreme Court of Kentucky; so she then took it to the district court because the punishment would be more severe easier to prosecute. There were not any new charges or any new evidence but she chose to punish Defendant for her own vindictive reason. This cannot be considered just punishment or respect for the law. The government also fails to realize the punitive damages endured by Defendant which lead him to contracting the virus. That lead to an untreated heart condition. Not to mention the fact that the BOP's failure to adequately treat him caused his serious complications caused by contracting Covid-19. BOP was giving him a concoction of medication Atenolol and Duloxetine which was not suppose to be taken together. Defendant now suffers from a heart condition which he didn't have when he first entered the federal prison system. Again, the government says he has not put forth any extraordinary and compelling reasons to be granted a compassionate release. A VACCINE has nothing to do with a heart condition caused by the administering of the wrong medication



and complication derived from contracting Covid-19.
The operational failure of the BOP resulted in several
outbreaks in multiple prisons in the fall of 2020 to
present and defendant was one of the many victims
of that failure. U.S. vs Newell, 2021 Lexis 143059
(4th cir 7/30/21). Defendant has natural immunity from
contracting the virus previously. The government speaks
about the U.S. vs Lemons case; but, he is not complaining
about the initial underlying conditions. He is complaining
about the complications he now faces due to the virus
and the BOP's failure to protect him from the virus
and to adequately treat him. Again, the 3553(a)
factors do not factor against defendant but for him.
His family crisis medical issues, and nonviolent
predicate offense does support him not being a danger
to anyone or to the community. Again defendant says
he is not a danger to anyone or to the community. Further,
he is similar situated to many others who have been granted
release. See U.S. vs Adams, 2021 Lexis 8774 (ED. MZ 1/14/21).
Therefore 3553(a)(6) is another sentencing factor which
favors relief. The government wants this Court to believe
that the downward variance at sentencing also goes
against a sentence reduction, compassionate release;
however the 6th Circuit Court of Appeals held in U.S.
vs Hunter 2021 U.S. App Lexis 26115 (6th cir 8/30/21)
"that it's the factors that existed after sentencing
that make a difference per se not the ones known
about before or during sentencing by the court when



Considering a compassionate release/sentence reduction." Defendant's relies in toto on the record before this Court now to support his motion. Defendant's personal circumstances are what triggers the Courts decision. See Setser vs. US. 566 U.S. 231 (2012). Defendant has just been abreast to the fact that the BOP's inadequate treatment has led to a heart condition caused from giving him the wrong medication for months. The government saw the medical records but fail to react to them and so did the medical staff at Gilmer. Basically they say. "If we can get away with it then to bad for the inmate." "3553(a)(2)(D) also favors relief. Again the vaccination does not play a role in my case, although the government would believe it does but it doesn't because a vaccine will not reverse what the virus did to me or what the BOP did to me or should I say failed to do for me. In concluding, Defendant ask this Court to revisit its ruling and take in consideration also the hardships that I've encountered as well as the sentencing factors which favors relief. The length of my sentence should not be a factor, true, but it shouldn't be a reason to keep me in prison instead of granting relief. You can make a condition of my supervised relief home confinement for as long as you want to.

Please grant my motion. This the ___8___ day of December, 2021

Mr. Cherosco L. Brewer #18898-033 A2-218
F.C.I. Gilmer
P.O. BOX 6000
Glenville, WV 26351