UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE DIVISION

UNITED STATES OF AMERICA
VS
CHEROSCO BREWER,
DEFENDANT

CASE NO. 3:17-CR-037-DJH

FILED
JAMES J. VILT, JR. - CLERK
JAN 20 2022
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

EMERGENCY Motion DEFENDANT'S STATUS UPDATE REPORT AND URGENT REQUEST FOR AN EXPEDITED RULING

Defendant informs this Court that as of 12/14/21 to present F.C.I. Gilmer has had several severe Covid-19 outbreaks. (See COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited 1/10/22). Defendant's prison has been on a modified operations status for sure since 8/10/21. On 12/14/21 an outbreak occurred in Unit A-1, on 12/20/21 an outbreak occurred in A-2, on 12/21/21 outbreaks occurred in Units B+C, on 12/30/21 an outbreak occurred in Unit A-4 and every unit was locked down.

Defendant's living unit, A-2 had twenty men to test positive on 12/20/21 which is what actually

led to the lockdowns. Then on 1/4/22, the twenty men who had tested positive - both vaccinated and unvaccinated were returned to the living unit. BOP did not retest any of them, didn't sanitize the unit before or after they returned, and did not issue new face masks to any of us. Defendant's unit came off lockdown on 1/5/22.

Defendant's medical conditions took a turn to the worse during that lockdowns due in part to where when he ran out of the high blood medication AmLODIPiNE (10 MG TAB), it was not refilled until eight (8) days later. And Atorvastatin (40 MG) Medical told Defendant "sorry you know how it is during these lockdowns and left after Defendant explained how mentally and physically destroyed he had become. Doing the first lockdown outbreak my edema came back into my legs and ankles also feet. Making him have to lay down most of the days because it was hard to stand on his feet. Not having the blood pressure medications now he has the shakes really bad, chest, hands. And taking deep breathers makes defendant's back hurt even more than it already was. I have requested for lab work report from Nov. 2021. Also requested lab report for E.K.G. that took place in Dec. 2, 2021

and two or three days later i had. Two different panic attacks while having the heart monitor on his chest. And staff here at F.C.I. Gilmer will not gave him none of the reports at all. Then on 1/10/22, our unit went back on lockdown. An inmate collapsed was rushed to an offsite E.R. and it was discovered that he at age 34 had a heart attack, was on a ventilator, had tested positive for COVID-19, was in bad shape and he has been fully vaccinated.

  Defendant again moves this Court to grant relief for he has met both facts of U.S. v. Elias 984 F.3d 516 (6th Cir. 2021) and the 3553(a) sentencing factors favors relief. 18 USC 3553(a)(2)(D)  This Court had trusted Defendant would recieve adequate medical attention beyond a BOP concoction of prescribed medication that damaged his heart after he presented a symptomatic case of COVID. BOP admitted via email that the concoction was not suppose to be taken together over 12 months after prescribing the pills to Defendant and only after his body started to shut down. Medical equipped Defendant with a heart monitor for a week, changed the medication and told him to buy

Tylenol for his lower back and hip pain. BOP's negligence has severely damaged my heart. When this Court imposed its sentence and considered the applicable sentencing factors, Defendant is sure that none of the above was envisioned. "BOP tells Defendant to buy Tylenol for a painful problem they created. BOP destroys Defendant's heart and say all hearts go bad eventually." 3553(a)(2)(D). A court's decision does not cease to be an exercise of reason simply because it is also an exercise of compassion. U.S. v. LIKENS, 464 F.3d 823, 827 (8th Cir. 2006). The Court should find this reason is compelling because it would indeed constitute an irreparable harm and injustice if Defendant suffers even worse side effects now that BOP has damaged his heart. A damaged heart cannot be repaired by the BOP. Defendant is not a danger to anyone or to the public just because he roughly has fifteen years remaining on his enhanced sentence. Those years are due to the status not his actions. Defendant is in bad shape due to the heart issue and other medical issues, the fact that incarceration is not the only kind of sentence available there are other ways to achieve the same

public protection. Congress designed supervised release for people like Defendant. U.S. v. Rodriguez 2020 LEXIS 159588 (E.D. VA. 1/25/20). This Court can impose as a condition of his supervised release home confinement with a GPS monitor at his expense. Such restrictions also promote respect for the law, protect the public and provide just punishment because Defendants freedom of movement will be restricted and he will always face the harsh reality of the consequences that await if he violates the conditions. Gall v. U.S. 552 U.S. 38 (2007). In U.S. v. Johnson 529 U.S. 694 (2000) the SCOTUS held "if any prisoner might profit from the decompression stage of supervised release, no prisoner needs it more than one who has already tried liberty and failed." Defendant is that prisoner. Further as held in U.S. v. Lemons 2021 US App LEXIS 30267 (6th Cir. 10/8/21) the Sixth Circuit held that the nature and circumstances and the defendants' background may only be considered as part of the courts 3553(a) factors. "Here this Court has no other reason to support its decision. Defendant has met the ELIAS FACTORS so the Court's ruling should favor relief.

## CONCLUSION

The court must realize that Defendant was

receiving inadequate medical care in prison. The factor is of course relevant in deciding how pressing the medical reasons for release might be, but it does not independently support continued confinement. Defendants treatment was not adequate because it was precisely that treatment what made him more vulnerable to COVID-19 and Thus was the basis of his request for relief. This is why the Government did not argue that matter. This Court should grant an immediate release so Defendant can be afforded proper and adequate medical attention for his damaged Heart due to the BOP's failure to adequately care for him. UNITED STATES V. BLACK 999 F.3d 1071 (7th Cir. App. LEXIS 16736 20-2314 JUNE 4, 2021". As support by BOP's record defendant's has a family Dr. Gray and family support up on release. "This decision will a loud defendant to receive adequate and self care at his expense 3553 (a)(2)(D)

This 18 day of January 2022

Mr. Cherosco Brewer #18898-033 A2-218
F.C.I. Gilmer
P.O. BOX 6000
Glenville, WV 26351

Mr. Cherosco Brewer #18898-033 A2-218
F.C.I.-Gilmer
Federal Correctional Institution
P.O. BOX 6000
Glenville, WV 26351

FILED
JAMES J. VILT, JR. - CLERK
JAN 20 2022
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

CHARLESTON WV 250
18 JAN 2022 PM 3 L

Hon. Judge David J. Hale # Room 208
601 West Broadway
Louisville, Ky 40202

40202-223899