Exhibit 9

## JEFFERSON CIRCUIT COURT

### DIVISION NINE

### JUDGE JUDITH E. McDONALD-BURKMAN

NO.  04-CR-2267
     04-CR-2823
     05-CR-0611

COMMONWEALTH OF KENTUCKY                                              PLAINTIFF

v.                    <u>JUDGMENT OF CONVICTION
                              AND
                            SENTENCE</u>

CHEROSCO LAMONT BREWER                                                DEFENDANT
(DOB: 11-05-73; SS#: 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)

\* \* \* \*

A hearing was held before this Court on January 24, 2007 at which the Defendant, Cherosco Brewer, appeared in person and with counsel, Honorable Chastity Beyl, with the Commonwealth being represented by Assistant Commonwealth's Attorney, Honorable Robert Englert and Honorable Mitchell Denham.

The proceedings were officially recorded by videotape No. 30-09-07 VCR 005.

The Defendant pled guilty on November 29, 2006 to the following charges:

<u>UNDER INDICTMENT 04-CR-2267</u>: Flagrant Non-Support.

<u>UNDER INDICTMENT 04-CR-2823</u>: Conspiracy to Trafficking in a Controlled Substance in the First Degree; Trafficking in a Controlled Substance in the First Degree, Cocaine.

<u>UNDER INDICTMENT 05-CR-0611</u>: Trafficking in a Controlled Substance in the First Degree (Cocaine); Tampering with Physical Evidence;

1

1  sentence or pending appeal. And all I ask you is you keep that
2  in mind for when I file it, because we was supposed to file it,
3  and that's what I'm -- that's all I'm hoping, man.
4        THE COURT: We'll look for those in due course.
5  Anything else, Mr. Simon?
6        MR. SIMON: No, Your Honor.
7        THE COURT: Ms. Keel, anything further from the United
8  States?
9        MS. KEEL: No, Your Honor.
10       THE COURT: Let me begin by saying, first, with
11 respect to the arguments that Mr. Simon has made, both his
12 written submissions, as well as the oral argument received by
13 the court today, that I am persuaded by Mr. Simon's arguments,
14 which I construe as a request for a downward variance.
15     I have presided over this case through -- as we've now
16 discussed throughout this hearing, through substantial pretrial
17 and posttrial litigation, as well as the trial itself, of
18 course. I'm well acquainted with the history and
19 characteristics of Mr. Brewer and the nature and circumstances
20 of the offenses here.
21     With that background and following careful review of the
22 presentence investigation report, the parties' sentencing
23 memoranda, my careful review of the Section 3553(a) factors, I
24 conclude, first of all, that a 360-month sentence, which is
25 called for in the guidelines here, is far greater than necessary

```
 1    to comply with the purposes set forth in 18 U.S.C. Section
 2    3553(a)(2).
 3         Although Mr. Brewer has a substantial criminal record, that
 4    record does not contain a substantial history of violence, and
 5    the drug amounts at issue in this case are relatively small.
 6    The evidence presented at trial does not show that he is
 7    anything more than a street-level dealer, and that is a point
 8    that the Government here today appears to agree with.
 9         I've also considered Mr. Brewer's age, which the Sixth
10    Circuit has recognized as a relevant factor in sentencing most
11    recently in the case of U.S. v. Payton, which is a Sixth Circuit
12    case from 2014.
13         Given, as has been pointed out, Mr. Brewer's currently 46
14    years old, even a sentence at the low end of that guideline, 360
15    months, would extend well beyond the point at which recidivism
16    rates are known to significantly decline.
17         And, finally, as has also been discussed here, Mr. Brewer
18    does have documented health issues, including chronic kidney
19    disease, which I have also taken into account.
20         In sum, I find that a guideline sentence here, even a low
21    end guideline sentence, would be far greater than necessary to
22    comply with the purposes set forth in Section 3553(a)(2).
23         This is a mine-run case and yet the sentence called for by
24    the guidelines here fails properly to reflect the 3553(a)
25    considerations I have just discussed and would result, in my
```

Case 3:17-cr-00037-DJH-HBB   Document 315-9   Filed 03/21/22   Page 4 of 5 PageID #: 2916
Case 3:17-cr-00037-DJH   Document 268   Filed 10/16/20   Page 42 of 50 PageID #: 2016

42

```
 1   Count 4 and five years as to each of Counts 1 through 3 to run
 2   concurrently for a total of five years.
 3        While on supervised release, Mr. Brewer will abide by the
 4   standard conditions of supervision adopted by the court, as well
 5   as a number of special conditions.  A copy of that list has been
 6   provided to the defendant and counsel.  They include drug
 7   testing and being subject to search.  The U.S. Probation Office
 8   will answer any questions that Mr. Brewer might have regarding
 9   the requirement of those conditions.
10        Title 18 of the U.S. Code requires that the defendant pay a
11   special penalty assessment fee of $100 as to each count of
12   conviction for a total here of $400.  This sanction shall be
13   paid in accordance with a schedule of payments page to be
14   included in the judgment.
15        Restitution is not an issue in this case.  I am going to
16   waive a fine, as well as the cost of investigation, prosecution,
17   incarceration, and supervision due to the defendant's inability
18   to pay.
19        As I have stated, I've carefully considered the history and
20   characteristics of Mr. Brewer.  As just discussed, he has a
21   significant criminal history, though as I mentioned, not one
22   with convictions for significant violent conduct or substantial
23   amounts of drugs.
24        I've also considered the nature and circumstances of the
25   offenses here.
```

1 view, in a disproportionally harsh sanction.
2 Now, having reached that conclusion, are the parties ready
3 for me to state the sentence?
4 MS. KEEL: Yes, Your Honor.
5 MR. SIMON: Yes. Sorry.
6 THE COURT: I stated previously the conclusion that
7 the defendant qualifies as an armed career criminal under 18
8 U.S.C. Section 924 and will sentencing accordingly. I have also
9 previously stated the conclusion that the defendant
10 alternatively qualifies as a career offender under Chapter 4 of
11 the guidelines. The sentence imposed here follows from the
12 defendant's status as an armed career criminal.
13 Having considered the advisory sentencing guidelines, Title
14 18 of the U.S. Code, Sections 924 and 3553(a), I will impose the
15 following sentence:
16 It is the judgment of the court that the defendant, Cherosco
17 Brewer, is committed to the custody of the Bureau of Prisons for
18 a term of 60 months as to Count 2 and 180 months as to each of
19 Counts 1 and 4 in the indictment, to be served concurrently with
20 each other, and 60 months on Count 3, which shall be served
21 consecutively, as is required by the statute, to the terms
22 imposed on Counts 1, 2, and 4, for a total of 240 months'
23 imprisonment.
24 Upon release from imprisonment, the defendant shall be
25 placed on supervised release for a term of three years as to