(1)

UNITED STATES District Court Western DISTRICT OF Kentucky Louisville Division

UNITED STATES OF America
VS
CASE No 3:17-cr-000037-DJH
Cherosco Brewer, Defendant.

FILED
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
22 MAR 23 PM 2:32

## DEFENDANT'S Motion Seeking Modification OF His Supervised Release Sentence

Comes now defendant Cherosco Brewer, prose, and files his above styled motion pursuant 18 USC 3583(e)(2). Defendant respectfully requests this Court to grant relief by sentencing him to serve the remainder of his sentence on home confinement. This Court, not the BOP, has the authority to change the life of his sentence from imprisonment to home confinement. [SEE] US vs Spencer, 2020 U.S. App lexis 28051 (6th Cir. 9/2/20).

## Memorandum In Support of Motion

Defendant has three pending motions for Compassionate release in this court.

(2) On or about 3/18/22 defendant Filed his motion after the receipt of newly discovered evidence from his investigator. That evidence was the copies of my Alford plea which was one of the convictions used to qualify defendant as an Armed Career Criminal. Defendant argues that his 240 months sentence is illegal because his ACCA sentencing enhancements under 924(e)(1) relied on case numbers 97-cr-2549 and case number 04-cr-2823 which no longer qualifies as ACCA predicate violent felonies. Defendant also relies on the ruling in U.S. v McCall, 20 F 4th 1108 (6th Cir 2021) to support his compassionate release motions which is critical to defendant's 18 USC 3583 (e)(2) motion. This is true because said request for home confinement must be supported by another statutory authority such as 3582(c)(1). [SEE] US v Vinci, 2020 US Dist Lexis 204441 (WDNC 11/2/20 Defendant's motion should be granted based on new and unforeseen circumstances which occurred since sentencing. Defendant relies on the BOP's inadequate medical care that lead to his heart being damaged; then he was retaliated against only because his family contacted the Mid-Atlantic Region OFFICE.

(3)

In his behalf in an attempt to get adequate medical care for his heart condition. All of the above are new and unforeseen circumstances that favor the granting of defendant's 3583(e)(2) motion. Defendant states that being put on home confinement will allow him to get the needed care and treatment for his BOP and Covid-19 damaged heart. Defendant will be on his family's health care insurance and will not leave that home except to attend doctor appointments.

## ARGUMENT

The Sixth Circuit held in U.S. v Spencer, 2020 US App Lexis 28051 (6th Cir 9/2/20) "if a district court reduces a defendant's sentence under 3582 (c)(1)(A) to time served it can impose a term of supervised release to the unserved time and order as a condition of that supervised release that the defendant be confined to his home. 18 USC 3583(d), USSG 5F1.2." US v Faber 2020 US App Lexis 5063 (6th Cir 2/19/20). In the case at bar, Defendant is a perfect candidate for home confinement due to his age and health.

This Court is well aware of both since being updated by defendant. Defendant will still be incarcerated therefore just punishment and the need to protect the public will be met for defendant movement will still be restricted 24/7. When attending his doctor appointments the GPS monitor will be required at his expense to be intact or he will violate his conditions. However, this is a factor favorable to defendant because when he was younger and healthier he didn't violate any conditions. Now that he is older and suffers from ill health the chances that he'll violate the home confinement detention rules are highly unlikely. He was on bond successfully for 18 months which means defendants is less likely to recidivate because he is not a violent person who might need to be in prison. Home confinement constitutes just punishment for defendant because excessive incarceration is not the only kind of sentence available and there are other ways to achieve the same public protection. Padilla v Kentucky 559 US 356 (2010) 18 USC 3553(a)(2)(c) defendant reminds this Court that although the need to protect the public is a significant factor in this Case this Court found that that sentencing factor favored

defendant due to the small amount of drugs and his criminal history. US v Braxton, 2020 US Dist Lexis 147379 (D.Md. 8/17/20). The 3553(a) factors favors relief. 3553(a)(2)(D) + (a)(6). My reentry plan for home confinement states in this motion for Compassionate release. This Court is aware of defendants family support that also includes members of law enforcement.

## Home Confinement Study PlAN

Defendant plans to take educational and vocational programs during the life of home Confinement detention The independent study courses will be at defendant expense and the field of study will be Autobody technician This will be a future business plan for defendant's future success.

## ConClusion

This Court should issue an expedited ruling on this motion. This 21st day of March, 2022.

Mr. CHEROSCO BREWER #18898-033 A2-218
F.C.I. - Gilmer
Federal Correctional Institution
P.O. BOX 6000
Glenville, WV 26351

CHARLESTON WV 250
21 MAR 2022 PM 2 L

FOREVER USA PURPLE HEART

22 MAR 23 PM 2:32
WESTERN DISTRICT OF KY
US DISTRICT COURT CLERK
FILED

#Room 208

Hon. Judge David J. Hale
601 West Broadway
Louisville, Kentucky 40202

40202322238 C075