①

UNITED STATES DISTRICT COURT
WESTERN District of Kentucky
Louisville Division

FILED
JAMES J. VILT, JR. - CLERK
APR 25 2022
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

USA
VS
CHEROSCO BREWER
Defendant

CASE # 3:17-cr-037 DJH

## DEFENDANT's Supplement to His RENEWED Motion for Compassionate Release / Sentence Reduction

Defendant CHEROSCO BREWER pro se, files this Supplement to his previous motion filed in this Court on 3/15/22. Defendant shows this Court additional reasons why his motion for compassionate release should be granted expediently and if additional imprisonment is warranted, it can be served on home confinement pursuant, 18 USC 3583(e)(2) .5F12. This motion is to be read in conjunction with all prior motions previously filed in this Court.



(2)

## Brief In Support of Motion
## Factual Statements and Arguments

On 2/25/22 defendant was prescribed Lisinopril by FCI Gilmer's Health Services. Defendant was not consulted about the medications side effects prior to being perscribed it or taking it for at lease 10 days. On or about 3/15/22 defendant was informed by another inmate that Lisinopril was bad for blacks. On 3/25/22, Defendant received information about the medication (Exhibits 1-3) and contacted health services about why would they prescribe the Lisinopril being that she knew about his health issues. (Exhibit 4) Defendant informed his health care provider Ms. Morris on or about 3/13/22 that he needed to see a heart specialist not advise (Exhibit 5) On 3/29/22 date his blood pressure was 157/96?. On 4/7/22 defendant was rushed to an offsite hospital in Weston, W.V. by the BOP after his blood pressure was 200/110. Defendant had been complaining about body pain, chest pains, vomiting and fear.

(3)

It was discovered that defendant suffers from another illness and was told that it can cause cancer. Defendant was prescribed three new medications. On 4/7/22, FCI Gilmer reported two positive cases of Covid-19 in Unit C1. On 4/11/22 Defendant asked the Warden about a home confinement transfer, when he came through Unit A-2 and was told to write him or the courts. Defendant moves for compassionate release based on his CDC recognized comorbidities, other serious health conditions and coupled with the recent outbreak at FCI Gilmer on 4/7/22. The Elias factors, US vs Elias, 984 F.3d 516 (6th cir 2021) have again been met in defendant's case based on his heart condition, liver disease, other non terminal conditions and obesity [Elias factor ONE]; the two reported positive cases of Covid-19 at his prison on April 7, 2022 (Elias Factor two) Defendants major concern is being released instantor so he will be able to obtain adequate medical care for his condition should he be released Defendant will be receiving care and treatment through his family's health care provider and his person physician Dr Gray in Louisville, Kentucky.

④

Defendant will then be properly treated and medicated by someone who will listen to his complaints and treat him for them. Not put his life at risk like the BOP health service nurse did defendant by not monitoring his blood pressure readings after not being able to keep it under control. (on 10/14/21 it read 113/77, on 3/29/22 it read 157/96, on 4/7/22 it was so high that the same provider gave defendant an immediate EKG, made a call after defendant vomited then the BOP shut down recreation so they could have officers to go with the EMS transport that took defendant to the hospital - 45 miles away in Weston, W.V. Defendant was told by the doctor at the offsite hospital," you are lucky you were brave enough to admit fear." Defendant's medical conditions has worsen and so has the treatment. Ironically during all of defendant's dilemmas especially concerning his heart problem (before during or after the heart monitor) never once has any BOP doctor spoke to defendant. Defendant again points to this Court's statement on 7/30/20 during sentencing on Page 40 Document 200, lines 23-25;



"This is a mine-run case." (one that is a normal offense for someone with defendant's specific sentencing enhancements and criminal history category, and which is well-represented by the applicable guidelines range.) Defendant has shown that prior to sentencing and since he has respect for the law, in that he never got arrested again, charged for any new crime, was family oriented and since being incarcerated defendant has not received any disciplinary infractions. Defendant's family support is 100% immaculate as well as friends who too wish that this Court would grant him relief. Defendant believes the only place he can receive effective treatment for his BOP created health problems is outside of FCI Gilmer and the BOP. The Courts decision to release Defendant will not produce an unwarranted sentencing disparity because it accounts for his unique medical circumstances. 3553(a)(6) U.S. vs Bandrow, 2020 US Dist Lexis 127031 (EDMI 7/20/20); U.S vs King 2020 US Dist Lexis 16545 (EDMI 9/10/20); Poulios v U.S., 2020 Lexis 70458 (EDVA 4/20/20). Further Defendant moves for relief also so he can be treated before that testicles issues turns concerns.

⑥

This Court can grant relief by determining that the facts presented in defendant's mine-run drug conviction case and the post sentencing developments in this case qualifies defendant for relief. An extended period of supervised release with a condition of home confinement can serve as a substitute for imprisonment in this case, US vs Alvarado, 2020 US Dist Lexis 100834 (D. MN 5/27/20), and this Court has the authority discretion to order such pursuant 18 USC 3583(e)(2), 5F1.2. US v Spencer, 2020 Lexis 28051 (6th Cir 9/2/20). Home detention will serve as just punishment, promote respect for the law because not only will defendant's movements and activities be restricted. US vs Rodriguez, 2020 Lexis 154588 (WDVA 8/25/20); US v Gripper, 2022 US Dist Lexis 31905 (MDNC 2/23/22); but, any violation can be swiftly detected by the probation officer through electronic monitoring. US v Schmitt 2020 WL 96920 (ND Iowa 1/8/20). Defendant will be able to finance the GPS monitoring and will be residing at 658 South 40th Street with his grandmother Sarah Garner age 85 and will be assisting her due to her health issues. Her reconstructed knee has again gone bad.

(7)

## Conclusion

Defendant has met the standards applicable to be granted a compassionate release, and have satisfied the applicable sentencing factors pursuant 3553(a). US v Johnson 2021 Lexis 8478 (SDWV 1/15/21.) Defendant respectfully asks this Court to please grant relief so he won't be like another chronic care inmate who the B.O.P. housed, fed, diagnosed and buried, simply because her medical complaints and needs were not addressed. This 13th day of April, 2022

*Cherosco Brewer*
Cherosco Brewer

## Certificate of Service

I served the Clerk of Court with a copy of this document, and the correction officer in Unit A.2 to be mailed and served to all parties of interest.

Cherosco Brewer #18898-033

Mr. Cherosco Brewer #18898-033   A2-218
F.C.I.-Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV 26351



FILED
JAMES J. VILT, JR. - CLERK
APR 25 2022
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

Hon. Judge David J. Hale #Room 208
601 West Broadway
Louisville, Kentucky 40202