UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                            Plaintiff,

v.                                              Criminal Action No. 3:17-cr-37-DJH

CHEROSCO BREWER,                                                    Defendant.

* * * * *

## ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)

Upon motions of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), motion for reconsideration, and motion for "expedited ruling," and after considering the applicable factors provided in 18 U.S.C. § 3553(a), the Court will deny the motions for the reasons explained below.

## I.

A jury convicted defendant Cherosco Brewer on January 10, 2019, of one count of possessing a firearm as a convicted felon, one count of possessing marijuana with intent to distribute, one count of possessing cocaine with intent to distribute, and one count of possessing a firearm in furtherance of drug trafficking. (Docket No. 143; D.N. 242, PageID.2333–34) The Court sentenced Brewer to 240 months of imprisonment. (D.N. 242)

Brewer previously moved for compassionate release (D.N. 274; *see* D.N. 291; D.N. 305), which the Court denied. (D.N. 306) Brewer now moves *pro se* for reconsideration of the Court's Order denying his motion for compassionate release (D.N. 307); for an "expedited ruling" (D.N. 314); and for compassionate release. (D.N. 315; D.N. 316; *see* D.N. 317) Brewer asserts in these motions that (1) his risk of contracting COVID-19 justifies compassionate release; (2) his underlying medical conditions and inadequate medical care justify compassionate release; (3) he

was erroneously classified as an Armed Career Criminal at sentencing; and (4) the Bureau of Prisons retaliated against him because his family complained to the "Mid-Atlantic Region Office" about Brewer's medical care.  (*See* D.N. 307; D.N. 314; D.N. 315; D.N. 316; D.N. 317)  The United States opposes early release for Brewer.[1]  (*See* D.N. 308)

## II.

A court considering the merits of a compassionate-release motion must first determine whether "extraordinary and compelling" circumstances warrant a sentence reduction. § 3582(c)(1)(A)(i); *see United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021).  Second, the court must find whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  § 3582(c)(1)(A)(ii); *see Traylor*, 16 F.4th at 487.  Third, the court considers whether any applicable § 3553(a) factors support a reduction.  § 3582(c)(1)(A); *see Traylor*, 16 F.4th at 487.  "In cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020); *see Traylor*, 16 F.4th at 487.

### A.    Extraordinary and Compelling Circumstances

Brewer contends that his risk of COVID-19 complications due to his underlying medical conditions supports a sentence reduction.  (*See* D.N. 307, PageID.2770–71; D.N. 314, PageID.2883–84; D.N. 315, PageID.2891)  But "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."  *United States v. Lemons*,

---

[1] The government does not dispute that Brewer has exhausted his administrative remedies.  (*See* D.N. 308; *see also* D.N. 280; D.N. 306)

15 F.4th 747, 751 (6th Cir. 2021) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *see Traylor*, 16 F.4th at 487.  Although it is unclear whether Brewer has, at this point, chosen to receive the COVID-19 vaccine (*see* D.N. 310, PageID.2864), he does have access to it, including the booster vaccine.  *See* Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last updated Aug. 4, 2022).   In fact, 1,490 inmates at FCI Gilmer, where Brewer is incarcerated, have received at least two doses of the COVID-19 vaccine. *See id.*  Therefore, the COVID-19 pandemic does not constitute an "extraordinary and compelling reason" for a sentence reduction.  *See Traylor*, 16 F.4th at 487 (affirming denial of sentence reduction when defendant argued that her underlying health conditions and the coronavirus pandemic warranted compassionate release); *Lemons*, 15 F.4th at 751 ("[I]f an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction under § 3582(c)(1)(A)(i) on the grounds that COVID-19 constitutes an extraordinary and compelling justification.").

