<u>**NOT RECOMMENDED FOR PUBLICATION**</u>

No. 22-5724

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
Mar 21, 2023
DEBORAH S. HUNT, Clerk
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| CHEROSCO L. BREWER, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

<u>O R D E R</u>

Before: GUY, MOORE, and KETHLEDGE, Circuit Judges.

Cherosco L. Brewer, a pro se federal prisoner, appeals a district court order declining to reconsider its previous denial of compassionate release and denying his renewed motion for compassionate release. Brewer also moves for the appointment of counsel. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed, *see* Fed. R. App. P. 34(a), and because the district court did not abuse its discretion in finding that the relevant sentencing factors weighed against release, we affirm.

In 2019, a jury found Brewer guilty of being a felon in possession of a firearm, possession with intent to distribute marijuana, possession of a firearm in furtherance of a drug trafficking crime, and possession with intent to distribute cocaine. He was sentenced as an armed career criminal to the statutory mandatory minimum term of 240 months in prison. We affirmed. *United States v. Brewer*, 858 F. App'x 888 (6th Cir. 2021).

Meanwhile, Brewer moved for compassionate release, arguing that his underlying medical conditions (e.g., hypertension and obesity) warrant his release because, most critically, they render him vulnerable to contracting COVID-19. The district court denied the motion, concluding that

No. 22-5724
- 2 -

Brewer had not established extraordinary and compelling reasons for a sentence reduction and that, even if he had, a reduction would be inconsistent with the relevant 18 U.S.C. § 3553(a) factors.

Brewer then moved for reconsideration and renewed his motion for compassionate release. On the whole, Brewer argued that he should be released and placed on home confinement because (1) he had contracted COVID-19 and his various medical issues, some of which are chronic, render him susceptible to again contracting and suffering more serious complications from COVID-19; (2) he has received inadequate treatment for his medical conditions in prison and was retaliated against after his family advocated for better treatment for him; and (3) he was improperly classified as an armed career criminal. In denying the motions, the district court concluded that none of these reasons are extraordinary or compelling and that, in any event, Brewer does not merit compassionate release based on the relevant § 3553(a) factors.

We generally review the district court's denial of a motion for reconsideration for an abuse of discretion. *In re Greektown Holdings,* LLC, 728 F.3d 567, 573 (6th Cir. 2013). We also review the denial of a motion for compassionate release for an abuse of discretion. *See United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). A district court abuses its discretion when it "relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020) (quoting *United States v. White*, 492 F.3d 380, 408 (6th Cir. 2007)).

The compassionate release statute allows the district court to reduce a defendant's sentence if it finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. 18 U.S.C. § 3582(c)(1)(A); *see Ruffin*, 978 F.3d at 1004-05. But when a defendant files for compassionate release on his own behalf, as Brewer did, no policy statement currently applies, so the second requirement plays no role. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *United States v. Jones*, 980 F.3d 1098, 1110 (6th Cir. 2020).

Whether or not Brewer demonstrated extraordinary and compelling reasons for a sentence reduction, the district court properly considered the § 3553(a) sentencing factors and found that they weighed against release, providing an independent basis on which to deny Brewer's motions. *See Ruffin*, 978 F.3d at 1008; *see also Elias*, 984 F.3d at 519 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."). Applicable § 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." When reviewing the district court's discretionary decision to deny compassionate release based on the § 3553(a) factors, we consider the entire sentencing record, "including the records from the original sentencing . . . and the final compassionate release decision." *Jones*, 980 F.3d at 1112; *see Elias*, 984 F.3d at 520.

Here, at sentencing and in denying Brewer's compassionate-release motions, the district court specifically identified and carefully weighed the relevant § 3553(a) factors. The district court first emphasized that "the 'nature and circumstances' of Brewer's offenses are serious: he was convicted of multiple drug and firearm offenses." The district court also noted that Brewer has "a significant criminal history," including several other drug and firearm offenses, which rendered him an armed career criminal under 18 U.S.C. § 924(e). The district court thus concluded that a reduction from Brewer's 240-month sentence—which itself was a downward variance from the recommended guideline of 360 months—"would not properly 'reflect the seriousness of the offense,' 'promote respect for the law,' or 'provide just punishment for his conduct.'" This was not an abuse of discretion.

Brewer argues that the district court failed to consider *all* § 3553(a) factors—most significantly, his age and the fact that he is "considered to have a low recidi[v]ist rate." But the record shows that the district court appropriately considered these factors at sentencing. *See Jones*, 980 F.3d at 1112; *see also Elias*, 984 F.3d at 520. And a district court need not specifically

articulate its analysis of every § 3553(a) factor where, as here, the record as a whole demonstrates that the court took into account the pertinent sentencing factors. *See Jones*, 980 F.3d at 1114; *see also* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors only "to the extent that they are applicable"). Furthermore, in a compassionate release proceeding, as at sentencing, the district court "is best situated to balance the § 3553(a) factors." *United States v. Kincaid*, 802 F. App'x 187, 189 (6th Cir. 2020) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Brewer's disagreement with how the district court balanced the § 3553(a) factors "is not a sufficient ground for reversal." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (quoting *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020)); *see United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013).

We **DENY** the request for the appointment of counsel because Brewer has not demonstrated the "exceptional circumstances" that would justify the appointment of counsel, *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993), and, finding no abuse of discretion for the reasons set forth above, we **AFFIRM** the district court's order.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

**United States Court of Appeals for the Sixth Circuit**

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 03/21/2023.

**Case Name:** USA v. Cherosco Brewer
**Case Number:** 22-5724

**Docket Text:**
ORDER filed : We DENY the request for the appointment of counsel [6939789-2] because Brewer has not demonstrated the "exceptional circumstances" that would justify the appointment of counsel, Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993), and, finding no abuse of discretion for the reasons set forth above, we AFFIRM the district court's order. Decision not for publication, pursuant to FRAP 34(a)(2)(C). Mandate to issue. Ralph B. Guy, Jr., Circuit Judge; Karen Nelson Moore, Circuit Judge and Raymond M. Kethledge, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Cherosco L. Brewer
F.C.I. Gilmer
P.O. Box 6000
Glenville, WV 26351

**A copy of this notice will be issued to:**

Mr. Terry M. Cushing
Mr. James J. Vilt Jr.