UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA          PLAINTIFF

V.                Criminal Action No. 3:17-cr-037-DJH
                  Civil Action No. 3:22-CV-00525-DJH

CHEROSCO BREWER                    DEFENDANT


## Movant's Reply To The Government's Response

Comes now Movant's Cherosco Brewer, pro se who declares under the penalty of perjury that the following declarations are true and correct to the best of my knowledge and recollection. I declare that all the evidence contained in the record of this case included the filings for my motion for direct appeal (No. 22-5724), the attached Affidavits, (Exhibit #1. Movant's Affidavit and exhibit's attachments. Affidavit #2. Ms. Shawana Thompson (Exhibit #23 attachment 23.), Affidavit #3. (Exhibit 24. attachments), Affidavit #4. Ms. Krystal Logan (Exhibit 25.), Affidavit #5. Ms. Sarah F. Garner (Exhibit 26.)

(1)

Ms. Kristen Brasher Affidavit 6. Exhibit #27. and sentencing documents are included in Movant affidavit #1 Exhibits 6-A 6-A#1. 6-A#2. 6-A#3. Exhibit 6. Exhibits 9-A, 9-A#1, 9-A#2 all establishes my actual innocence. I declare that I was denied my right to have a fair jury trial because my attorney rendered deficient ineffective assistance by failing to interview and call witnesses in my behalf. The woman who was with me before and during the traffic stop on 11/11/2015 was Regina Northington. She would have testified to the fact that someone else had dropped the car off to me while we were together, about how long it took the officers to get inside of the dashboard with a screwdriver. ② About what the officers said as if they had been looking for me. She also would have testified to the facts that the officer on 11/11/2015 traffic stop said they have people in high places to help get me off the streets for good. And officer Holland began laughing right after the statement. ③ The man at the rent car place should have been provided information about how I rented cars from the place he worked. With the same info everytime, he would have made it clear

②

that I did not have the charger rental car for a period of five or six months. This failure prejudied my defense. He fell to call my lady Shawana Thompson as a witnesses prohibited the jury from hearing about my step-son and his friends using my rental cars. (See) Affidavit 2. Exhibit #23. Also Krystal Logan would have testified about seeing other people driving my rental cars on a regular basis which would've bolstered my defense that although I was driving the car on 11/11/15 it was a known fact that not only did some one else drive the car (See) Affidavit 4. Exhibit #25. that day and others but the Govt. were investigating the very people for gun running and knew that they used that very car to do so! He fell to call Georgett Crawford as a witness as well (see trial video) 7-10 Jan. 2019 because her and Krystal Logan was present every-day of the trial. (See) Wiggin V. Smith, 539 U.S. 510 (2003) IAC failure to investigate throughly resulted from inattention not reasoned strategic judgment. (4) Trial attorney by failing to move for a mistrial after the

③

that I did not have the charger rental car for a period of five or six months. This failure prejudied my defense. He fell to call my lady Shawana Thompson as a witnesses prohibited the jury from hearing about my step-son and his friends using my rental cars. (See) Affidavit 2. Exhibit #23. Also Krystal Logan would have testified about seeing other people driving my rental cars on a regular basis which would've bolstered my defense that although I was driving the car on 11/11/15 it was a known fact that not only did someone else drive the car (See) Affidavit 4. Exhibit #25. that day and others but the Govt. were investigating the very people for gun running and knew that they used that very car to do so! He fell to call Georgett Crawford as a witness as well (see trial video) 7-10 Jan. 2019 because her and Krystal Logan was present everyday of the trial. (See) Wiggin V. Smith, 539 U.S. 510 (2003) IAC failure to investigate thoughly resulted from inattention not reasoned strategic judgment. (4) Trial attorney by failing to move for a mistrial after the

3.

witness brought my character impermissibly into evidence (SEE trial transcripts Vol 4 at 4-5) That I was locked up in prison with her cousin). (SEE U.S. v. RANGE 982 F.2d 196 (6th Cir. 1992) Judge had a duty to give a cautionary and curative instruction if the attorney's objected timely or not. He never gave one at all, Ortiz 507 F.2d 1224 (6th Cir. 1974) This failure prejudiced my case and its outcome because when the jury was not told to erase what Ms. Sear's said. (SEE) HOFFA v. U.S., 247 F. Supp 692 (6th Cir. 4/15/65) the issue on a MFNT is whether error was committed in the trial of the case. (SEE) Exhibit 12. attachments also (SEE) Exhibit 13. (See) Exhibit 14. Exhibit 15. and Exhibit 16.

