Movant Exhibit #1

FILED
JAMES J. VILT, JR. - CLERK
APR 13 2023
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

① Declaration Cherosco Brewer

I declare under the penalty of perjury that every statement I write about is true and was personally experinced and/or witnessed by me, CHEROSCO BREWER Aug. 9, 2018 On or about Nov. 17, 2018 I was told by my attorney DAVID S. MEJIA that by having the witnesses lined up and ready to testify at my trial I would not have to take the stand. I was told by attorney DAVID MEJIA that if I took the stand then the government would be allowed to cross examine me about my prior record pertaining to the gun charge in 1997. During our visit at the jail he showed me the copy of the 1997 charging document, which I attached as Exhibit 6 At 23 I was led to believe that this conviction could be used to convict me and to enhance my sentence by the jury because it was my second gun charge. I was coerced into not taking the stand to testify in my behalf by attorney DAVID MEJIA before I told the Judge I wasn't going to testify. It was from the advice of my attorney that I did not take the stand and why I answered the judges questions the way I did when asked about testifying. Attorney DAVID S. MEJIA or the government even showed me the original 1997 case 97-CR-2549 Commonwealth of Kentucky Court Justice Order (PLEA of Guilty) ALFORD vs NORTH CAROLINA Division #15. Judgment of Conviction and Sentence because had I seen that I had entered an ALFORD PLEA then I would have taken the stand and testified in my behalf because I knew then that a sentence cannot be enhanced by a conviction that is not final or if a defendant isn't represented by an attorney. Both applied to me in reference to the 1997 charge

② and I was never shown the correct sentencing document which I attached as Exhibit 6. My attorneys before and after attorney Keith E. Kamenish, Scott James Barton, Donald J. Meier David S. Mejia and Larry D. Simon also Timothy F. Sweeney never discovered the foulplay pertaining to to the Alford Plea document. It was behind that document that I didn't testify after my trial attorney showed it to me told me not to testify and if I did what would happen. Then if I didn't then they couldn't use it to enhance my sentence if I was found guilty because the jury had to find me guilty of it not the judge. I declare that I took his advice because I did not know about the Alford Plea issues and I did not know anything about the First Step Act of 12/21/18. Attorney David S. Mejia knew or should have known that the government couldn't use the conspiracy charge to enhance my sentence under the ACCA. I also declare that attorney Mejia told me that he had talked to my Grandmother Sarah Garner about me not testifying, why I should not and showed her the "fake document" also and she agreed that I shouldn't testify. I declare under the penalty of perjury that my defense was to show that other people had access to my rental vehicles somebody else had it that very day, somebody else not defendant was under investigation for gun running who lived at the house where Defendant visited on the regular and due to racial profiling defendant was targeted which led to the initial stop and arrest by the LMPD 9th Mobile Unit. That led to prosecutorial vindictiveness by AUSA Erin McKenzie, Corinne Keel

③ And I declare under penalty perjury in my personal opinion the evidence of record supports my claim. Erin McKenzie brought indictment solely to penalize me for my practice of successfully filing and threatening to file lawsuits against L.M.P.D. officers. Plus I raised the issues about her supervisers while she was a state prosecutor, for sending officers to racially motivated pretextual traffic stops. The stops were only in the west-end and poor communities of Louisville, Kentucky. My lawsuit is still pending against L.M.P.D. officers. She showed animus against me because of the above and when she became a federal prosecutor in 2016 after the Davis v. Commonwealth, 484 S.W. 3d 288, 294 (4/7/16) (Ky. 2016) favorable ruling she chose to indict me for a mine run offence. Not only did she not federally indict others similarly situated (See Timothy S. McAtee case # 16-CR-2646 and 18-CR-0904) but she didn't charge or even indict the person that was in the car with me when the gun and weed were found.

④ Also Ms. McKenzie's Vindictiveness toward me for exercising my Rights to access to the courts, freedom of speech and my right to equal protection. The timing of her actions supports my claims. Plus she used the fake documents to get me indicted. My attorney David S. Mejia failure to know about the laws pertaining to inchoate charges prejudiced my case and my chance to prove my Actual Innocence to the dismissed state charges by testifying in my behalf at trial, which solely led to my federal indictment. My attorney never argued against them for using the conspiracy conviction as a prior qualifying predicate. (SEE Exhibit 9.A-(1.,2))

5.)

I Cherosco Brewer hereby state that every statement made by me in this here above styled motion is TRUE under the penalty of perjury with case laws and Exhibits supporting my claims. This 8, day of January 2023.

Yours, Truely
CHEROSCO BREWER #18898-033 A2-217
F.C.I.-Gilmer P.O. BOX 6000
Glenville, WV 26351

Mr. Cherosco Brewer

