*Exhibit 20. Attachment*

# LAW OFFICE OF
# LARRY D. SIMON
239 South Fifth Street
The Seventeenth Floor
Louisville, Kentucky 40202-3248
larrysimonlawoffice@gmail.com

TELEPHONE
(502) 589-4566

FACSIMILE
(502) 585-3548

November 18, 2019

Mr. Cherosco Brewer
Inmate #221575
c/o Grayson County Detention Center
320 Shaw Station Road
Leitchfield KY 42754

RE:   U.S.A. v. Cherosco Brewer
      Federal District Court No. 3:17-CR-37-DJH

Dear Mr. Brewer:

This correspondence will acknowledge receipt of your letters dated November 12, 2019, which also included photocopies of a previous Order issued in your case (Document Number 121) and letters sent to you by your previous counsel.

Let me try to give you an explanation for why many of the factual circumstances and legal strategies that you wrote about in this mailing to me may not become a part of your supplemental new trial motion.

First, you wrote about a number of events that happened which support your claim that you were illegally stopped and detained in numerous traffic stops (on August 21, 2012; on April 11, 2013; on November 18, 2015; on November 24, 2015; on April 21, 2016; and June 18, 2016); that criminal charges filed against you in Indictment No. 13-CR-002669 were dismissed; and that you both wrote letters and filed civil lawsuits against Metro government and individual police officers (Case Nos. 3:13-CV-536 and 3:12-CV-595). However, all of these situations were either already asserted or are cumulative to the assertions previously made on your behalf by Mr. Mejia in his Motion to Dismiss Indictment (Document Number 94) and were ruled on by Judge Hale in his Order of October 26, 2018 (Document Number 114). The reasons that Judge Hale gave for denying the motion to dismiss because of "vindictive prosecution" and "selective prosecution" are found on page ID Numbers 751 to 753 in that order.

Closely related to claims of "vindictive prosecution" and "selective prosecution" is the claim of "racially selective <u>law enforcement</u>" which is based on the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. This is the claim that wasn't asserted for you by your previous lawyers and is the reason for the filing of the Motion for Issuance of a Subpoena for the Production of Documents and Data from the LMPD. A copy of this Motion is enclosed in this correspondence. The Motion is designed to produce statistics from LMPD traffic stops from the last 7 years that may show that African-American drivers are subjected to vehicle stops and intrusive searches moreso than Caucasian drivers and these traffic stops were conducted with a discriminatory intent.

November 18, 2019
Mr. Cherosco Brewer
Page 2

Also in your letter you wrote about the fact that your previous lawyers did not obtain a dismissal of your state court indictment (No. 16-CR-00008) by filing a motion to suppress the traffic stops. However, the lawyers did file a motion to suppress (on November 22, 2016, according to CourtNet) and even though it was apparently scheduled for February 28, 2017, you were indicted by the Federal Grand Jury on March 7, 2017. In my opinion, the fact that the state court did not receive testimony or rule in your favor before your case was presented to the Grand Jury by the U. S. Attorney's Office would not be a ground upon which an ineffective assistance of counsel claim would succeed.

I may have told you before that the question of whether your ineffective assistance of counsel claim can be supported by additional sworn testimony in an evidentiary hearing will ultimately be decided by Judge Hale. I have raised the issue of selective law enforcement and requested the production of documents that would merit a hearing, in my opinion.

I hope the information in this correspondence is helpful in explaining to you how I'm preparing one of the challenges to the previous finding of guilt. We'll have an opportunity to speak in detail about the information in this correspondence.

Sincerely,

*[signature]*

Larry D. Simon

Enclosure
FhwBrewer 112019