Exhibit 24

AFFidavit 3.

COMMONWEALTH OF KENTUCKY

COUNTY OF JEFFERSON

### AFFIDAVIT OF YVETTE K. ALLEN

I, Yvette K. Allen, attest to the fact that my address is 8837 Lakecrest Way, Union City, Georgia, 30291 and has been since December 20, 2020. I attest to the fact that everything in this affidavit is true and correct to the best of my knowledge and recollection. I attest to the fact that I have been known Cherosco Brewer since 2001. This Affidavit is to acknowledge that David Mejia, Attorney at Law, did represent Cherosco Brewer and did not provide adequate counsel. Attorney Mejia was ill during the critical time of Mr. Brewer's case and did not properly prepare me as a witness. During several office visits Attorney Mejia was nodding in and out of sleep in the middle of conversations, as if he was under the influence of an unknown substance. Also, during Mr. Brewer's trial Attorney Mejia was unprepared with case law.

Yvette Allen   11/3/2022
(502)310-8873

*Exhibit (24.) Attachments*

May 17, 2019

Ms. Robin S. Taber, Legal Assistant
David Mejia Attorney at Law
624 West Main Street, 4th Floor
Louisville, Kentucky 40202

      RE:    UNITED STATES vs CHEROSCO BREWER
              CRIMINAL ACTION NO.: 3:17-cr-37-DJH

Dear Ms. Taber:

    This letter is a follow-up to your email, and our conversation, of May 16, 2019.

    Our conversation was regarding the video and story that was recorded, written and posted on twitter and You-tube. The video that was filmed showed that whomever was filming was in the back of the courtroom and you could see Mr. Cherosco Brewer, the prosecutors, the judge, jury, and attorneys. Part of the recording was made sometime during the testimony of one of the officers showing evidence and during the testimony of one of the witnesses for the defense side. The other part of the video was depicting the last day of trial with closing arguments. During the testimony the officer stated that Mr. Brewer had prior convictions, which was not already known to the jury and he spoke about prior charges. During the testimony of the witness for the defense the prosecutor spoke about Mr. Brewer's habits and prior convictions as well. The video recording was approximately 7-10 minutes. The video was posted on or about January 8, 2019 and the article was posted on January 12, 2019 on one site and on January 10, 2019 on the other site.

    The story posted gave detail as to the charges and time to be given to Mr. Brewer. The story also had a title of "We Got Him For Good". I have sent to you a copy of the posted story and a copy of the URL for said video. The video has since been removed and I have no way of retrieving same.

    I feel that the video and article interfered with the trial because it gave the jury information that they were not previously aware of, which let them make a pre-conceived notion about Mr. Brewer before the jury deliberated. There is also an issue, which was brought to Mr. Mejia's attention some time ago, in which I advised that there was a juror that Mr. Brewer knew, to which no action was taken.

Please advise as to any further information you need or require regarding these issues.

Sincerely,

Yvette Allen

YA/

11/09/2022

Exhibit (24.) Attachment

Good morning Ms. Robin,
First let me say thanks for all of your assistance. Second let me say the YouTube video that we spoke of was in fact a video from inside the courtroom during the trial. It has since been removed. I have, again, attached a copy of the link that the video was on. Whom ever was video recording was inside the courtroom. You and I know full well that only court workers and police are allowed their phones in the courtroom. I have been in contact today with YouTube to see if we can determine who posted the video, as it is evidence.

Exhibit (24) Attachment

**From:** ████████
**Sent:** Thursday, May 16, 2019 1:06 PM
**To:** yvette allen
**Cc:** ████████
**Subject:** RE: Cherosco Brewer - 3:17-cr-37-DJH

Yvette:

*This email is in follow-up to my voice message of today left at approximately 12:40 p.m.*

Thank you for your kind words. It is my experience, with clients, families and court visitors, that cell phones and devices are not taken away. It is requested that no court proceeding is filmed or recorded, but (for example) text messages are commonly sent during court proceedings as well as internet searches. Mr. Mejia promised Cherosco he would bring this up to the Court but he needs the following information:

WHAT is filmed?
WHEN was it filmed ... and WHEN was it posted?
HOW LONG was the recording?
WHO is depicted in the YouTube video?
WHAT is said or done in the video?
Finally, in what manner, shape or form did the video interfere with the trial?

We have 9 days from today to acquire all the above information. Please provide Mr. Mejia any and all of the information that was requested above at your very earliest opportunity.

-Robin S. Tabler

_____

Robin S. Tabler
*Legal Assistant to David S. Mejia*
624 West Main Street – 4th Floor
Louisville, KY 40202
(502) 584-8991 – telephone
(502) 583-6977 – facsimile
████████

**CONFIDENTIALITY NOTICE:** This electronic communication and any attachment thereto is confidential in nature and may be subject to attorney-client privilege. If you are not an intended recipient of this email communication, please notify the sender immediately via reply email and/or by telephone at (502) 584-8991 and delete any and all message(s) and/or attachment(s) received in error. Thank you.

_____

**From:** yvette allen ████████
**Sent:** Thursday, May 16, 2019 11:42 AM
**To:** ████████
**Subject:** Re: Cherosco Brewer - 3:17-cr-37-DJH

1