Brewer also argues that his medical issues, including hypertension, obesity, "an unknown heart condition," chronic kidney disease, chronic pain, and edema in his legs and feet support a sentence reduction.  (D.N. 315, PageID.2891; *see* D.N. 310; D.N. 314, PageID.2884; D.N. 316, PageID.2920)  Brewer has been regularly evaluated and treated for his health conditions while incarcerated, however.  (*See* D.N. 310; D.N. 317)  He therefore has not shown that these conditions constitute an extraordinary and compelling reason for compassionate release.  *See United States v. Cabbil*, No. 3:10-CR-106-CRS, 2021 WL 5281038, at *5 (W.D. Ky. Nov. 12, 2021) (finding movant's medical conditions, including a history of several strokes, did not constitute an extraordinary and compelling circumstance when he was provided regular medical care); *see also*

*United States v. Morrison*, No. 2:13-CR-098, 2021 WL 2637393, at *3 (E.D. Tenn. June 25, 2021) (determining that movant did not demonstrate an extraordinary and compelling reason for release when he experienced seizures and other neurological issues but was in a stable medical condition). Further, to the extent that Brewer contends that he is being provided inadequate medical care or that prison officials are retaliating against him for complaints regarding that medical care (*see* D.N. 315, PageID.2891–92), 42 U.S.C. § 1983 provides the appropriate avenue for relief. *See United States v. Phillips,* No. 21-6068, 2022 WL 1112770, at *5 (6th Cir. Apr. 14, 2022) (affirming district court's conclusion that inmate's "need for medical care would be better addressed in an Eighth Amendment-based claim under 42 U.S.C. § 1983"); *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (analyzing claim of inadequate medical care under the Eighth Amendment); *Thaddeus-X v. Blatter*, 175 F.3d 378, 386 (6th Cir. 1999) (analyzing claim of retaliation by prison officials under 42 U.S.C. § 1983).

**B.     Section 3553(a) Sentencing Factors**

Even assuming that Brewer's circumstances qualify as extraordinary and compelling reasons for compassionate release, he must also demonstrate that the § 3553(a) factors support granting his motion. *See United States v. Kimball*, 988 F.3d 945, 946–47 (6th Cir. 2021) ) ("[The Sixth Circuit has] repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief."); *Jones*, 980 F.3d at 1102 (affirming denial of compassionate release based solely on consideration of the § 3553(a) factors). Pursuant to § 3553(a), courts must consider

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;

4

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];

(5) any pertinent policy statement . . . by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

As explained in the Court's prior Order (*see* D.N. 306), the "nature and circumstances" of Brewer's offenses are serious: he was convicted of multiple drug and firearm offenses and sentenced to 240 months of imprisonment, a downward variance from the recommended guideline sentence of 360 months to life.  (D.N. 143; D.N. 232, PageID.2252; D.N. 242, PageID.2333–34)  Moreover, Brewer has a significant criminal history that placed him in Criminal History Category VI and qualified him as an Armed Career Criminal pursuant to § 924(e) for sentencing purposes.[2] (D.N. 232, PageID.2251–57)  Releasing Brewer 140 months early[3] would not properly "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment" for his conduct.  18 U.S.C. § 3553(a)(2)(A).  Under these circumstances, the § 3553(a) factors do not support early release.

---

[2] Brewer challenges his Armed Career Criminal status by arguing that one of his prior convictions "was never finalized" and another conviction does not qualify as a predicate offense.  (D.N. 315, PageID.2893–94)  A compassionate-release motion is "not the proper vehicle" for this argument. *United States v. Sargent*, 2020 WL 6589004, at *2 (6th Cir. Sept. 30, 2020).  The appropriate motion to attack collaterally a sentence enhancement is one brought under 28 U.S.C. § 2255. *See id.*; *Lowe v. United States*, 920 F.3d 414, 416 (6th Cir. 2019).

[3] The Court bases this calculation on Brewer's projected release date of April 29, 2034. *See* Federal Bureau of Prisons, *Find an inmate*, https://www.bop.gov/inmateloc/.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     The motion for reconsideration (D.N. 307) is **DENIED**.

(2)     The motion for an expedited ruling (D.N. 314) is **DENIED**.

(3)     The motions for compassionate release (D.N. 315; D.N. 316) are **DENIED**.

August 5, 2022

**David J. Hale, Judge**
**United States District Court**