(#5.) By failing to file the pretrial motion to dismiss the indictment based on prosecutorial vindictiveness after he told my GrandMother, family members and me as well as friends that would kill the charges. (See) Affidavit 5. Exhibit 26. and (See) Exhibits 20 Exhibit 17. attachment 18. 19.. His failure to do so after saying he would prejudiced me because my nonfrivolous argument was never heard

(4.)

or got decided by this Court and that failure led to me being put on trial for a crime I was actually innocent of. (See) Movant's Affidavit exhibit ① (See) Vindictive Prosecution 762 F. Supp 666. United States V. Belcher, March 13, 1991) and Vindictiveness Prosecutorial, 262 F3d 305 Wilson 4ct. (See) Ailstock, 546 F.2d 1285 (1976 6th Cir.) ⑥ Also by failing to bring to this Courts attention that someone had secretly recorded and released my trial proceeding to the public before and after the jury's verdict. This prejudiced my trial because this court was not allowed to poll the jurors. And the only people with cell phones at the trial was the two prosecuters and their computer young lady that did all their tech work showing DVD's of the traffic stop's. Also the government's witnesses the police officers. Trial attorney never follow up on what my friends and family said about watching the trial on YouTube during trial and the day of the jury's verdict. Also he did not listen to Yvette X. Allen even after she showed him the prove.

⑤.

Ms. Robin S. Tabler was Mr. David Mejia secretary at my trial and she told trial attorney what needed to be did. But he fail to raise this issue doing trial or after. (See) Affidavit 3. Exhibit 24. and attachments Yvette X. Allen had he fully investigated it would have been a mistrial. (See) United States v. Betts, 2022 U.S. App. Lexis 10227 (6th Cir. April 14, 2022) (See) United States v. Carter, 2021 U.S. Dist. Lexis 169300 (N.D. Ohio 2021).

(7) By failing to investigate caused me to not testify in my own behalf. He showned me the Alford Plea document Movant's Affidavit #1 Exhibit 6-A 6-A#1, 6-A-#2, 6-A-#3. he said he had gotten from the Govt. He said that could be used to sink me if I took the stand because it showned that I had a similar arrest in the past. That was why I didn't testify. I was prejudiced because the document he shown me was not the real document showing the Alford Plea. (See) Exhibit 6. Had I seen I had taken an Alford Plea on that case #97-CR-2549. I would have taken the stand and let the jury know that the Govt is only prosecuting

(6.)

⑧ ME because I have repeatly sued the L.M.P.D. officers and Viper Unit also #9 mobile Unit for the very same kind of conduct. (See) case no. #3:13-CV-536 and case no. 3:12-CV-595-H) Pulling me over harassing me because of the area I live in, WESTEND of Louisville, which is mostly all Black people and poor Communities are part of this area. And I would have testify that I've got civil action 3:16-CV-00014-RGJ-CHL pending against all the same officers involved with this criminal case #3:17-CR-DJH-1 and I have WON 1983 lawsuit against L.M.P.D. before and forced officers to retire early also got a handfull fire off the job. I was prejudiced because I was cocrced into not taking the stand which was my Right to testify in my own behalf. I never knew that document existed until Aug. 17, 2021 after my woman (see Exhibit 26. Kristen Brasher ordered my whole criminal file from Frankfort, Kentucky. She sent me all the documents to make sure I would know what happen to my Freedom. I would have testify to the facts that the state had to drop all criminal charges against

⑦

ME because our Kentucky Supreme Court ruling in (See) Davis v. Commonwealth, 484 S.W.3d 288, 294 (Ky. 2016). I would have let the jury's know that the same prosecutors that was unable to prosecution in the state carry my case to federal court to get me buried in federal prison and stop me from winning one of the biggest lawsuits against a corrupted and crooked officers of L.M.P.D. Also let the jury's know how I've been robbed for my money by the same Unit of officer (See) 3:12-cv-00595JH. August 21, 2012 a criminal investigation ordered by Mayor Greg Fischer into theft of 36,000.00 in old coins and cash. And testify to the fact that my property to this day has not been returned to me. And I would have testify that i did not have the rental car all that day up to 5 or 10 minutes just before getting pull over on 11/11/15 by the 9 mobile officers. And let the jury's know that these same group of officers have planted drugs on me in the past. (See) Indictment No. 13-CR-002669,

⑧

On March 12, 2014 Judge Olu A. Stevens found that Brewer's 4th Amendment rights had been violated. By my trial attorney not fully investigating my defense and that prejudied me. That stop me from letting the juror's know my history with these corruption officer's and the crooked actions of the prosecuters pattern and practice. Because had the juror's heard the whole story from the begaing my outcome would have been much diffrent. (See) US v. CRONIC, 466 US ___ (1984) I.A.C. The complete absence of counsel at a critical stage counsel's total failure to subject the prosecution's cause to meaningful adversarial testing. Other circumstances "where even competent counsel could not have provided effective assistance. (See) Burgett v. Texas, 389 US 109, 115 (1976) when a conviction is obtained in can't be used in a subsequent proceedings to support guilt or enhance punishment for another offense. (See) Mitchell v. Genovese, Warden (No. 19-6070) (6th Cir. 9/4/20 Batson).

(9.)

(#9) Not one lawyer of record shown me or told me about Exhibit #6. Original case #97-CR-2549 Alford vs North Carolina and trial attorney did not raise this case in any proceeding nor motions at anytime throughout trial or sentencing. By failure to do so prejudiced my defense.

(10.)

## An Evidentiary Hearing

Section 2255 Rule 8, directs the court to review the answer, any transcript and records of prior proceedings and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted. "Rule 8, Rules Governing Sec. 2255 Proceedings. Rule 8 does not require a crt. to hold an evidenc hearing in every case. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the pet's allegation are affirmatively contradicted by the record. US v Holmes 876 F.2d 1545 (11th Cir. 1989). But, in order to be entitled to an evid. hring, a petitioner need only allege - not prove - reasonably specific, non-conclusory facts that, if true, would entitle him to relief. IF the allegations are not affirmatively contradicted by the record and the claims are not patently frivolous, the dist crt. is required to hold an evid hring. It is in such a hearing that the Pet must offer proof. Arow V. U.S. 291 F.3d 708 (11th 2002).

(11.)

## Conclusion

For the foregoing reason all claims and evidence's of record are fully supported by way of Affidavit's and Exhibit's as well as attachment's. Also the intervening circumstances, evidence that was released by the D.O.J. that became available on or about 3/8/23 fully support's Movant 2255 motion and should be Granted relief without delay.

(12.)

## CERTIFICATE OF SERVICE

Wherefore I, CHEROSCO BREWER do hereby declare under **PENALTIES** and **PAINS** of **PERJURY**, that the foregoing averments are true and correct to the best of my ability. The foregoing document was executed at Glenville, West Virginia, and placed in the institution's internal postal system for delivery by the U.S. Postal Service, on the 6, day of April/2023 with first-class postage pre paid by sender.

Mr. Cherosco Brewer #18898-033
A2-217 F.C.I.-Gilmer P.O. BOX 6000
Glenville, WV 26351

(13.)

Mr. Cherosco Brewer #18898-033 A2-217
F.C.I.-Gilmer
Federal Correctional Institution
P.O. BOX 6000
Glenville, WV 26351

(Legal Mail)

Office of Clerk
601 West Broadway
Louisville, Kentucky 40202



CHARLESTON WV 250
12 APR 2023 PM 2 L

FILED
JAMES J. VILT, JR. - CLERK
APR 14 2023
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

40202-229899

)

4-11-23
11